IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-538-SLR |
| | ) |
| TETRA TECH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this \_\_ day of April, 2007, having screened the amended complaint pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the claims against defendants The Corporation Trust Company and Robert Phillips are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Jourdean Lorah filed this employment discrimination case pursuant to Title VII. She appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff filed her original complaint on August 31, 2006. (D.I. 2) The complaint alleges that plaintiff was employed by Tetra Tech Inc. and that her employer discriminated against her by way of age, gender and disability. Id. at ¶ 10. In the caption of the amended complaint The Corporation Trust Company ("Corporation Trust") and Robert Phillips ("Phillips") are added as defendants. (D.I. 17)

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B)

provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Other than being named in the caption of the amended complaint, there is no mention of Corporation Trust or Phillips in the body of the amended complaint. The general rule of pleading is that the document contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(1). Here, the amended complaint lacks sufficient allegations to enable either Corporation Trust or Phillips to file a responsive pleading to the amended complaint. Accordingly, plaintiff's claims against them fail under Title VII, and they are dismissed from the case.

5. Plaintiff previously sought, and was denied, appointed counsel. (D.I. 3, 6) She moves for reconsideration of the order. (D.I. 9) The "decision to appoint counsel

2

may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

6. In the present case, plaintiff has shown that she is able to articulate the alleged facts. To date, her filings evidence her ability to understand and implement the Federal Rules of Civil Procedure. Also, this case is in its early stages and discovery has not yet commenced. At this juncture, it does not appear that appointed counsel is warranted. Accordingly, the motion for reconsideration is denied.

3

7. **Conclusion.** Based upon the foregoing analysis, the claims against defendants The Corporation Trust Company and Robert Phillips are dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for reconsideration of appointed counsel (D.I. 9) is denied.

                                                                                                             _/s/_____
                                                                                                            UNITED STATES DISTRICT JUDGE