UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JORDEAN LORAH<br><br>            Plaintiff,<br><br>   v.<br><br>TETRA TECH, INC.<br><br>            Defendant. | Civil Action No. 06-00538-SLR |

**DEFENDANT TETRA TECH, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Of Counsel:
Sara A. Begley
Shannon Elise McClure
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100

David E. Wilks (DE Bar ID No. 2793)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendant
Tetra Tech, Inc.*

Dated: February 12, 2008

## TABLE OF CONTENTS

**NATURE AND STAGE OF THE PROCEEDINGS** ...................................................................1

**INTRODUCTION**..........................................................................................................................1

**ARGUMENT**.................................................................................................................................2

    A.    Plaintiff Was Not Employed By Tetra Tech. ............................................................2

    B.    Plaintiff Has Failed to Plead the Essential Elements
          Of Any Viable Claim Against Tetra Tech. ...............................................................3

**CONCLUSION** .............................................................................................................................4

## TABLE OF AUTHORITIES

*Cimino v. Borough of Dunmore,*
    No. 3:02CV1137, 2005 WL 3488419 (M.D. Pa. Dec. 21, 2005) ........................................ 2

*Denton v. Hernandez,* 504 U.S. 25 (1992) ........................................................................... 3

*Faretta v. California,* 422 U.S. 806 (1975) .......................................................................... 3

*Kost v. Kozakiewicz,* 1 F.3d 176 (3d Cir. 1993) ................................................................... 3

*Neitzke v. Williams,* 490 U.S. 319 (1989) ............................................................................ 3

*Thompson v. Target Stores,* 501 F. Supp. 2d 601 (D. Del. 2007) ........................................ 3

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Jordean Lorah initiated this action against Defendant Tetra Tech, Inc. by making a filing on March 13, 2007, which the Court has treated as Plaintiff's Amended Complaint. Defendant Tetra Tech, Inc. filed a timely Motion to Dismiss Plaintiff's Amended Complaint on April 2, 2007 (D.I. 21). Following the entry of a *sua sponte* extension of time for Plaintiff to file her answering brief in response to the motion to dismiss, Plaintiff sought and obtained a further extension of time. Plaintiff filed her response to the motion to dismiss on February 5, 2008 (D.I. 30). This is Defendant's Reply Brief in Support of the Motion to Dismiss.

## INTRODUCTION

Defendant Tetra Tech, Inc. ("Tetra Tech") has moved to dismiss Plaintiff's Amended Complaint, because Plaintiff Jordean Lorah ("Lorah" or "Plaintiff") has failed to state any cognizable claim upon which relief may be granted. Plaintiff's Amended Complaint should be dismissed for several reasons:

(1)   Plaintiff admits in her Amended Complaint that she was not an employee of Tetra Tech, but was employed by a temporary staffing agency, Synerfac.

(2)   Other than one reference to "Title VII Discrimination," Plaintiff's *pro se* Amended Complaint fails to articulate what claims she seeks to bring, leaving Tetra Tech to speculate as to Plaintiff's claims.

(3)   Because Lorah has not articulated any cognizable claim against Tetra Tech, her Amended Complaint should be dismissed in its entirety, irrespective of her *pro se* status.

## ARGUMENT

Though the Amended Complaint contains much information, it does not clearly and plainly articulate a cause of action against Tetra Tech. What can be discerned is that Plaintiff seeks to assert an employment-related claim. Since the Amended Complaint and Plaintiff's answering brief in opposition to Tetra Tech's motion to dismiss do not establish the elements of any cognizable cause of action, Tetra Tech respectfully submits that dismissal is appropriate.

### A.   Plaintiff Was Not Employed By Tetra Tech.

One overarching, ultimate and conclusive fact remains true: Plaintiff was not employed by Tetra Tech. Though the Amended Complaint appears to assert employment claims against Tetra Tech, the Amended Complaint repeatedly asserts that Synerfac, not Tetra Tech, was her employer. Plaintiff has not only failed to establish the requisite employment relationship, but

has conclusively denied that one existed.

The facts as Plaintiff alleges them amply establish that she was never in Tetra Tech's employ and Plaintiff has not cured that failing in her answering brief. Compensation is an "essential condition" to the existence of any employment relationship. *Cimino v. Borough of Dunmore*, No. 3:02CV1137, 2005 WL 3488419, at *6 (M.D. Pa. Dec. 21, 2005) (attached as Exhibit 5 to Tetra Tech's motion to dismiss). Plaintiff's Amended Complaint demonstrates a complete absence of any compensation paid to Plaintiff by Tetra Tech. Motion at 6-8. Moreover, Plaintiff does not set forth any of the requisite facts required to demonstrate an employment relationship under the control test. Motion at 7-8. Tetra Tech cannot, as a matter of law, conceivably be liable to Plaintiff for any employment discrimination claim and Tetra Tech respectfully submits that the entire Amended Complaint should be dismissed.

**B.     Plaintiff Has Failed to Plead the Essential Elements of Any Viable Claim Against Tetra Tech.**

While Plaintiff's admission that she was not employed by Tetra Tech is fatal to any claim arising out of an employment relationship, the Amended Complaint also fails to establish any other elements of a cause of action against Tetra Tech sounding in discrimination. For example Plaintiff has not alleged that she was qualified to perform the essential functions of her job, a core element of all employment discrimination claims. Motion at 9-13. The mere fact that Plaintiff worked with colleagues who were younger than she and were male is insufficient to state a claim under the Age Discrimination in Employment Act or Title VII. Motion at 9-10, 11-12. With respect to any claim under the Americans With Disabilities Act, Plaintiff's Amended Complaint admits that she did not have any disability. Motion at 10-11. Finally, Plaintiff has made no attempt to demonstrate a causal link between any protected activity and an adverse employment action, as required to sustain a retaliation claim. Motion at 12-13. In short, no

viable cause of action may be discerned in the Amended Complaint or in Plaintiff's response to Tetra Tech's motion to dismiss.

In pursuing this motion, Tetra Tech is mindful that Plaintiff is not represented by counsel. That fact, however, does not relieve Plaintiff of this Court's pleading requirements. While *pro se* litigants are entitled to some leniency, Plaintiff's *pro se* status is not "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). "The Third Circuit has consistently abided by the Supreme Court's guidance on this matter, dismissing *pro se* complaints when the plaintiff has failed to abide by the Federal Rules." *Thompson v. Target Stores,* 501 F. Supp. 2d 601, 603-04 (D. Del. 2007) (collecting cases). Under Federal Rule of Civil Procedure 8, complaints must plead each of the elements for each cause of action. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).

A court need not credit Plaintiff's "fanciful allegations." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). A finding of factual frivolousness is appropriate when the facts alleged "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 26; *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (factually frivolous allegations include "claims describing fantastic or delusional scenarios"). Regardless of Plaintiff's *pro se* status, her claims against Tetra Tech do not amount to a viable cause of action. Accordingly, Tetra Tech respectfully requests that the Court enter an order dismissing this matter with prejudice.

## CONCLUSION

As Plaintiff has failed to state a cause of action upon which relief can be granted, Tetra Tech respectfully requests that this court grant the Motion to Dismiss and dismiss the Amended Complaint with prejudice.

Respectfully submitted,

Of Counsel:
Sara A. Begley
Shannon Elise McClure
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100

Dated: February 12, 2008

By: /s/ David Wilks
David Wilks (DE Bar ID No. 2793)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

Attorneys for Defendant,
Tetra Tech, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of Defendant Tetra Tech, Inc.'s Reply Brief in Support of the Motion to Dismiss was served upon the following parties via United States, first class mail, postage prepaid, this 12th day of February, 2008:

        Jordean Lorah
        114 Walls Ave.
        Wilmington, DE 19805

_____
David Wilks