UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JORDEAN LORAH

        Plaintiff,

    v.                                                                    : Civil Action No. 06-cv-00538

TETRA TECH, INC.

        Defendant.

## DEFENDANT TETRA TECH, INC.'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Tetra Tech, Inc. ("Tetra Tech" or "Defendant"), by and through its undersigned counsel, hereby answers the Amended Complaint of Plaintiff Jordean Lorah ("Plaintiff") as follows:

The introductory paragraph of Plaintiff's Amended Complaint (captioned as "Motion Concerning the Discrimination Under Title VII") contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, after reasonable investigation Defendant is without sufficient information to admit or deny them, and they are therefore denied.

    1.    Admitted in part, denied in part. John Traynor ("Traynor"), a Tetra Tech employee, interviewed Plaintiff in March 2005, at the Tetra Tech offices located at 56 West Main Street, Christiana, DE 19702. Plaintiff was hired through Synerfac Technical Staffing ("Synerfac") a temporary staffing agency located, upon information and belief, at 2 Read's Way, New Castle DE 19720. It is denied that Traynor asked Plaintiff if she

had a "disability" at any time. After reasonable investigation, Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, and they are therefore denied.

2.  Admitted in part, denied in part. It is admitted that Plaintiff was assigned by Synerfac to Tetra Tech on March 22, 2005. It is admitted that a younger female, Erin Moran, was hired in approximately March 2005, but it is denied that Moran's job duties were similar to those of Plaintiff. Moran was hired as a Civil Engineer L-1, and Plaintiff was hired as a Survey Assistant. After reasonable investigation, Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, and they are therefore denied.

3.  Admitted in part, denied in part. It is admitted that Moran received different training than Plaintiff because Moran's job responsibilities were different from Plaintiff's. It is denied that Defendant was aware of Plaintiff's age and it is also denied that Defendant made any employment decisions on the basis of age at any time. After reasonable investigation, Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, and they are therefore denied.

4.  Denied. After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph, and they are therefore denied.

5.  Denied. After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph, and they are therefore denied.

6.  Denied. After reasonable investigation, Defendant is without sufficient

information to admit or deny the allegations of this paragraph, and they are therefore denied.

7. Denied. After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph, and they are therefore denied.

8. Admitted in part, denied in part. It is admitted that on June 14, 2005, Defendant advised Synerfac that it no longer required Plaintiff's services. It is admitted that Plaintiff filed a charge with the EEOC for retaliation and discrimination under Title VII. It is denied that Traynor asked Plaintiff to get up from her desk for a younger male who had been hired. It is denied that Defendant's decision to advise Synerfac that Plaintiff's services were no longer needed was in any way related to discrimination, and it is denied that Defendant's decision was in retaliation for any of Plaintiff's alleged complaints. After reasonable investigation, Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, and they are therefore denied.

9. Admitted in part, denied in part. It is admitted that the EEOC issued a letter to Plaintiff stating that Defendant was not Plaintiff's employer. After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph, and they are therefore denied.

10. Denied. This paragraph contains conclusions of law to which no response is required. It is denied that Defendant was aware of any disability Plaintiff may have had at any time. To the extent this paragraph contains any additional factual allegations, after reasonable investigation Defendant is without sufficient information to admit or

deny them, and they are therefore denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state any claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims against Defendant are barred by the applicable statutes of limitations, and the doctrines of laches, waiver, estoppel, and/or other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Any actions taken by Defendant with respect to Plaintiff were based solely on legitimate, non-discriminatory, non-retaliatory reasons, and Defendant at all times acted, and responded to allegations, in appropriate fashion. Accordingly, Plaintiff is barred from recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or part, as Plaintiff has failed to exhaust and/or utilize internal and/or administrative remedies and procedures.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged damages are barred or limited by Plaintiff's own actions, or those of third parties over whom Defendant had no control or right of control.

### SIXTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims are barred by Defendant's good faith efforts to prevent discrimination in the workforce.

### SEVENTH AFFIRMATIVE DEFENSE

Any potential claims of harassment are barred by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998), *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998), and related authority, to the extent that any such alleged treatment did not culminate in any tangible action, because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the existence of an absolute and/or conditional privilege.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to all or some of the damages claimed under the doctrine of after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for any damages including punitive damages on Plaintiff's claims.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injury, which Defendant denies, the injuries are not due to any act of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims based on conduct or actions allegedly occurring more than 300 days before the filing with the Equal Employment Opportunity

Commission ("EEOC") of any charge relating thereto are barred as untimely.

### THIRTEENTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims based on conduct or actions allegedly occurring more than 180 days before the filing with the Delaware Department of Labor of any charge relating thereto are barred as untimely.

### FOURTEENTH AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint are barred to the extent that they purport to encompass matters not within the scope of the charges filed by Plaintiff with the Delaware Department of Labor or EEOC.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any claims for punitive damages are barred by *Kolstad v. American Denial Ass'n*, 527 U.S. 526 (1999), because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights, in that any allegedly discriminatory employment decisions of Defendant's agents, if any occurred, were contrary to Defendant's good-faith efforts to comply with Title VII, the ADEA, and all other applicable laws.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate any alleged damages, any damages awarded to Plaintiff should be reduced accordingly.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant violated no contractual or other legal duty with respect to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for retaliation are barred to the extent that Plaintiff did not engage in protected conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant was not Plaintiff's employer.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant has a policy against discrimination and harassment that provides employees a mechanism for reporting same. Plaintiff failed to take advantage of such policies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant promptly responds to any claims of harassment and discrimination and takes necessary steps to stop and prevent same.

WHEREFORE, Defendant requests that judgment be entered in favor of Defendant and against Plaintiff with respect to each count remaining of the Amended Complaint and that the Amended Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded its reasonable costs, expenses and attorney's fees, and such other relief as the Court may deem just and proper.

Respectfully submitted,

Of Counsel:
Sara A. Begley
Shannon Elise McClure
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100

Dated: April 14, 2008

By: /s/ Katharine V. Jackson
David Wilks (ID No. 2793)
Katharine V. Jackson (ID No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendant,
Tetra Tech, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of Defendant's Answer to Plaintiff's Amended Complaint was served upon the following parties via United States, first class mail, postage prepaid, this 14th day of April, 2008:

Jordean Lorah
114 Walls Ave.
Wilmington, DE 19805

/s/ Katharine V. Jackson
Katharine V. Jackson (I.D. No. 4800)