**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| JOURDEAN LORAH | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : Civil Action No. 06-00538-SLR |
|  | : |
| TETRA TECH, INC. | : |
|  | : |
| Defendant. | : |

**EXHIBIT TO LETTER (D.I. NO. 53)**

Dated: June 27, 2008

By: /s/ Katharine V. Jackson
Katharine V. Jackson (No. 4800)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Phone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kjackson@reedsmith.com

Attorneys for Defendant Tetra Tech, Inc.

6/27/08 12:00 PM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOURDEAN LORAH,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civ. No. 06-538-SLR
                                   )
TETRA TECH INC.,                   )
                                   )
            Defendant.             )

---

Jourdean Lorah, Wilmington, Delaware, pro se Plaintiff.

David E. Wilks, Esquire, Reed Smith LLP.  Counsel for Defendant Tetra Tech Inc.

---

**MEMORANDUM OPINION**

Dated: March ·31 , 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On August 31, 2006, Jourdean Lorah ("plaintiff"), proceeding pro se, filed suit against Tetra Tech Inc. ("defendant") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. (D.I. 2, 17)  Presently before the court is defendant's motion to dismiss, plaintiff's response thereto, and plaintiff's motion for hearing. (D.I. 21, 22, 30, 31, 32, 33)  For the reasons set forth below, the court will grant in part and deny in part the motion to dismiss and will deny the motion for hearing. (D.I. 21, 31)

## II. BACKGROUND

Although at issue is defendant's motion to dismiss, plaintiff has submitted documents from which the following facts are evinced:[1]

In 2005, plaintiff was taking courses in architectural engineering at Delaware Technical & Community College in Newark, Delaware. (D.I. 17)  In March 2005, plaintiff executed an "Employment Agreement" ("the Agreement") with Synerfac Technical Staffing, New Castle, Delaware ("Synerfac").  The Agreement begins by welcoming plaintiff

as the newest member of the Synerfac Team.  We enjoy and maintain

---

[1]When considering a rule 12(b)(6) motion, the court accepts as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to plaintiff.  U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (citation omitted).  Although a district court may not consider matters extraneous to the pleadings, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

> an excellent reputation with both Clients and Employees, and recognize
> this reputation is acquired only through the talent and effort you bring to
> your new position. We trust that you will help us to enhance this reputation
> and that your association with us will be professionally and financially
> rewarding.

(Id.)

The Agreement required plaintiff to submit her Synerfac time sheets to the local

Synerfac office in order to collect her wages. Aside from wages, Synerfac also offered

plaintiff participation in the Synerfac Group Insurance Program, which included the

Aetna HMO (Super Value Plus) Plan, the Aetna Quality Point of Service Plan, and the

MetLife Dental Plan. Finally, the Agreement included plaintiff's "Assignment

Information," with defendant Tetra Tech Inc. noted as the "Client." Plaintiff was to start

work with defendant on March 22, 2005; she was to report to John Traynor and was

going to be paid $14.00 an hour, with an hourly wage of $21.00 after forty (40) hours

worked in any one (1) week. (Id.) The record includes the following documents related

to the wages paid for the hours plaintiff worked at Tetra Tech: Tax returns listing

Synerfac, Inc. as the employer; Synerfac time sheets reflecting the hours worked for

Tetra Tech as "client"; and Tetra Tech "survey work logs" completed by plaintiff,

describing her work tasks.

Plaintiff started work for defendant on March 22, 2005. According to papers

submitted by plaintiff in connection with the pending motion practice, she asserts that

she had

> an agreement with my supervisor at Tetra Tech, Inc. in
> Christiana, Delaware, to be hired as a survey assistant as well as
> an administrative assist[ant]. I was also told that I would receive
> six months of training before a decision or a review concerning
> a position as an employee of Tetra Tech. During my contract

2

w[ith] Tetra Tech (through Synerfac), I was demoted from a survey assist[ant]. When I began the contract I had a computer and a desk. Then I was asked to share a work station because a male employee who was younger than me needed my desk. Several employees knew that I was older. The younger employees who were hired after me received a desk and training. I was also referred [to] as Jordan Lorah who is a nineteen y[ear] old man. I corrected my colleagues, but they continued to harass me and lower my dignity. Various colleagues referred to me as someone who was ill w[ith] a contagious illness. This was untrue. My supervisor was aware of the right to sue letter that I had received. He also know that I was not represented by an attorney.

(Id.)

On or around June 6, 2005, plaintiff went to Synerfac with her complaint of harassment. On June 14, 2005, plaintiff's contract was terminated. On June 20, 2005, plaintiff filed a complaint of retaliation with the EEOC, charging Synerfac and defendant with retaliation based upon the above allegations. On October 25, 2005, plaintiff filed a charge of discrimination with the Delaware Department of Labor against defendant, asserting that on June 14, 2005 she was subjected to retaliation, as well as discrimination based on sex, age and disability, giving the following as supporting "particulars:"

I. I was an employee of Synerfac, an employment agency, and was contracted to work at Tetra-Tech, Inc. (the "Respondent") beginning in or about March 2005. After I began my employment, I never received the on-the-job training that was promised. Younger employees received this training including a younger female who was hired by Respondent. On or about June 14, 2005, Respondent had my employer terminate my contract. I was replaced by a younger male.

II. I believe that I have been discriminated against because of my age, 46, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and/or because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and/or because of my disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). During my interview, a Respondent supervisor asked me if I had a disability.

3

> After I began working as a contract employee at Tetra-Tech, my supervisor asked me if I had any children and if I had ever been married.

(Id.)

Plaintiff received her right to sue letter in June 2006. Plaintiff timely filed the instant lawsuit.

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, –F.3d–, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout

4

some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Defendant argues that dismissal is appropriate because plaintiff was not its employee, she fails to articulate what claims she seeks to bring, and she fails to articulate any cognizable claims.

## IV. DISCUSSION

### A. Employer

Title VII and the ADA regulate the relationship between employers and employees. As a result, in Title VII and ADA cases, the relevant question is whether defendant was plaintiff's employer under the statute. If defendant was an employer, as defined by the statute, it may be sued under Title VII or the ADA. Doe v. William Shapiro, Esq. P.C., 852 F. Supp. 1246, 1253 (E.D. Pa. 1994). Title VII authorizes a cause of action only against employers, employment agencies, labor organizations, and training programs, see 42 U.S.C. § 2000e-2, just as the ADA similarly covers only

5

SYN-D-0006

employers, employment agencies, and labor organizations, see 42 U.S.C. § 12111(2).

When a statute containing the term "employee" does not define the term, or defines it in a completely circular fashion, the court should apply the common law definition. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-24 (1992).[2] In Darden, the Supreme Court set forth relevant factors to determine whether a hired party is an employee under the general common law of agency and considers the hiring party's right to control the manner and means by which the product is accomplished using the following factors: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. Darden, 503 U.S. at 323-24 (citing Community for Creative Non-Violence v. Reid, 490 U.S. 730, 740 (1989)).

Regarding the issue of plaintiff's employer, the court does not determine whether plaintiff is technically an employee of defendant, but instead must discern "the level of control an organization asserts over an individual's access to employment and the

---

[2]Darden applies to Title VII cases. See Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 11 (1st Cir. 2004) (applying the Darden rationale to Title VII because Title VII and ERISA contain the same definition of "employee").

6

SYN-D-0007

organization's power to deny such access." <u>Graves v. Lowery</u>, 117 F.3d 723, 728 (3d

Cir. 1997) (citing <u>Sibley Mem'l Hosp. v. Wilson</u>, 488 F.2d 1338, 1342 (D.C. Cir. 1973)).

"[T]he precise contours of an employment relationship can only be established by a

careful factual inquiry." <u>Id.</u> at 729 (citation omitted).

It is evident from the record that plaintiff entered into an "Employment

Agreement" with Synerfac, that Synerfac paid plaintiff both her wages and benefits, and

that Synerfac was characterized as plaintiff's employer for federal income tax purposes.

Under the case law, however, it is possible for both Synerfac and defendant to be

"employers" and the record is insufficiently developed to determine if defendant

exercised sufficient control over plaintiff's work, as in supervising her and monitoring her

performance, to qualify as an employer. <u>See Nationwide Mut. Ins. Co. v. Darden</u>, 503

U.S. 318, 322-24 (1992); <u>Graves v. Lowery</u>, 117 F.3d 723, 728 (3d Cir.1997); <u>Williams</u>

<u>v. Caruso</u>, 966 F. Supp. 287 (D. Del. 1997); <u>Cameron v. Infoconsulting Int'l, LLC</u>, No.

04-4365, 2006 WL 1450842 (E.D. Pa. 2006); <u>Cimino v. Borough of Dunmore</u>, No. 02-

1137, 2005 WL 3488419, at *8 (M.D. Pa. 2005); <u>Rodriguez v. Lauren</u>, 77 F. Supp. 2d

643, 647-48 (E.D. Pa. 1996).  Therefore, the court cannot dismiss the complaint on this

basis at this time.

**B. Age Discrimination**

Defendant moves for dismissal of plaintiff's age discrimination claim on the basis

that she has failed to plead that she was discriminated against in any way "because of"

her age.  To state a claim for age discrimination under the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621 <u>et seq.</u>, plaintiff must allege that (1) she is

over forty; (2) she is qualified for the position in question; (3) she suffered from an

7

SYN-D-0008

adverse employment decision; and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004). Construing the allegations in the most favorable light, and assuming for the purposes of this motion that defendant employed plaintiff, the court finds that plaintiff satisfies these requirements. Plaintiff's charge of discrimination attached to her complaint alleges, among other things, that she was over 40, that she was promised on-the-job training and she did not receive it while younger employees hired after her did, and that she was discharged and replaced by a younger man. Plaintiff, therefore, has stated an ADEA claim that survives dismissal under Rule 12(b)(6).

## C. Disability Discrimination

Defendant moves for dismissal of the ADA claim on the bases that plaintiff has not pled that she is a disabled person within the meaning of the ADA, that she alleges she is physically fit and that, despite the fact that she responded affirmatively to an interview question about whether she had any disabilities, she was "successfully placed" with defendant. Plaintiff's disability discrimination claims appears to rest upon her allegation that when Traynor interviewed her, he asked if she had a disability. Plaintiff alleges that "you are not allowed to ask if one has a disability upon seeking employment." (D.I. 17)

In order to state a claim under the ADA, a plaintiff must first establish that he or she "(1) has a 'disability'; (2) is a 'qualified individual'; and (3) has suffered an adverse employment decision because of that disability." Tice v. Centre Area Transp. Auth., 247 F.3d 506, 512 (3d Cir. 2001) (citation omitted). Plaintiff fails to state a claim under the

8

ADA. While she alleges that she has asthma, she also alleges that she is physically and mentally fit. Notably, she does not allege that she suffered an adverse employment decision due to her disability. Indeed, she alleges that she was hired despite informing defendant that she suffered from asthma. Accordingly, the court will grant the motion to dismiss the ADA claim.

### D. Gender Discrimination

Defendant moves for dismissal of plaintiff's gender discrimination claim arguing that she failed to explain or reference her job title, duties or qualifications and that her allegation that males were hired before and after her placement with defendant is not tantamount to discrimination. Defendant also argues that there are no allegations it took adverse action against plaintiff under circumstances giving rise to an inference of discrimination.

In order to state a gender discrimination claim under Title VII, plaintiff must allege that she: (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999)).

Assuming for the purposes of this motion that defendant employed plaintiff, the court finds that plaintiff has not adequately alleged a Title VII gender discrimination claim. Throughout her papers, plaintiff complains about the disparate treatment she

9

SYN-D-0010

received vis a vis a younger female, Erin Moran. Plaintiff cannot complain, on the one hand, about female colleagues being treated better than she was and, on the other hand, complain that she was not treated well because she was female. Therefore, the court will grant the motion to dismiss based upon the gender discrimination issue.

### E. Retaliation

Defendant moves for dismissal of plaintiff's retaliation claim on the basis that there are no allegations of causation. Plaintiff did not respond to this portion of defendant's motion to dismiss.

To state a claim for retaliation under Title VII, plaintiff must allege that: (1) she engaged in a protected activity; (2) she subsequently suffered an adverse employment action; and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action. Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006). It is unclear if plaintiff's complaints about harassment could be construed as such since the harassment is not described. Nonetheless, liberally construing the allegations, plaintiff's complaints to Synerfac that she was required to give up her desk for her male co-worker could be construed as protected activity. Additionally, her dismissal three months prior to the end of her six month contract constitutes an adverse employment action. Defendant, however, argues that plaintiff has failed to link the early termination of her contract to her meeting with a Synerfac employee who was not defendant's employee.

When examining the issue of causation, courts have tended to focus on two factors: (i) the temporal proximity between the protected activity and the alleged discrimination, and (ii) the existence of a pattern of antagonism in the intervening

SYN-D-0011

period.  See Jensen v. Potter, 435 F.3d 444, 450 (3d Cir. 2006).  Timing alone raises

the requisite inference of causation when it is "unusually suggestive" of retaliatory

motive.  Id.  To be "unusually suggestive" of retaliatory motive, the temporal proximity

must be immediate.  Compare Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)

(finding the requisite causal link when the adverse employment action occurred two

days after the protected activity) with Williams v. Philadelphia Hous. Auth. Police Dep't,

380 F.3d 751, 760-61 (3d Cir. 2004) (finding a two-month lapse between the protected

activity and the adverse employment action to be insufficient).

 Here, plaintiff alleges that she was terminated eight days[3] after she complained

to Synerfac that she was required to give up her desk for a younger male and that she

was being harassed.  Given the temporal proximity from the date plaintiff complained

until the date her contract was terminated and, assuming for the purposes of this motion

that defendant employed plaintiff, the court finds that plaintiff adequately alleges

causation to support a Title VII retaliation claim.  Therefore, the court will deny the

motion to dismiss based upon the retaliation issue.

## V.  CONCLUSION

 Based upon the foregoing analysis, the court will grant in part and deny in part

defendant's motion to dismiss.  The court will deny plaintiff's motion for hearing.  An

appropriate order will issue.

---

 [3]Plaintiff complained on June 6, 2005, and eight days later, on June 14, 2005, her
contract was terminated.  Defendant incorrectly argues that plaintiff was terminated ten
days after she made her complaint.

SYN-D-0012

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOURDEAN LORAH,                           )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  ) Civ. No. 06-538-SLR
                                          )
TETRA TECH INC.,                          )
                                          )
            Defendant.                    )

**ORDER**

At Wilmington this $3^{1st}$ day of March, 2008, for the reasons set forth in the memorandum opinion issued this date;

IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is **granted** as to the Americans with Disabilities Act claim and the claim of discrimination based on gender, but denied in all other respects. (D. I. 21)

2. Plaintiff's motion for hearing is **denied**. (D.I. 31)

IT IS FURTHER ORDERED that the following schedule shall be followed in connection with this case:

1. Discovery shall be completed **on or before June 30, 2008.** Because the issue of employment is central to plaintiff's claims and because plaintiff is proceeding pro se, the court will require defendant, **on or before April 16, 2008**, to submit to the court, with copies to plaintiff, all documents in its possession or control that relate to plaintiff's work at Tetra Tech from March 16, 2005 through June 14, 2005, including all documents to or from Synerfac.

2. All motions for summary judgment, with accompanying briefs, shall be filed **on**

SYN-D-0013

or before July 31, 2008. Responsive briefs shall be filed **on or before September 2,**

**2008.** Reply briefs may be filed **on or before September 16, 2008.**

_____
UNITED STATES DISTRICT JUDGE



SYN-D-0015

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———————

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 20, 2005

VIA UNITED STATES MAIL

George King, Jr.
Supervisory Investigator
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street
Suite 400
Philadelphia, PA 19106

Re:    EEOC Charge No. 170-2006-00048
       Lorah v. Synerfac Technical Staffing

Dear Mr. Harris:

The undersigned has been retained to represent the Respondent, Synerfac

Technical Staffing ("Synerfac"), in connection with the above-referenced Charge of

Discrimination (the "Charge") filed by Jourdean S. Lorah ("Lorah" or "Charging Party"). This is

Synerfac's Position Statement[1] and response to your request for information.[2]

---

[1] This statement of position is based on the undersigned's understanding and investigation of the facts at this time. By submitting this statement of position, Synerfac Technical Staffing, Inc., in no way waives its right to present new, different or additional facts or arguments based on subsequent acquired information or evidence. Further, this statement of position, which is believed to be true and correct in all respects, does not constitute an affidavit and is not to be used as evidence in any proceeding.

[2] All information requested by the EEOC's "Request for Information" is contained within the Position Statement.

DB02:5117889.1                                                                    048001.1008

**SYN-D-0016**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

George King, Jr.
December 20, 2005
Page 2

      The Charge is without merit because Synerfac, a staffing agency, was not Lorah's employer for the purposes of employment discrimination claims. Pursuant to EEOC Notice Number 915.002, Synerfac's relationship with Lorah was limited to an employee "leasing" or "payroll" arrangement.[3] Because Synerfac had no control over Lorah's employment conditions, Synerfac is in no way liable for the actions of the Charging Party's employer, Tetra Tech, Inc., ("TT").[4]

## I. BACKGROUND

### A. The Parties

      Synerfac is a staffing agency with offices in eight states. In addition to its corporate headquarters, Synerfac also maintains a staffing office in the State of Delaware. Synerfac's Delaware staffing office is located at 2 Read's Way, Suite 209, New Castle, Delaware, 19720. Synerfac employs six full-time employees at its New Castle offices and employs approximately two hundred temporary employees who are placed with Synerfac clients throughout the state.

      Synerfac is an employment agency and nearly all of its business involves the placement of temporary employees. Under Synerfac's normal operations, a client contacts Synerfac and requests that a certain position be filled. The client provides Synerfac with information including the nature and type of position to be filled and the background requirements for the potential candidate. Synerfac then recruits the candidate, conducts the

---

[3] Although the EEOC Notice refers to this arrangement as a "leasing" agreement, the industry standard is to refer to it as a "payroll" arrangement. For the purposes of this Position Statement, therefore, the term "payroll arrangement" will be used as an equivalent to the EEOC's "leasing arrangement."

[4] Upon information and belief, Charging Party has also filed a Charge of Discrimination against her employer, Tetra Tech, Inc.

2

          

SYN-D-0017

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 3

information including the nature and type of position to be filled and the background

requirements for the potential candidate. Synerfac then recruits the candidate, conducts the

interview and selects the employee to be submitted to the client for further consideration.

Synerfac places the employee with the client and maintains interaction with the candidate to

ensure that a satisfactory work environment is enjoyed by both the client and the candidate.

   In addition to these temporary employees, occasionally Synerfac serves as an

employee payroll agent. Under this arrangement, Synerfac's client requests that Synerfac put a

certain employee on Synerfac's payroll. Recruitment, interviewing, hiring, and placement is

controlled by the client, not Synerfac. Once hired, the client also controls all conditions and

terms of employment. Synerfac's only involvement in this type of employee payroll

arrangement is through the payroll system. Synerfac issues paychecks in the name of the

employee at the directive of the client. Less than 5% of Synerfac's staffing business involves

employee payrolling.

### B.   The Parties' Contentions

   Lorah filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC") on October 25, 2005. See Exhibit 1. The EEOC sent Synerfac a Notice

of the Charge, dated November 10, 2005.[5] The Charge alleges that Synerfac violated the Age

Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title

VII"), and the Americans with Disabilities Act ("ADA") by denying training and terminating her

employment.

---

[5] Synerfac was granted an extension of time to respond to the Charge until December 26, 2005.

DB02:5117889.1                                                    048001.1008

SYN-D-0018

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 4

Synerfac contends that it was not Lorah's "employer" for purposes of the relevant

employment discrimination laws and, therefore, cannot be held liable for TT's alleged actions.

Instead, Synerfac served as an employee payroll agency and, outside the scope of payroll issues,

had no authority over Lorah's employment.

### C. Factual History

Lorah was a "leased" employee. In March 2005, TT's John J. Traynor called

Synerfac's Gregory Porter about a potential employee TT wished to hire. Mr. Traynor explained

that TT wanted to hire Lorah, but wanted to use Synerfac for payroll purposes. Mr. Traynor

instructed Lorah to forward her resume and application to Mr. Porter, Branch Manager. <u>See</u>

Exhibit 2. Mr. Porter met Lorah briefly on March 15, 2005 but, because she had already been

recruited and interviewed by TT, sent Lorah to meet with Melissa Palese, Recruiting Manager.

Palese met with Lorah to obtain the information necessary to put Lorah on Synerfac's payroll

system.

TT and Synerfac executed a contract wherein both parties agreed that Lorah

would be paid at a designated rate by Synerfac through a signed time card system. <u>See</u> Exhibit 3.

Synerfac, in turn, generated billings based on the signed time cards. <u>See</u> Ex. 3.

Under TT and Synerfac's normal placement arrangement, Mr. Porter is the TT

account manager. TT normally contacts Synerfac through Mr. Porter and requests that a certain

position be filled. Once the candidate has been recruited by Synerfac and accepted by TT, they

are contracted for employment for a six-month period. In this case, however, because Lorah was

not a Synerfac employee, and because Synerfac acted only as a payroll service, Synerfac entered

DB02:5117889.1                                        048001.1008

SYN-D-0019

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 5

into a standard contract with Lorah regarding the payment of wages and benefits during the

period of her employment with TT. See Exhibit 4.

From her initial meeting with Mr. Porter on March 15, 2005 through June 2005,

Synerfac had no contact with Lorah other than for various payroll issues. Then, on June 6, 2005,

Lorah met with Palese to go over concerns she had about her job. Lorah levied various

complaints such as that she did not want to share a workspace, she had not received the same

training as the licensed engineers, and that other employees had either called her names or made

rude comments about her. Palese forwarded the complaints to Susan Brewer, the Human

Resources ("HR") Manager at TT. Palese and Lorah met again on June 14, 2005 at Lorah's

request to discuss the same concerns raised at their previous meeting. Upon information and

belief, TT terminated Lorah on or about June 15, 2005.

**II. SYNERFAC WAS NOT LORAH'S "EMPLOYER" AND, THEREFORE, CANNOT BE HELD LIABLE FOR EMPLOYMENT DISCRIMINATION**

### A. Synerfac Acted as a Payroll Agent, Not as an Employer

EEOC Guidance clearly provides that Synerfac was not Lorah's employer for the

purposes of discrimination liability. See EEOC Notice No. 915.002 (Dec. 3, 1997). The EEOC

explains that a staffing firm, such as Synerfac, is not to be considered an "employer" of workers

that it assigns to a client through an employee payroll arrangement. Id. at 2(a). The Guidance

states:

> In limited circumstances, a staffing firm might not qualify as an
> employer of the workers that it assigns to a client. For example, in
> some circumstances, *a client puts its employees on the staffing
> firm's payroll solely in order to transfer the responsibility of
> administering wages and insurance benefits.* This is often referred
> to as employee leasing. If the firm does not have the right to

5

SYN-D-0020

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 6

> exercise any control over these workers, it would not be considered
> their "employer."

Id. (emphasis supplied). Synerfac's relationship with Lorah meets the EEOC's definition of an

"employee leasing [payroll] agent." Under the arrangement, Synerfac "leased" or "payrolled"

Lorah to her true employer, TT, for the sole purpose of wage payment. As required by the

EEOC's Notice, Synerfac exercised no control over Lorah's employment with TT. Therefore,

pursuant to the EEOC's clear guidance, Synerfac was not Lorah's employer for the purposes of

the federal discrimination statutes.

### B. Synerfac Is Not Lorah's Joint Employer

The concept of "joint employers" involves two legally independent entities who

jointly handle important aspects of the employer-employee relationship. See N.L.R.B. v.

Browning-Ferris Indus., Inc., 691 F.2d 1117, 1122 (3d Cir. 1982). There are certain

circumstances under which a temporary services agency and its client can be considered joint

employers of their temporary employee for purposes of the federal discrimination statutes. See

Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 611 F. Supp. 344 (S.D.N.Y. 1984).

The present case, however, does not satisfy the "economic realities" test enumerated in

Amarnare because Synerfac exercised and had no right to exercise control over the means and

manner of the worker's performance. See id. at 347-348 ("the extent of the employer's right to

control the means and manner of the worker's performance is the most important factor.")

(internal citations omitted).

In the present case, Synerfac processed Lorah's paychecks and made the

necessary income tax withholdings but did not exercise any control over her as an employee. TT

DB02:5117889.1                                                048001.1008

SYN-D-0021

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 7

controlled all terms of Lorah's employment.  TT recruited, interviewed and hired Lorah.  TT set

Lorah's rate of pay, her daily work schedule, her benefits and her job duties and responsibilities.

After Lorah filled out the initial employment forms and forwarded her resume

package, Synerfac took no employment action and exercised no control over Lorah.  Unlike the

temporary employee in Amarnare, Lorah had been leased to TT for the long term and was,

therefore, a permanent employee of TT.  Because Synerfac had no control over Lorah's

employment with TT, no meaningful employment relationship existed between Synerfac and

Lorah.  Therefore, no joint employer relationship existed between Synerfac and TT.  See

Astrowsky v. First Portland Mortgage Corp., Inc., 887 F. Supp. 332 (D. Me. 1995) (holding, on

nearly identical facts, that a leased employee is not an employee for purposes of federal

discrimination laws) aff'd 778 F.2d 157 (2d Cir. 1985).

### C. Synerfac Did Not Exercise Sufficient Control Over Lorah's Employment

As enumerated in the attached affidavit, Synerfac did not have the power to

control Lorah's employment as required for a finding of employer-employee liability.  In

Williams v. Caruso, the United States District Court for the District of Delaware specified a list

of factors used to determine whether a hired party is an employee of a temporary employment

agency.  966 F. Supp. 287, 295 (D. Del. 1997).  In Williams, the court held that whether an

employee, hired by an employment agency, can sue the employee agency, turns on an evaluation

of common law agency principles.  Id. (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318

(1992)).

In accordance with Supreme Court precedent, the determination is based on

whether Synerfac had the right to control the manner and means by which the work to be

SYN-D-0022

YOUNG CONAWAY STARGATT & TAYLOR, LLP
George King, Jr.
December 20, 2005
Page 8

performed by Lorah was accomplished.  Here, Lorah was recruited, interviewed, and hired by

TT.  See Exhibit 4.  TT controlled Lorah's daily work schedule.  See Ex. 5.  TT trained and

supervised Lorah.  See Ex. 5.  Lorah was not accountable on a day-to-day basis to any employee

of Synerfac.  See Ex. 5.  The only control Synerfac could exercise was in issuing paychecks to

Lorah in an amount previously authorized by TT.  See Ex. 5.  Synerfac cannot, therefore, be

considered Lorah's employer for purposes of discrimination liability.

**III.   CONCLUSION**

     For the foregoing reason, Synerfac respectfully requests that Ms. Lorah's Charge be

dismissed.

Sincerely,

Margaret M. DiBianca

mmd:y

cc:   William W. Bowser, Esquire

8

DB02:5117889.1

048001.1008

SYN-D-0023

# Exhibit 1

SYN-D-0024

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr David Cooper<br>Controller<br>SYNERFAC TECHNICAL STAFFING<br>2 Read's Way, Suite 209<br>New Castle, DE 19720 | **Jourdean S. Lorah** |

|  | THIS PERSON *(check one or both)* |
|---|---|
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**170-2006-00048**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act　　　　　　　　　　[X] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act　　　　　[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by ~~09-DEC-05~~ *12* a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by ~~09-DEC-05~~ *12* to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by ~~21-NOV-05~~ *22*
to **Phil A. Goldman, ADR Coordinator, at. (215) 440-2819**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **George King, Jr.,**<br>**Supervisory Investigator** | **Philadelphia District Office**<br>**21 South 5th Street**<br>**Suite 400** |
| *EEOC Representative* | **Philadelphia, PA 19106** |
| *Telephone:* __(215) 440-2659__ | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE　[ ] COLOR　[X] SEX　[ ] RELIGION　[ ] NATIONAL ORIGIN　[X] AGE　[X] DISABILITY　[ ] RETALIATION　[ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date<br>*10*<br>Nov ~~09~~, 2005 | Name / Title of Authorized Official<br>**Marie M. Tomasso,**<br>**District Director** | Signature |
|---|---|---|

SYN-D-0025

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2006-00048 |

| Delaware Department of Labor | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Jourdean S. Lorah** | **(302) 225-0540** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **114 Walls Avenue, Wilmington, DE 19805** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, | Phone No. *(Include Area Code)* |
|---|---|---|
| **Synerfac Agency** | **101 - 200** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2 Reads Way; New Castle Corporate Commons; New Castle, DE 19720** | |

| Name | No. Employees, | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06/14/2005**     Latest **06/14/2005**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was an employee of Synerfac (the "Respondent"), an employment agency, and was contracted to work at Tetra-Tech, Inc. beginning in or about March 2005. After I began my employment, I never received the on-the-job training that was promised. Younger employees received this training. On or about June 14, 2005, Respondent terminated my employment. I was replaced by a younger male.

II. I believe that I have been discriminated against because of my age, 46, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and/or because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and/or because of my disability in violation of the Americans with Disabilities Act of 1990 ("ADA").

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| ___OCTOBER 25, '05___   *Jourdean S. Lorah*<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

SYN-D-0026



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

### REQUEST FOR INFORMATION

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Equal Employment Opportunity Commission (EEOC) is authorized by law to investigate charges filed with it and this request constitutes a part of the investigation. This request does not necessarily represent the entire body of evidence which we will need to obtain from your organization in order that a proper determination as to the merits of the charge can be made.

**Provide the name, position, address and telephone number of the person who prepares the response to this request for information.**

**Please note as well that the Commission requests statements below from persons involved in the decisionmaking process that affected the Charging Party. In addition to the statements from the decisionmakers, please submit a formal position statement setting out your response(s) to the allegations or any other contentions or other information in addition to that requested by the Commission which you consider relevant to the disposition of this charge.**

Failure to follow the instructions contained herein, or providing an evasive or incomplete answer will constitute a failure to respond and shall subject the Respondent to the service of a Subpoena for the requested documents and information.

Please submit any additional evidence, along with the requested information, on or before the date specified on the enclosed EEOC Form 13 1, "Notice of Charge of Discrimination" . The information should be addressed to the EEOC Representative identified on the EEOC Form 13 1. If there are any questions concerning the Request for Information, you should contact the EEOC Representative at the phone number which is also indicated on the EEOC Form 13 1.

In addition, your attention is directed to the also enclosed "Notice of Settlement". That Notice provides information related to possibility of settlement of the charge as an alternative to a full Commission investigation of the allegations.

Thank you for your anticipated cooperation in this matter.

SYN-D-0027

## REQUEST FOR INFORMATION AND REQUEST FOR POSITION STATEMENT

### PART I - GENERAL INFORMATION

1. State the correct name and address of the specific installation charged. If the mailing address is a box number, provide the street address of the charged installation.

2. Briefly identify the primary function of the establishment charged (e.g., "automobile assembly," "retail sales of men's clothing," "banking services," etc.) and where incorporated.

3. State the number of persons (including supervisors and managers and part-time employees) employed at the specific installation charged and by the organization as a whole on the most recent payroll date. If the total number of employees is over 50, approximations are acceptable.

### PART II - POSITION STATEMENT:

Provide a position statement responding to the facts and circumstances surrounding each alleged discriminatory act, and describe and explain your reasons for taking such actions, along with applicable supporting documentation.

### PART III - RESPONSE TO THE CHARGE:

In addition, for each applicable item below, if not already provided as an attachment to the position statement, provide the document(s) requested or, if no such document(s) exists, state so and provide a statement setting forth the requested information:

1. Copies of all Respondent documents, correspondence or memoranda, whether initiated by Respondent, by Charging Party or by other sources, concerning the Charging Party insofar as they relate to the allegations contained in the charge (e.g., disciplinary records, layoff or termination notices, pay records, applications/resumes, etc.).

2. Copies of the applicable policies or procedures relating to each and every one of the act(s) alleged to be discriminatory.

3. A listing by name and job title of all officials who participated in or made decisions relative to the issues raised in the charge and what role was played by each named official. Provide statements from each such person in response to all allegations of discriminatory treatment for which that official was in any manner involved.

4. For any person(s) who allegedly received more favorable treatment than Charging Party (as identified on the face of the charge or otherwise), provide documents which show how each person was treated and the reason(s) for such treatment.

(over)

SYN-D-0028

5.    For charges that include an allegation of discriminatory termination, layoff or demotion, provide documents to show the replacement's: a) name; b) date of hire, transfer or promotion into the position; c) relevant qualifications for the position; and d) starting salary. If Charging Party has not been replaced but one or more employees have assumed his/her prior duties, identify each such employee by name and title and specify which job duties are performed by each one.

6.    For charges which include an allegation of discriminatory hiring, rehiring, recall, promotion, or transfer practices, provide documents to show all relevant qualifications and prerequisites for each position in question. Such documents should include, but are not limited to, a copy of the position description and all job announcements (both for internal and external use).

7.    For charges which include an allegation of discriminatory hiring, rehiring, recall, promotion, or transfer practices, provide documents to show for each position in question each selectee's: a) name; b) date of selection; c) relevant qualifications for the position; and d) starting salary.

8.    For charges which include an allegation of disability-based discrimination, provide documents which establish Respondent's understanding of the nature of the disability(ies) and any work-related restrictions or limitations.

9.    For charges that include an allegation of retaliation:

   a)    Provide a copy of any grievance, complaint, formal charge or any other written concern raised by Charging Party at any time during his/her employment that includes an allegation of discrimination (with respect to Charging Party or on behalf of other persons) based on race, color, religion, sex, national origin, age or disability.

   b.    Provide a summary of any similar allegation not reduced to writing by Charging Party or his/her representative.

   c.    Specify each management official identified in Part III(3) who was aware of any or all of the complaints identified in parts (a) and (b) above and the approximate date he/she first became aware of each such complaint(s).

10.    If Charging Party has raised any or all of the allegations contained in this charge with any other internal or external source or agency, provide a copy of the grievance/complaint, Respondent's response to the grievance and/or complaint, and a copy of the resulting findings or order, if any.

11.    State whether this matter has been resolved, and if not, how the matter might be resolved and your proposal for resolution.

8/03

SYN-D-0029



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

## EEOC PHILADELPHIA DISTRICT OFFICE

### NOTICE OF SETTLEMENT

The above-referenced charge of employment discrimination has been received by the Equal Employment Opportunity Commission (EEOC) and assigned the above charge number. In most instances, this office initiates its investigation by sending the Respondent a Request for Information (RFI). This Notice of Settlement is being sent as an attachment to the initial RFI for this charge.

In addition, this office attempts to negotiate a settlement for each charge. For such settlements, the EEOC representative attempts to facilitate settlement discussions between the two parties in the hopes of obtaining an agreement mutually satisfactory to the parties and to EEOC. If such a settlement is negotiated, the Commission will prepare a Settlement Agreement to be signed by all parties, including EEOC.

Negotiated Settlement Agreements typically include the following:

a) a description of the relief to be provided to the Charging Party as a result of the Agreement;
b) means of monitoring to insure that the terms of relief are met;
c) a statement which expressly indicates that the Respondent is not acknowledging any violation of the statute(s) under which the charge was filed;
d) a clause prohibiting retaliation; and
e) a waiver by the Charging Party of his/her private suit rights under the applicable statutes administered by EEOC.

In addition, a Settlement Agreement concludes EEOC's investigation of the subject charge. Such EEOC closure would eliminate the need thereafter for Respondent to prepare statements, to respond to RFIs, to make witnesses available or to otherwise respond to the Commission's investigation for that charge.

Although Respondent will be contacted by an EEOC representative to discuss the possibility of settlement, this office's increasing inventory has resulted in some delay before such settlement efforts can be initiated. However, if Respondent at this time is interested in pursuing settlement, the Respondent representative is invited to contact this office directly as a means of insuring expedited settlement discussions. If that is Respondent's intent, please contact the EEOC representative identified in the Notice of Charge of Discrimination (EEOC Form 131).



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office
Mediation Program

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2816
FAX (215) 440-2822
TTY (215) 440-2610

November 14, 2005

Mr. David Cooper - Controller
Synerfac Technical Staffing
2 Read's Way, Suite 209
New Castle, DE 19720

Re:    Lorah v. Synerfac Technical Staffing
       Charge Number 170-2006-00048

**IMPORTANT NOTICE**
**TIMELY ACTION IS REQUIRED**

Dear Mr. Cooper:

Within the past several days, an invitation to mediate the above-referenced charge was sent to you along with the Notice of Charge of Discrimination. **Due to the increased popularity and demand for our** free **and** voluntary **National Mediation Program, your prompt response to our mediation invitation is required so that you** do not lose the opportunity to mediate this charge. **Please be advised that your** failure to request the mediation of this matter, within ten days from the date of this letter, will result in our rescinding the mediation invitation and referral of the matter to our enforcement staff for further action. If you would like to hear from other employers who already have participated in the EEOC's National Mediation Program, I encourage you to watch a preview of our new video *"10 Reasons to Mediate"* which can be found on the internet at www.eeoc.gov.

**Before proceeding further, If you are not the correct contact person for this charge, please immediately notify my program assistant, Adrian Rhaney, at 215-440-2816 and provide her with the correct information, including the person's name, job title and direct telephone number. When calling, please refer to the charge number and case name identified above. If you are the person who will be handling this matter, the information below is extremely important.**

The U. S. Equal Employment Opportunity Commission's National Mediation Program is a free, voluntary and confidential alternative to the enforcement activities regarding, and potential litigation of, this charge. If your organization agrees to mediate this charge, you will not be required to submit a position statement or other evidence while the charge is in mediation. If the charge is successfully resolved in mediation, the EEOC will terminate its proceedings in this matter.

SYN-D-0031

Important Notice
Mediation Invitation
Page Two

No investigation. No production of evidence. No onsite visit. No testimony. No disruption to your business. No potential litigation. No costly expenses. No hassle! It is really that simple! If the charge is not resolved through mediation, then the case will be forwarded for further enforcement activities and you will be directed to provide evidence relevant to the EEOC's investigation.

We believe mediation is an expedient, efficient and fair process for resolving employment disputes. It allows you to make good business decision and put closure to a matter that would normally cost a considerable amount of money and take months or years of your time. Mediation can resolve this matter for you in a single day and the mediation conference can be scheduled within the next couple of weeks. If you have not tried the EEOC's National Mediation Program, you owe it to your organization to find out more about it and to participate in one of the most successful mediation programs in the world! Please feel confident that information discussed with the assigned mediator, other staff of the National Mediation Program, or me, is strictly confidential and not revealed to the enforcement and/or litigation staff, regardless of whether or not the charge is settled in mediation.

Please complete the enclosed invitation and either fax it to me at the above facsimile number or mail it to me at the above address so that it is received within ten days from the date of this letter. **Again, please be advised that if we do not hear from you within ten days from the date of this letter, the invitation to participate in mediation will be rescinded and the case will be forwarded to our enforcement staff for appropriate proceedings.**

If you have any questions about the suitability of this matter for mediation, or if you would otherwise like to discuss the EEOC's National Mediation Program, please feel free to contact me at 215-440-2819. I am confident that if you give mediation a try, you will agree with me that it is an excellent way of resolving the type of employment dispute raised by the subject charge.

Sincerely,

*Phil A. Goldman*

Phil A. Goldman
ADR Coordinator

SYN-D-0032



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office - Mediation Program**

The Bourse Building
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106
(215) 440-2816
TTY (215) 440-2610
FAX (215) 440-2822

## MEDIATION INVITATION RESPONSE FORM

**We appreciate your cooperation in responding to this invitation
by completing the appropriate option(s) below and returning
this form within seven (7) days from receipt of the charge.**

**170-2006-00048 - Jourdean S. Lorah  v.  Synerfac Agency**

_____
Charge Number & Case Name

You are hereby invited to participate in the Equal Employment Opportunity Commission's Mediation Program.  As explained in the attached information sheet, we are making available this effective, neutral  and confidential process to respondents and charging parties as a highly desirable alternative to the investigation and possible litigation of employment disputes.  If you agree to participate in mediation, it is not necessary to respond to the charge and/or to any request for information at this time.  The response will be suspended until the completion of mediation.  If you choose not to take advantage of utilizing this highly popular process, you must respond to the charge and/or any request for information by the date specified in the Notice of Charge of Discrimination.

Please return this form to:      Phil A. Goldman, ADR Coordinator
                                 Philadelphia District Office
                                 Equal Employment Opportunity Commission
                                 21 S. Fifth Street, Suite 400
                                 Philadelphia, PA 19106-2515

                                 **Fax:  215-440-2822**

(   )    The Respondent would like to participate in the mediation program

         Provide 3 Proposed Dates (Within 21 Calendar Days):_____  _____  _____

         Name(s) of Attendees:_____

(   )    The Respondent declines to participate in the mediation program
         If you decline to participate in the mediation program, the ADR Coordinator would appreciate you stating
         the reason for declining.  This information will be used for evaluative purposes only.

Comments:_____

_____

On behalf of Respondent  (Please Print Clearly):

Name:_____      Title:_____

Street Address:_____

City,  State & Zip:_____

Telephone: _____  Fax:_____

E-mail: _____

**Codding, Cathy**

| | |
|---|---|
| From: | Bowser, William |
| Sent: | Wednesday, November 16, 2005 7:37 PM |
| To: | Bill Lafferty |
| Cc: | Codding, Cathy |
| Subject: | Re: Charge of Discrimination - Jourdean S. Lorah v. Synerfac |

Bill,
Got it.  We will take it from here.
Bill


-----Original Message-----

From:  "Bill Lafferty" <blafferty@synerfac.com>
Subj:  Charge of Discrimination - Jourdean S. Lorah v. Synerfac
Date:  Wed Nov 16, 2005 5:19 pm
Size:  943 bytes
To:  "Bill Bowser" <wbowser@ycst.com>

Hello Bill,

Attached is a copy of the correspondence Synerfac received from the EEOC this afternoon.
The person filing the charge, Jourdean S. Lorah, was referred to Synerfac by our client,
Tetra Tech, Inc.  At the request of Tetra Tech, Synerfac employed Ms. Lorah and assigned
her to work at Tetra Tech's facility.

Your help with this matter is very much appreciated.  Please let me know what additional
information you will require to file our response.

Thank you,
Bill


William T. Lafferty
Chief Executive Officer
Synerfac Technical Staffing
2 Read's Way, Ste 209
New Castle, DE  19720
(302) 324-1200  voice
(302) 324-9285  fax
(302) 530-4391  cell

Please visit our website at www.synerfac.com <http://www.synerfac.com/>

Atlanta, GA - Baltimore, MD - Bridgewater, NJ - Columbus, OH - Cincinnati, OH - Langhorne,
PA - Philadelphia, PA - Pittsburgh, PA - Raleigh, NC - Washington, D.C .- Wilmington, DE


William W. Bowser
Young Conaway Stargatt & Taylor
1000 West Street
Wilmington, DE 19801
302-571-6601 (ph)
302-576-3282 (fax)

1

SYN-D-0034

## Codding, Cathy

| | |
|---|---|
| **Full Name:** | William T. Lafferty |
| **Last Name:** | Lafferty |
| **First Name:** | William T. |
| **Company:** | Synerfac Technical Staffing |
| **Business Address:** | New Castle Corporate Commons |
| | 2 Reads Way, Suite 209 |
| | New Castle, DE  19720 |
| **Business:** | (302) 324-9400 |
| **Mobile:** | (302) 530-4391 |
| **Business Fax:** | (302) 324-9404 |
| **E-mail:** | blafferty@synerfac.com |
| **E-mail Display As:** | blafferty@synerfac.com |
| **Categories:** | Free Subscription, WBOWS |

1

# EXHIBIT 2

SYN-D-0036

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

March 15, 2005

Synerfac
Attention; Greg Porter
2 Reads Way
New Castle, Delaware   19720


Dear Mr. Porter,

    As requested, my resume and business credentials for the full time position of Quality Control/ Quality Assurance. This position will also include CAD training for surveys. I met with Mr. Traynor on March 14, 2005 who referred me to you for consideration.


Sincerely,

*Jourdean Lorah*

Jourdean Lorah

302-225-0540

SYN-D-0037

# jourdean sarah lorah

## Vital Statistics

114 Walls Ave.
Wilmington, Delaware 19805

## Objective

To work full time as a civil designer or draftsman among architects, engineers or designers on various commercial and residential projects.

## Highlights

- Marketing for future potential clients regarding expansions, merges and consolidations.
- Creative planning for visual presentations
- Teaching all academics to children who have learning disabilities or those who have special needs.
- Planning creative projects for recreational positions during the summer.
- Drafting plans for architectural interiors or drafting surveys.
- Drawing and illustrating for visual communications.

## Technical Skills

- Drafting architectural elevations and renderings
- Surveying residential land lots and working with a field crew to obtain coordinates.
- Designing commercial and residential interiors for architectural and aesthetic needs.
- Drawing and illustrating visuals to meet the aesthetic needs of the client.
- Marketing fine art work to future and potential clients.
- Drawing and painting for production.

## Work Related Experience

- Engineering and Surveying - Drafting residential land lots and worked with a field crew to obtain field coordinates.
- Designing and Space Planning - Commercial and residential interiors for various design firms.
- Architecture - Drafting of elevations and plans for commercial and residential projects.

SYN-D-0038

Page Two

# jourdean sarah lorah

- Classroom Teaching - A creative and meaningful approach was taken to encourage the learning experience, participation and active involvement.
- Marketing - Contacting future prospective clients for consolidations, merges, expansions. Fine art work is also marketed to meet the client's aesthetic needs.

## Work History

- June '02 - Present - Dale Larsen -Sport's Historian -Marketing-De.
- May '03 - August '03 - Private Health Care - De.
- Sept. '02 - December '02 -Librarian -Ocean City Christian School - Md.
- Jan. '01 - June '01 - Substitute Teacher -Fairfax County Public Schools - Va.
- Sept. '99 - June '00 - Teacher - Fairfax Brewster School - Va.
- June '99 - Aug. '99 - Teacher - Adult Education/Fairfax County Public Schools - Va.
- Sept. '98 - June '99 - Teacher - Way of Faith Ministry -Va.
- Sept. '97 - June '98 - Teacher - Cloverlawn Academy -Va.
- Sept. '96 - June '97 - Teacher - Christian Fellowship School - Va.
- 1994-1996 - Attended College  to complete my degree.
- 1993 - North American Network - Public Service Announcements - News Directors/Radio- Washington, D.C.

## Credentials and Education

The Maryland College of Art & Design - Silver Spring, Maryland
The International Institute of Interior Design - Washington, D.C, - G.P.A. - 3.35
Northern Virginia Community College -Manassas, Virginia - G.P.A. -3.25-
3.45/Honors - Associates Degree in Science

## Other

Interests - Painting, drawing, pottery, jewelry design and winter sports.



# REDACTED

a division of SYNERFAC, Inc

## Employment Application

| Please type or print | Date: MARCH 15, 2005 | Soc Sec #: |
|---|---|---|

| Full Name: | Last LORAH | First JOURDEAN | Home Phone #: |
|---|---|---|---|
| | Middle SARAH | | (302) 225-0840 |

| Present Address: | Street 114 WALLS AVE. | | |
|---|---|---|---|
| | City WILMINGTON | State DELAWARE | Zip 19805 |

Are you legally authorized to work in the United States?   ☑ Yes   ☐ No

Position Applied For: QUALITY CONTROL / QUALITY ASSURANCE - CAD TRAINING / SURVEYING
PREVIOUS SURVEYING / CIVIL ENGINEERING EXPERIENCE

| Education | Name | City/State | Major/ Field of Study | | |
|---|---|---|---|---|---|
| High School: | PEARY HIGH SCHOOL | ROCKVILLE MD | GENERAL | Last Grade Completed EARLY- GRADE (11) | |
| College: | NORTHERN VIRGINIA COMMUNITY COLLEGE | MANNAS VIRGINIA | GENERAL STUDIES LIBERAL ARTS W/HONORS | Degree ASSOC. ARTS -, SCIENCE | Dates PSA - Attended 1996 |

THE INTERNATIONAL INSTITUTE OF INTERIOR DESIGN, THE MARYLAND COLLEGE OF ART DESIGN

| Employment History | | | | |
|---|---|---|---|---|
| Date Employed | | Name and address of each employer | Position/Duties | Reason for Leaving |
| From: Mo 6 Yr '92 | To: Mo 3 Yr '05 | 1. Present or Last Employer Name SPORTS HISTORIAN City/State NAPLES, FLORIDA Supervisor DALE LORAN  Phone # | MARKETING - CONTACTED & CORRESPONDED W/ ATHLETES FOR HISTORICAL PURPOSES. | EMPLOYED ON AN AS NEEDED BASIS. |
| From: Mo 5 Yr 03 | To: Mo 8 Yr '03 | 2. Previous Employer Name PR City/State SEATLE, WASH. Supervisor SCHNEEMAN VERONICA  Phone # | PRIVATE HEALTH CARE - CARED FOR HER HUSBAND/ TERMINALLY ILL. | EMPLOYER MOVED |
| From: Mo 9 Yr 02 | To: Mo 12 Yr 02 | 3. Previous Employer Name OCEAN CITY BAPTIST SCHOOL City/State OCEAN CITY, MD Supervisor MR ALBERT (PASTOR)  Phone # SEE RESUME | LIBRARIAN - ORGANIZED THE LIBRARY, ESTABLISHED A FILING SYSTEM ON THE COMPUTER & ASSISTED THE CHILDREN IN THEIR RESEARCH. | TEMP. - POSITION |

SYN-D-0040

Employment Application

## Professional References    *See References*

| Name | Title | Business Relationship | Years Known | Telephone |
|------|-------|----------------------|-------------|-----------|
| Name | Title | Business Relationship | Years Known | Telephone |

**Are you willing to take a drug screen according to our employment policies?**
Yes ☑    No ☐

**Are you willing to have a criminal background investigation conducted according to our employment policies?**
Yes ☑    No ☐

**Important Notice:**
I authorize Synerfac to verify the accuracy of the information contained on this application and make inquiries regarding my employment and education for the purpose of determining my suitability for a position with Synerfac. I understand that the Social Security number I have produced is subject to verification if hired. Nothing in the application shall constitute a contract of employment, expressed or implied. The employment relationship is at will and may be terminated by the employee or Synerfac at any time, with or without cause. I authorize persons, schools, and employers named in this application to provide Synerfac with any relevant information that may be required to arrive at any employment decision. I certify that all statements I have made in this application are true and agree that any misrepresentation or omissions of facts called for may be sufficient cause for cancellation of my application for employment or immediate dismissal from Synerfac's service.

Signature: _Gundam Torah_

Date: _March 15, 2005_

## For Synerfac Office Use Only

Interviewer(s)

Notes

**SYN-D-0041**

# EXHIBIT 3

SYN-D-0042



Mar·16· 2005  3:32PM                                                    No.8334   P. 1/3



**Fax Transmittal**
Tetra Tech Inc.
56 West Main Street, Suite 400
Christiana, DE 19702-1501
Phone: 302-738-7551
Fax: 302-454-5988 • 302-454-5980 • 302-454-5989
http://www.tetratech-de.com/

*TETRA*
*TECH*
*ENGINEERS*
*ARCHITECTS*
*SCIENTISTS*

| To: | Gregory Porter | Date: | March 16, 2005 |
| | Synerfac Technical Staffing, Inc. | Page: | 1 of 3 |
| | 2 Read's Way, Suite 209 New Castle Corporate Commons | RCN | N/A |
| | New Castle, DE 19720 | Project: | Jourdean Lorah Contract |
| Fax Number: | (302) 324-9404 | | |
| Phone Number: | (302) 324-9400 | | |
| From: | John J. Traynor III, P.E., P.L.S., Manager, Surveying | | |

Greg,

Attached is our signed contract for Jourdean Lorah Contract.

I've replaced the word "prior" with "within 60 days", and I've stricken the following sentence as it does not apply.

If you need anything else, do not hesitate to call me directly at (302) 283-2246.

Sincerely,

**John J. Traynor III, P.E., P.L.S.**
*Manager, Surveying*
***TETRA TECH***
*ENGINEERS ARCHITECTS SCIENTISTS*
*Direct Dial Phone: 302.283.2246*
*Digital Pager Phone Number: 302.435.1863*
*direct fax: 302.454.5989*
*e-mail to: john.traynor@tetratech.com*
*backup e-mail to: Jtraynor@msn.com*
*http://www.tetratech.com*
*http://www.tetratech-de.com/*

*N:\Administration\Survey\Misc\2005\Synerfac_GreggPorter_ContractCover_F_03-16-05.doc*

SYN-D-0043



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax: 302 | 324-9404

www.synerfac.com

A division of SYNERFAC, Inc.

March 16, 2005

John Traynor
Tetra Tech Inc.
56 West Main Street Suite 400
Christiana, DE 19720

Re: Jourdean Lorah Contract Proposal

Dear John,

We feel our contract-to-hire program is an excellent vehicle to evaluate job performance before making a hiring decision so you always get the right people.

We are pleased to represent Jourdean Lorah as a Survey Assistant to work onsite at your facility as a specialty contractor. The hourly billing rate for these services will be:

| Name | Position | Standard Bill Rate | O.T. Bill Rate |
|------|----------|--------------------|-----------------|
| Jourdean Lorah | Survey Assistant | $21.28 | $29.79 |

Billings will be generated weekly based on time cards, which we will provide to Jourdean and which must be signed each week by you or an authorized company representative. This signed time card shall operate as confirmation of the actual number of hours worked by our employee that week. Payment is due to us within 30 days of receipt of invoice. Synerfac will pay Jourdean weekly.

*within 60 days* ~~R~~ 3/16/05

All invoices for contract services must be paid in full ~~prior~~ to our employee converting to your payroll. ~~In addition, the conversion fee, if any, must be paid in full before our employee is converted to your payroll.~~ R 3/16/05

Tetra Tech is responsible for reasonable attorney's fees and other collection expenses for any contract or direct invoices not paid within ninety (90) days from the invoice date.

It's always satisfying to help good companies find the right technical personnel and I'm glad I had the chance to work with you on this placement. If we can help you with any other requirements, please do not hesitate to call.

Mar.16. 2005  3:33PM                    ゥ                    No.8334   P. 3/3



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax: 302 | 324-9404

www.synerfac.com

A division of SYNERFAC, Inc.

To confirm these rates and a start date of March 22, 2005 @ 8:00am for Jourdean please
return this back to me via fax @ 302-324-9404 dated and with your signature.

I look forward to speaking to you again and to a continued rewarding business
partnership between Synerfac Technical Staffing and Tetra Tech.

Thanks again.

Sincerely,

Gregory W. Porter
Branch Manager
gporter@synerfac.com

Client Authorization:

Name  John J. Traynor III
Title  Manager, Surveying
Date:  3-16-05

# EXHIBIT 4

SYN-D-0046



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax: 302 | 324-9285

www.synerfac.com

A division of SYNERFAC, Inc.

# Employment Agreement

**Dear Jourdean Lorah,**
It is a sincere pleasure to welcome you as the newest member of the Synerfac Team. We enjoy and maintain an excellent reputation with both Clients and Employees, and recognize this reputation is acquired only through the talent and effort you bring to your new position. We trust that you will help us to enhance this reputation and that your association with us will be professionally and financially rewarding.

---

### Assignment Information

| | | | |
|---|---|---|---|
| Client: | Tetra Tech Inc. | Report To: | John Traynor |
| Address: | 56 West Main Street Christiana, DE 19720 | Start Date: | 3/22/05 |
| | | Start Time: | TBD |

### Wage Information

Straight Time Wage (hourly): $14.00     Overtime Wage (hourly): $21.00

Overtime:   Will be paid at time and one-half after forty (40) hours worked in any one (1) week

---

### Time Tickets
A Synerfac time sheet, written in ink and signed by a Client supervisor, <u>must be submitted</u> to the local Synerfac office <u>no later than 10:00 am. on Monday</u> (original or via fax)   <u>Failure to submit time sheet will result in a delay of compensation for that reporting period.</u>

### Benefits Information
My Synerfac representative has explained the various paid time off options available to me and I have selected the option listed below
Initial

The compensation stated above **DOES NOT** include <u>holiday, vacation, sick, or personal leave benefits.</u>

### Synerfac Group Insurance Program
In order to participate in the Synerfac Group Insurance Program, you must request, complete and return the required enrollment forms within thirty (30) days of your start date. Enrollment after thirty-one (31) days will be limited to a yearly open enrollment period. Synerfac's Section 125 Benefit Plan enables you to make your insurance premium contributions on a *pre-tax* basis.

I understand that no coverage is provided until I have complied with rules for enrollment and paid the required insurance premiums via payroll deduction.
Initial

Rev 9/04
Employee agreement C

Page 1 Initials

SYN-D-0047

## Employment Agreement

**401(k)/Profit Sharing**
Eligibility to participate in Synerfac's 401(k) incentive savings plan begins after six (6) months of service. Eligibility for Profit Sharing contributions begins after one (1) year of service subject to certain restrictions and guidelines. To receive information regarding the 401(k) and/or Profit Sharing, contact your Synerfac representative near your six (6) month anniversary and one (1) year anniversary respectively, to request program details

**Policies & Procedures**
I understand that if I am injured on the job, I will notify my client supervisor and Synerfac representative immediately. All injuries must be reported and you should request medical treatment if needed.

I have received a copy of Synerfac's "Substance Abuse Policy" and I consent to submit to drug testing if required.

I agree to indemnify and save harmless Synerfac from any and all liability, loss or damage or expense that may be caused by my negligence or failure to perform my duty under the terms of this agreement.

In consideration of my employment pursuant to this agreement, I agree that I will not solicit employment with, nor be employed by, the client or any other employer at the client facility, either directly or indirectly, for a period of 90 days after the termination of this agreement unless a specific written authorization has been obtained from Synerfac or I have paid compensation to Synerfac in an amount equal to 160 hours of my compensation as set forth above.

I understand that my employment with Synerfac and/or my assignment as set forth above is at will and may be terminated at any time by Synerfac with or without cause. If I decide to terminate my employment with Synerfac, I agree to give a minimum of five (5) days notice.

Synerfac will not compensate for any time during which the Client fails to provide work or shuts down their facility.

I agree that I will disclose and assign full and absolute right, title, and interest to Client of any and all inventions, improvements or discoveries made by myself of any kind or nature whatsoever during the tenure of this agreement, that I will execute any and all documents and instruments necessary to transfer the full and complete title of any such inventions, improvements or discoveries to the said Client, and that I will assist in any manner possible in obtaining patent letters in the name of said Client covering them.

I recognize and agree that this employment agreement constitutes the entire agreement between Synerfac and me. There are no other promises or representations, or other agreements with respect to my employment. This agreement may not be modified, changed, altered or amended in any fashion, except in writing signed by the President of Synerfac. I recognize that any representation, promise or statement to the contrary shall not be valid nor binding upon Synerfac.

Synerfac Technical Staffing is a division of Synerfac, Inc

_Melissa K. Calese_
Technical Recruiter

_3/16/05_
Date

_Qunolean Lorah_
Employee

_March 16, '05_
Date

Rev 9/04
Employee agreement C

Page 2 Initials _____

**SYN-D-0048**

# EXHIBIT 5

SYN-D-0049

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | | |
|---|---|---|
| JOURDEAN S. LORAH | ) | |
| | ) | |
| Charging Party, | ) | |
| | ) | EEOC Charge No. 170-2006-00048 |
| vs. | ) | |
| | ) | |
| SYNERFAC TECHNICAL | ) | |
| STAFFING, | ) | |
| | ) | |
| Respondent | ) | |

## AFFIDAVIT OF GREGORY PORTER

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )   SS. |
| COUNTY OF NEW CASTLE | ) |

**GREGORY PORTER**, being duly sworn, does depose and say:

1. My name is Gregory Porter and I reside at 317 Hazel Drive, Bear, DE 19701.

2. I am not a party to above-captioned litigation.

3. I have been employed by Synerfac Technical Staffing ("Synerfac") since July 6, 1998.

4. I am employed in the position of Branch Manager and have been employed in that position since approximately August 2003.

5. As Branch Manager, I am assigned various companies as my clients. Tetra Tech, Inc., ("TT") is one of my clients.

6. Typically, TT requests that I locate an employee to fill a certain position. I recruit, interview and hire the employee and then they are sent to TT to perform the assigned work. I keep in contact with these "recruits" to ensure a smooth transition to and placement in their assignment at TT.

7. Jourdean S. Lorah was an atypical case. TT had already located Ms. Lorah and decided that she was an appropriate candidate for the vacant position. TT asked that Synerfac merely put Ms. Lorah on its payroll.

8. Ms. Lorah was paid by Synerfac. Synerfac issued Ms. Lorah's paychecks based on timecards submitted weekly by TT. A TT manager signed the timecards, thereby authorizing Synerfac to issue payment. Synerfac, in turn, invoiced TT for these payments.

SYN-D-0050

9. Synerfac did not exercise any control over Ms. Lorah's employment with Synerfac. By way of specific example:

   a. Ms. Lorah never performed any work for Synerfac.

   b. During her employment at TT, Ms. Lorah's day-to-day work activities were supervised solely by TT.

   c. Ms. Lorah worked only with TT employees.

   d. Ms. Lorah reported to TT each day and was supervised by TT employees.

   e. TT provided Ms. Lorah with all of the training and materials necessary to perform her responsibilities.

   f. TT could discharge Ms. Lorah at its discretion.

   g. Synerfac issued Ms. Lorah's paychecks, but TT determined Ms. Lorah's rate of pay and hours worked.

_____

GREGORY PORTER

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this ___th day of December, 2005

_____ (SEAL)
Notary Public

SYN-D-0051

Meeting with Jourdean Lorah 6/6/05

Jourdean verbally gave me a list of concerns:

1. Need a better workspace currently sharing with another employee
2. Training- Never received proper training that was promised during conversations with John Traynor
3. Overheard John Traynor calling her unintelligent
4. Casey Grabowski spread a rumor about her regarding spreading a bacterial infection throughout the office
5. Erin told Jourdean she was part of a brothel
6. Jourdean feels she is discriminated against because of her age and that she does not receive equal pay claiming title 7 concerns

Meeting with Jourdean Lorah 6/14/05

I address Jourdean's concerns again and this is a list of responses from her:

1. Regarding the workspace- an Intern that has been there for 3-4 weeks has her own workspace and Jourdean feels this is unfair. A woman in marketing said to Jourdean, "I see your point, you have so many documents to deal with."
2. Regarding Casey Grabowski- Bob George said to Jourdean, "Casey is trying to fire you". I asked Jourdean who was around when this comment was made and she said, " no one, he said it in a quiet whisper".
3. Erin approached Jourdean and made a comment that she is trying to solicit parents and children involved in "math counts".
4. Jeanie of the third floor said to Doug, "they are going to terminate her". When I asked her whom was Jeanie referring to Jourdean said Jeanie did not identify "they" but "her" meant Jourdean.
5. When Jourdean approached John Traynor about a possible termination this afternoon he said, "there was nothing at all concerning performance", I have absolutely no complaints at all, it is up to management."

SYN-D-0052

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

WILLIAM W. BOWSER
DIRECT DIAL:  302.571.6601
DIRECT FAX:   302.576.3282
wbowser@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

December 2, 2005

**VIA TELECOPIER**

George King, Jr.
Supervisory Investigator
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse, Suite 400
21 South 5th Street
Philadelphia, PA 19106

RE:    Jourdean S. Lorah and Synerfac Technical Staffing
        EEOC Charge No. 170-2006-00048

Dear Mr. King:

This firm represents Synerfac Technical Staffing in the above-referenced matter.
The purpose of this letter is to request a two-week extension of time to December 26, 2005, in
which to provide Synerfac's position statement and answers to request for information.

Respectfully,

William W. Bowser

cc:    Gregory Porter

DB02:5113497.1

048001.1008

**SYN-D-0053**

MEMORY TRANSMISSION REPORT

```
                                    TIME      : DEC-02-05  15:44
                                    TEL NUMBER1:
                                    NAME      :
```

| | | |
|---|---|---|
| FILE NUMBER | : | 909 |
| DATE | : | DEC-02 15:43 |
| TO | : | *0188#048001#1008##12154402632# |
| DOCUMENT PAGES | : | 02 |
| START TIME | : | DEC-02 15:43 |
| END TIME | : | DEC-02 15:44 |
| SENT PAGES | : | 02 |
| FILE NUMBER | : 909 | *** SUCCESSFUL TX NOTICE *** |

## YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391

Voice: (302) 571-6600
Fax:  302.576.3282

| | |
|---|---|
| **FROM:** William W. Bowser | **DATE:** December 2, 2005 |
| **DIRECT DIAL:** 302.571.6601 | **CLIENT MATTER:** 048001.1008 |

**PLEASE DELIVER AS SOON AS POSSIBLE TO:**

| **RECIPIENT** | **COMPANY** | **FAX NO.** | **PHONE NO.** |
|---|---|---|---|
| George King Jr. | U.S. Equal Employment Opportunity Commission | (215) 440-2632 | (215) 440-2600 |

Total number of pages including this page: 2
If you have any problems with this transmission, please call 302.571.6601.

**Message:**

**DOCUMENT(S) TRANSMITTED:** Letter request for extension of time.

*CONFIDENTIALITY NOTICE: This facsimile (this page and any accompanying page(s)) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or the taking of any action in reliance on the contents of this information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

SYN-D-0054

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

**The Brandywine Building**
**1000 West Street, 17th Floor**
**Wilmington, Delaware  19801**
**P.O. Box 391**
**Wilmington, Delaware  19899-0391**

**Voice:**   (302) 571-6600
**Fax:**   302.576.3282

| | |
|---|---|
| **FROM:** William W. Bowser | **DATE:** December 2, 2005 |
| **DIRECT DIAL:** 302.571.6601 | **CLIENT MATTER:** 048001.1008 |

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| **RECIPIENT** | **COMPANY** | **FAX NO.** | **PHONE NO.** |
|---|---|---|---|
| George King Jr. | U.S. Equal Employment Opportunity Commission | (215) 440-2632 | (215) 440-2600 |

Total number of pages including this page: 2
If you have any problems with this transmission, please call 302.571.6601.

**Message:**

**DOCUMENT(S) TRANSMITTED:  Letter request for extension of time.**

*CONFIDENTIALITY NOTICE: This facsimile (this page and any accompanying page(s)) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or the taking of any action in reliance on the contents of this information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you*

SYN-D-0055



Mar.16. 2005  3:32PM                              No.8334   P. 1/3



**Fax Transmittal**
Tetra Tech Inc.
56 West Main Street, Suite 400
Christiana, DE 19702-1501
Phone: 302-738-7551
Fax: 302-454-5988 • 302-454-5980 • <u>302-454-5989</u>
http://www.tetratech-de.com/

**TETRA TECH**
ENGINEERS
ARCHITECTS
SCIENTISTS

| To: | Gregory Porter | Date: | March 16, 2005 |
|-----|----------------|-------|----------------|
|  | Synerfac Technical Staffing, Inc. | Page: | 1 of 3 |
|  | 2 Read's Way, Suite 209 New Castle Corporate Commons | RCN | N/A |
|  | New Castle, DE 19720 | Project: | Jourdean Lorah Contract |

| Fax Number: | (302) 324-9404 |
|-------------|----------------|
| Phone Number: | (302) 324-9400 |
| From: | John J. Traynor III, P.E., P.L.S., Manager, Surveying |

Greg,

Attached is our signed contract for Jourdean Lorah Contract.

I've replaced the word "prior" with "within 60 days", and I've stricken the following sentence as it does not apply.

If you need anything else, do not hesitate to call me directly at (302) 283-2246.

Sincerely,

John J. Traynor III, P.E., P.L.S.
Manager, Surveying
**TETRA TECH**
ENGINEERS ARCHITECTS SCIENTISTS
Direct Dial Phone: 302.283.2246
Digital Pager Phone Number: 302.435.1863
direct fax: 302.454.5989
e-mail to: john.traynor@tetratech.com
backup e-mail to: jtraynor@msn.com
http://www.tetratech.com
http://www.tetratech-de.com/

H:\Administration\Surveyhfiles\2005\Synerfac_GreggPorter_ContractCover_F_03-16-03.doc

**SYN-D-0056**



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax 302 | 324-9404

www.synerfac.com

A division of SYNERFAC, Inc.

March 16, 2005

John Traynor
Tetra Tech Inc.
56 West Main Street Suite 400
Christiana, DE 19720

Re: Jourdean Lorah Contract Proposal

Dear John,

We feel our contract-to-hire program is an excellent vehicle to evaluate job performance before making a hiring decision so you always get the right people.

We are pleased to represent Jourdean Lorah as a Survey Assistant to work onsite at your facility as a specialty contractor. The hourly billing rate for these services will be:

| Name | Position | Standard Bill Rate | O.T. Bill Rate |
|---|---|---|---|
| Jourdean Lorah | Survey Assistant | $21.28 | $29.79 |

Billings will be generated weekly based on time cards, which we will provide to Jourdean and which must be signed each week by you or an authorized company representative. This signed time card shall operate as confirmation of the actual number of hours worked by our employee that week. Payment is due to us within 30 days of receipt of invoice. Synerfac will pay Jourdean weekly. ~~within 60 days~~ 3/16/05

All invoices for contract services must be paid in full ~~prior~~ to our employee converting to your payroll. ~~In addition, the conversion fee, if any, must be paid in full before our employee is converted to your payroll.~~ 3/16/05

Tetra Tech is responsible for reasonable attorney's fees and other collection expenses for any contract or direct invoices not paid within ninety (90) days from the invoice date.

It's always satisfying to help good companies find the right technical personnel and I'm glad I had the chance to work with you on this placement. If we can help you with any other requirements, please do not hesitate to call.

SYN-D-0057

Mar.16. 2005  3:33PM                    3                    No.8334   P. 3/3



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax: 302 | 324-9404

www.synerfac.com

A division of SYNERFAC, Inc.

To confirm these rates and a start date of March 22, 2005 @ 8:00am for Jourdean please
return this back to me via fax @ 302-324-9404 dated and with your signature.

I look forward to speaking to you again and to a continued rewarding business
partnership between Synerfac Technical Staffing and Tetra Tech.

Thanks again.

Sincerely,                              Client Authorization:

Gregory W. Porter                       Name  John S. Traynor III
Branch Manager                          Title  Manager, Surveying
gporter@synerfac.com                    Date:  3-16-05

SYN-D-0058

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

March 15, 2005

Synerfac
Attention; Greg Porter
2 Reads Way
New Castle, Delaware   19720

Dear Mr. Porter,

    As requested, my resume and business credentials for the full time position of
Quality Control/ Quality Assurance. This position will also include CAD training
for surveys. I met with Mr. Traynor on March 14, 2005 who referred me to you for
consideration.

Sincerely,

*Jourdean Lorah*

Jourdean Lorah

302-225-0540

SYN-D-0059

# jourdean sarah lorah

## Vital Statistics

114 Walls Ave.
Wilmington, Delaware  19805

## Objective

To work full time as a civil designer or draftsman among architects, engineers  or designers on various commercial and residential projects.

## Highlights

- Marketing for future potential clients regarding expansions, merges and consolidations.
- Creative planning for visual presentations
- Teaching all academics to children who have learning disabilities or those who have special needs.
- Planning creative projects for recreational positions during the summer.
- Drafting plans for architectural interiors or drafting surveys.
- Drawing and illustrating for visual communications.

## Technical Skills

- Drafting architectural elevations and renderings
- Surveying  residential land lots and working with a field crew to obtain coordinates.
- Designing commercial and residential interiors for architectural and aesthetic needs.
- Drawing and illustrating visuals to meet the aesthetic needs of the client.
- Marketing fine art work to future and potential clients.
- Drawing and painting for production.

## Work Related Experience

- Engineering and Surveying - Drafting residential land lots and worked with a field crew to obtain field coordinates.
- Designing and Space Planning - Commercial and residential interiors for various design firms.
- Architecture - Drafting of elevations and plans for commercial and residential projects.

SYN-D-0060

Page Two

# jourdean sarah lorah

- Classroom Teaching - A creative and meaningful approach was taken to encourage the learning experience, participation and active involvement.
- Marketing - Contacting future prospective clients for consolidations, merges, expansions. Fine art work is also marketed to meet the client's aesthetic needs.

## Work History

- June '02 - Present - Dale Larsen -Sport's Historian -Marketing-De.
- May '03 - August '03 - Private Health Care - De.
- Sept. '02 - December '02 -Librarian -Ocean City Christian School - Md.
- Jan. '01 - June '01 - Substitute Teacher -Fairfax County Public Schools - Va.
- Sept. '99 - June '00 - Teacher - Fairfax Brewster School - Va.
- June '99 - Aug. '99 - Teacher - Adult Education/Fairfax County Public Schools - Va.
- Sept. '98 - June '99 - Teacher - Way of Faith Ministry -Va.
- Sept. '97 - June '98 - Teacher - Cloverlawn Academy -Va.
- Sept. '96 - June '97 - Teacher - Christian Fellowship School - Va.
- 1994-1996 – Attended College to complete my degree.
- 1993 - North American Network - Public Service Announcements - News Directors/Radio- Washington, D.C.

## Credentials and Education

The Maryland College of Art & Design - Silver Spring, Maryland
The International Institute of Interior Design - Washington, D.C. - G.P.A. - 3.35
Northern Virginia Community College -Manassas, Virginia - G.P.A. -3.25-3.45/Honors - Associates Degree in Science

## Other

Interests - Painting, drawing, pottery, jewelry design and winter sports.

SYN-D-0061



# REDACTED

a division of SYNERFAC, Inc

## Employment Application

| Please type or print | Date: MARCH 15, 2005 | Soc Sec #: |
|---|---|---|

| Full Name: | Last LORAH    First JOURDEAN<br>Middle SARAH | Home Phone #:<br>(302) 225-0540 |
|---|---|---|

| Present Address: | Street<br>114 WALLS AVE. | | |
|---|---|---|---|
| | City<br>WILMINGTON | State DELAWARE | Zip 19805 |

Are you legally authorized to work in the United States?   ☑ Yes   ☐ No

Position Applied For: QUALITY CONTROL / QUALITY ASSURANCE - CAD TRAINING / SURVEYING
PREVIOUS SURVEYING / CIVIL ENGINEERING EXPERIENCE

| Education | Name | City/State | Major/ Field of Study | |
|---|---|---|---|---|
| High School: | PEARY HIGH SCHOOL | ROCKVILLE MD | GENERAL | Last Grade Completed<br>EARLY-GRADE (11) |
| College: | NORTHERN VIRGINIA COMMUNITY COLLEGE | MANNAS VIRGINIA | GENERAL STUDIES LIBERAL ARTS w/ HONORS | Degree ASSOC.  Dates ARTS - SCIENCE Attended 1996 |

THE INTERNATIONAL INSTITUTE OF INTERIOR DESIGN, THE MARYLAND COLLEGE OF ART DESIGN

| Employment History | | | | |
|---|---|---|---|---|
| Date Employed | Name and address of each employer | | Position/Duties | Reason for Leaving |
| From: Mo 6 Yr '92   To: Mo 3 Yr '05 | 1. Present or Last Employer Name SPORTS HISTORIAN<br>City/State NAPLES, FLORIDA<br>Supervisor DALE LARSEN   Phone # | | MARKETING - CONTACTED & CORRESPONDED W/ ATHLETES FOR HISTORICAL PURPOSES | EMPLOYED ON AN AS NEEDED BASIS. |
| From: Mo 5 Yr '03   To: Mo 8 Yr '03 | 2. Previous Employer Name P2<br>City/State SEATLE, WASH.<br>Supervisor SCHNEEMAN   Phone #<br>VERONICA | | PRIVATE HEALTH CARE - CARED FOR HER HUSBAND/ TERMINALLY ILL. | EMPLOYER MOVED |
| From: Mo 9 Yr '02   To: Mo 12 Yr '02 | 3. Previous Employer Name OCEAN CITY BAPTIST SCHOOL<br>City/State OCEAN CITY, MD<br>Supervisor MR.   Phone #<br>ALBERT (PASTOR)   SEE RESUME | | LIBRARIAN - ORGANIZED THE LIBRARY, ESTABLISHED A FILING SYSTEM ON THE COMPUTER | TEMP. - POSITION |

& ASSISTED THE CHILDREN IN THEIR RESEARCH.

SYN-D-0062

Employment Application

## Professional References    *See References*

| Name | Title | Business Relationship | Years Known | Telephone |
|------|-------|----------------------|-------------|-----------|
| Name | Title | Business Relationship | Years Known | Telephone |

**Are you willing to take a drug screen according to our employment policies?**
Yes ☑    No ☐

**Are you willing to have a criminal background investigation conducted according to our employment policies?**
Yes ☑    No ☐

**Important Notice:**
I authorize Synerfac to verify the accuracy of the information contained on this application and make inquiries regarding my employment and education for the purpose of determining my suitability for a position with Synerfac. I understand that the Social Security number I have produced is subject to verification if hired. Nothing in the application shall constitute a contract of employment, expressed or implied. The employment relationship is at will and may be terminated by the employee or Synerfac at any time, with or without cause. I authorize persons, schools, and employers named in this application to provide Synerfac with any relevant information that may be required to arrive at any employment decision. I certify that all statements I have made in this application are true and agree that any misrepresentation or omissions of facts called for may be sufficient cause for cancellation of my application for employment or immediate dismissal from Synerfac's service.

Signature: _Jundean Lorah_

Date: _March 15, 2005_

## For Synerfac Office Use Only

Interviewer(s)

Notes

SYN-D-0063



2 Read's Way | Suite 209
New Castle | DE 19720

302 | 324-9400
fax: 302 | 324-9285

www.synerfac.com

A division of SYNERFAC, Inc.

# Employment Agreement

**Dear Jourdean Lorah,**
It is a sincere pleasure to welcome you as the newest member of the Synerfac Team.  We enjoy
and maintain an excellent reputation with both Clients and Employees, and recognize this
reputation is acquired only through the talent and effort you bring to your new position.  We trust
that you will help us to enhance this reputation and that your association with us will be
professionally and financially rewarding.

---

### Assignment Information

| | | | |
|---|---|---|---|
| Client: | Tetra Tech Inc. | Report To: | John Traynor |
| Address: | 56 West Main Street Christiana, DE 19720 | Start Date: | 3/22/05 |
| | | Start Time: | TBD |

### Wage Information

Straight Time Wage (hourly):  $14.00        Overtime Wage (hourly):  $21.00

Overtime:  Will be paid at time and one-half after forty (40) hours worked in any one (1)
week

---

### Time Tickets
A Synerfac time sheet, written in ink and signed by a Client supervisor, <u>must be submitted</u> to the
local Synerfac office <u>no later than 10:00 am. on Monday</u> (original or via fax)   <u>Failure to submit
time sheet will result in a delay of compensation for that reporting period.</u>

### Benefits Information
My Synerfac representative has explained the various paid time off options available to me and I
have selected the option listed below
Initial

The compensation stated above **DOES NOT** include <u>holiday, vacation, sick, or personal leave
benefits.</u>

### Synerfac Group Insurance Program
In order to participate in the Synerfac Group Insurance Program, you must request, complete
and return the required enrollment forms within thirty (30) days of your start date.  Enrollment
after thirty-one (31) days will be limited to a yearly open enrollment period. Synerfac's Section
125 Benefit Plan enables you to make your insurance premium contributions on a *pre-tax* basis.

I understand that no coverage is provided until I have complied with rules for enrollment and
paid the required insurance premiums via payroll deduction.
Initial

Rev 9/04
Employee agreement C

Page 1 Initials

SYN-D-0064

## Employment Agreement

**401(k)/Profit Sharing**
Eligibility to participate in Synerfac's 401(k) incentive savings plan begins after six (6) months of service. Eligibility for Profit Sharing contributions begins after one (1) year of service subject to certain restrictions and guidelines. To receive information regarding the 401(k) and/or Profit Sharing, contact your Synerfac representative near your six (6) month anniversary and one (1) year anniversary respectively, to request program details

**Policies & Procedures**
I understand that if I am injured on the job, I will notify my client supervisor and Synerfac representative immediately. All injuries must be reported and you should request medical treatment if needed.

I have received a copy of Synerfac's "Substance Abuse Policy" and I consent to submit to drug testing if required.

I agree to indemnify and save harmless Synerfac from any and all liability, loss or damage or expense that may be caused by my negligence or failure to perform my duty under the terms of this agreement.

In consideration of my employment pursuant to this agreement, I agree that I will not solicit employment with, nor be employed by, the client or any other employer at the client facility, either directly or indirectly, for a period of 90 days after the termination of this agreement unless a specific written authorization has been obtained from Synerfac or I have paid compensation to Synerfac in an amount equal to 160 hours of my compensation as set forth above.

I understand that my employment with Synerfac and/or my assignment as set forth above is at will and may be terminated at any time by Synerfac with or without cause. If I decide to terminate my employment with Synerfac, I agree to give a minimum of five (5) days notice.

Synerfac will not compensate for any time during which the Client fails to provide work or shuts down their facility.

I agree that I will disclose and assign full and absolute right, title, and interest to Client of any and all inventions, improvements or discoveries made by myself of any kind or nature whatsoever during the tenure of this agreement, that I will execute any and all documents and instruments necessary to transfer the full and complete title of any such inventions, improvements or discoveries to the said Client, and that I will assist in any manner possible in obtaining patent letters in the name of said Client covering them.

I recognize and agree that this employment agreement constitutes the entire agreement between Synerfac and me. There are no other promises or representations, or other agreements with respect to my employment. This agreement may not be modified, changed, altered or amended in any fashion, except in writing signed by the President of Synerfac. I recognize that any representation, promise or statement to the contrary shall not be valid nor binding upon Synerfac.

Synerfac Technical Staffing is a division of Synerfac, Inc

_Melissa K. Pabse_
Technical Recruiter

_Jourdean Lorah_
Employee

_3/16/05_
Date

_March 16, '05_
Date

Page 2 Initials _____

SYN-D-0065

EEOC Form 161 (10/96)

## U.S. Equal Employment Opportunity Commission

JAN 19 2006

## DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

From Marie M. Tomasso, District Director
: U.S. Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse, Suite 400
21 S. 5th Street
Philadelphia, PA 19106-2515

[ ]    *On behalf of person(s) aggrieved whose
identity is   CONFIDENTIAL (29 CFR §
1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2006-00048 | Legal Unit | (215) 440-2670 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this

[ ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomass*                    *January 18, 2006*

Enclosure(s)

Marie M. Tomasso, District Director        *(Date Mailed)*

cc:    Ms. Margaret M. DiBianca, Esq. (for Respondent)

SYN-D-0066

EEOC Form 161 (10/96)

## U.S. Equal Employment Opportunity Commission



### DISMISSAL AND NOTICE OF RIGHTS

---

To: Ms. Jourdean Lorah
    114 Walls Avenue
    Wilmington, DE 19805

From Marie M. Tomasso, District Director
:    U.S. Equal Employment Opportunity Commission
     Philadelphia District Office
     The Bourse, Suite 400
     21 S. 5th Street
     Philadelphia, PA 19106-2515

[ ]    *On behalf of person(s) aggrieved whose identity is    CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2006-00048 | Legal Unit | (215) 440-2670 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this

[ ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso* (signature)                      *January 18, 2006* (signature)

Enclosure(s)

Marie M. Tomasso, District Director                 *(Date Mailed)*

cc:    Ms. Margaret M. DiBianca, Esq. (for Respondent)

SYN-D-0067

EEOC Form 161 (10/96)

### U.S. Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS



| To: Ms. Jourdean Lorah | From: Marie M. Tomasso, District Director |
|---|---|
| 114 Walls Avenue | U.S. Equal Employment Opportunity Commission |
| Wilmington, DE 19805 | Philadelphia District Office |
| | The Bourse, Suite 400 |
| | 21 S. 5th Street |
| | Philadelphia, PA 19106-2515 |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2006-00048 | Legal Unit | (215) 440-2670 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this

[ ]  Other *(briefly state)* _____

### – NOTICE OF SUIT RIGHTS –
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*          *January 18, 2006*

Enclosure(s)

Marie M. Tomasso, District Director          *(Date Mailed)*

cc:   Ms. Margaret M. DiBianca, Esq. (for Respondent)

SYN-D-0068

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐ Mr David Cooper<br>Controller<br>SYNERFAC TECHNICAL STAFFING<br>2 Read's Way, Suite 209<br>New Castle, DE 19720 ⌐ | **Jourdean S. Lorah** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**170-2006-00048** |

## NOTICE OF CHARGE OF DISCRIMINATION
### (See the enclosed for additional Information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [X] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge

3. [X] Please provide by ~~09~~-DEC-05 *12* . a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge  A prompt response to  this request will make it easier to conclude our investigation.

4. [X] Please respond fully by ~~09~~-DEC-05 *12* to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by ~~21~~-NOV-05 *22* to **Phil A. Goldman, ADR Coordinator, at** (215) 440-2819 If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| George King, Jr.,<br>**Supervisory Investigator**<br><u>_____</u><br>*EEOC Representative*<br>Telephone: **(215) 440-2659** | **Philadelphia District Office**<br>**21 South 5th Street**<br>**Suite 400**<br>**Philadelphia, PA 19106** |
|---|---|

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE    [ ] COLOR    [X] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN    [X] AGE    [X] DISABILITY    [ ] RETALIATION    [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date<br>*10*<br>Nov 09, 2005 | Name / Title of Authorized Official<br>**Marie M. Tomasso,**<br>**District Director** | Signature |
|---|---|---|

SYN-D-0069

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2006-00048 |

| Delaware Department of Labor | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Jourdean S. Lorah** | **(302) 225-0540** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **114 Walls Avenue, Wilmington, DE 19805** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, | Phone No. *(Include Area Code)* |
|---|---|---|
| **Synerfac Agency** | **101 - 200** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2 Reads Way; New Castle Corporate Commons; New Castle, DE 19720** | |

| Name | No. Employees, | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: **06/14/2005**  Latest: **06/14/2005**<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was an employee of Synerfac (the "Respondent"), an employment agency, and was contracted to work at Tetra-Tech, Inc. beginning in or about March 2005. After I began my employment, I never received the on-the-job training that was promised. Younger employees recieved this training. On or about June 14, 2005, Respondent terminated my employment. I was replaced by a younger male.

II. I believe that I have been discriminated against because of my age, 46, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and/or because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and/or because of my disability in violation of the Americans with Disabilities Act of 1990 ("ADA").

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| OCTOBER 25, '05 _____ *Jourdean S. Lorah*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day, year)* |

SYN-D-0070



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

### REQUEST FOR INFORMATION

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Equal Employment Opportunity Commission (EEOC) is authorized by law to investigate charges filed with it and this request constitutes a part of the investigation. This request does not necessarily represent the entire body of evidence which we will need to obtain from your organization in order that a proper determination as to the merits of the charge can be made.

**Provide the name, position, address and telephone number of the person who prepares the response to this request for information.**

**Please note as well that the Commission requests statements below from persons involved in the decisionmaking process that affected the Charging Party. In addition to the statements from the decisionmakers, please submit a formal position statement setting out your response(s) to the allegations or any other contentions or other information in addition to that requested by the Commission which you consider relevant to the disposition of this charge.**

Failure to follow the instructions contained herein. or providing an evasive or incomplete answer will constitute a failure to respond and shall subject the Respondent to the service of a Subpoena for the requested documents and information.

Please submit any additional evidence, along with the requested information, on or before the date specified on the enclosed EEOC Form 13 1, "Notice of Charge of Discrimination" . The information should be addressed to the EEOC Representative identified on the EEOC Form 13 1. If there are any questions concerning the Request for Information, you should contact the EEOC Representative at the phone number which is also indicated on the EEOC Form 13 1.

In addition, your attention is directed to the also enclosed "Notice of Settlement". That Notice provides information related to possibility of settlement of the charge as an alternative to a full Commission investigation of the allegations.

Thank you for your anticipated cooperation in this matter.

SYN-D-0071

**REQUEST FOR INFORMATION AND REQUEST FOR POSITION STATEMENT**

**PART I - GENERAL INFORMATION**

*Synerfae Tech. Staffing ; 2( Reads' Way*
*Suite 207*
*New Coate*
*19720*

1. State the correct name and address of the specific installation charged. If the mailing address is a box number, provide the street address of the charged installation.

2. Briefly identify the primary function of the establishment charged (e.g., "automobile *Staffing* assembly," "retail sales of men's clothing," "banking services," etc.) and where incorporated.

3. State the number of persons (including supervisors and managers and part-time employees) *6emp* employed at the specific installation charged and by the organization as a whole on the most *~200 DE* recent payroll date. If the total number of employees is over 50, approximations are acceptable.

**PART II - POSITION STATEMENT:**

Provide a position statement responding to the facts and circumstances surrounding each alleged discriminatory act, and describe and explain your reasons for taking such actions, along with applicable supporting documentation.

**PART III - RESPONSE TO THE CHARGE:**

In addition, for each applicable item below, if not already provided as an attachment to the position statement, provide the document(s) requested or, if no such document(s) exists, state so and provide a statement setting forth the requested information:

1. Copies of all Respondent documents, correspondence or memoranda, whether initiated by Respondent, by Charging Party or by other sources, concerning the Charging Party insofar as they relate to the allegations contained in the charge (e.g., disciplinary records, layoff or termination notices, pay records, applications/resumes, etc.).

2. Copies of the applicable policies or procedures relating to each and every one of the act(s) alleged to be discriminatory.

3. A listing by name and job title of all officials who participated in or made decisions relative to the issues raised in the charge and what role was played by each named official. Provide statements from each such person in response to all allegations of discriminatory treatment for which that official was in any manner involved.

4. For any person(s) who allegedly received more favorable treatment than Charging Party (as identified on the face of the charge or otherwise), provide documents which show how each person was treated and the reason(s) for such treatment.

(over)

SYN-D-0072

5.  For charges that include an allegation of discriminatory termination, layoff or demotion, provide documents to show the replacement's:  a) name;  b) date of hire, transfer or promotion into the position;  c) relevant qualifications for the position;  and d) starting salary.  If Charging Party has not been replaced but one or more employees have assumed his/her prior duties, identify each such employee by name and title and specify which job duties are performed by each one.

6.  For charges which include an allegation of discriminatory hiring, rehiring, recall, promotion, or transfer practices, provide documents to show all relevant qualifications and prerequisites for each position in question.  Such documents should include, but are not limited to, a copy of the position description and all job announcements (both for internal and external use).

7.  For charges which include an allegation of discriminatory hiring, rehiring, recall, promotion, or transfer practices, provide documents to show for each position in question each selectee's: a) name;  b) date of selection;  c) relevant qualifications for the position;  and d) starting salary.

8.  For charges which include an allegation of disability-based discrimination, provide documents which establish Respondent's understanding of the nature of the disability(ies) and any work-related restrictions or limitations.

9.  For charges that include an allegation of retaliation:

    a)  Provide a copy of any grievance, complaint, formal charge or any other written concern raised by Charging Party at any time during his/her employment that includes an allegation of discrimination (with respect to Charging Party or on behalf of other persons) based on race, color, religion, sex, national origin, age or disability.

    b.  Provide a summary of any similar allegation not reduced to writing by Charging Party or his/her representative.

    c.  Specify each management official identified in Part III(3) who was aware of any or all of the complaints identified in parts (a) and (b) above and the approximate date he/she first became aware of each such complaint(s).

10.  If Charging Party has raised any or all of the allegations contained in this charge with any other internal or external source or agency, provide a copy of the grievance/complaint, Respondent's response to the grievance and/or complaint, and a copy of the resulting findings or order, if any.

11.  State whether this matter has been resolved, and if not, how the matter might be resolved and your proposal for resolution.

8/03

SYN-D-0073



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

### EEOC PHILADELPHIA DISTRICT OFFICE

### NOTICE OF SETTLEMENT

The above-referenced charge of employment discrimination has been received by the Equal Employment Opportunity Commission (EEOC) and assigned the above charge number. In most instances, this office initiates its investigation by sending the Respondent a Request for Information (RFI). This Notice of Settlement is being sent as an attachment to the initial RFI for this charge.

In addition, this office attempts to negotiate a settlement for each charge. For such settlements, the EEOC representative attempts to facilitate settlement discussions between the two parties in the hopes of obtaining an agreement mutually satisfactory to the parties and to EEOC. If such a settlement is negotiated, the Commission will prepare a Settlement Agreement to be signed by all parties, including EEOC.

Negotiated Settlement Agreements typically include the following:

a) a description of the relief to be provided to the Charging Party as a result of the Agreement;
b) means of monitoring to insure that the terms of relief are met;
c) a statement which expressly indicates that the Respondent is not acknowledging any violation of the statute(s) under which the charge was filed;
d) a clause prohibiting retaliation; and
e) a waiver by the Charging Party of his/her private suit rights under the applicable statutes administered by EEOC.

In addition, a Settlement Agreement concludes EEOC's investigation of the subject charge. Such EEOC closure would eliminate the need thereafter for Respondent to prepare statements, to respond to RFIs, to make witnesses available or to otherwise respond to the Commission's investigation for that charge.

Although Respondent will be contacted by an EEOC representative to discuss the possibility of settlement, this office's increasing inventory has resulted in some delay before such settlement efforts can be initiated. However, if Respondent at this time is interested in pursuing settlement, the Respondent representative is invited to contact this office directly as a means of insuring expedited settlement discussions. If that is Respondent's intent, please contact the EEOC representative identified in the Notice of Charge of Discrimination (EEOC Form 131).

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office
Mediation Program

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2816
FAX (215) 440-2822
TTY (215) 440-2610

November 14, 2005

Mr. David Cooper - Controller
Synerfac Technical Staffing
2 Read's Way, Suite 209
New Castle, DE 19720

Re:   Lorah v. Synerfac Technical Staffing
      Charge Number 170-2006-00048

**IMPORTANT NOTICE**
**TIMELY ACTION IS REQUIRED**

Dear Mr. Cooper:

Within the past several days, an invitation to mediate the above-referenced charge was sent to you along with the Notice of Charge of Discrimination. **Due to the increased popularity and demand for our free and voluntary National Mediation Program, your prompt response to our mediation invitation is required so that you do not lose the opportunity to mediate this charge. Please be advised that your failure to request the mediation of this matter, within ten days from the date of this letter, will result in our rescinding the mediation invitation and referral of the matter to our enforcement staff for further action.** If you would like to hear from other employers who already have participated in the EEOC's National Mediation Program, I encourage you to watch a preview of our new video "*10 Reasons to Mediate*" which can be found on the Internet at www.eeoc.gov.

**Before proceeding further, if you are not the correct contact person for this charge, please immediately notify my program assistant, Adrian Rhaney, at 215-440-2816 and provide her with the correct information, including the person's name, job title and direct telephone number. When calling, please refer to the charge number and case name identified above. If you are the person who will be handling this matter, the information below is extremely important.**

The U. S. Equal Employment Opportunity Commission's National Mediation Program is a free, voluntary and confidential alternative to the enforcement activities regarding, and potential litigation of, this charge. If your organization agrees to mediate this charge, you will not be required to submit a position statement or other evidence while the charge is in mediation. If the charge is successfully resolved in mediation, the EEOC will terminate its proceedings in this matter.

SYN-D-0075

Important Notice
Mediation Invitation
Page Two

No investigation.  No production of evidence.  No onsite visit.  No testimony.  No disruption to your business.  No potential litigation.  No costly expenses.  No hassle!  It is really that simple!  If the charge is not resolved through mediation, then the case will be forwarded for further enforcement activities and you will be directed to provide evidence relevant to the EEOC's investigation.

We believe mediation is an expedient, efficient and fair process for resolving employment disputes.  It allows you to make good business decision and put closure to a matter that would normally cost a considerable amount of money and take months or years of your time.  Mediation can resolve this matter for you in a single day and the mediation conference can be scheduled within the next couple of weeks.  If you have not tried the EEOC's National Mediation Program, you owe it to your organization to find out more about it and to participate in one of the most successful mediation programs in the world!  Please feel confident that information discussed with the assigned mediator, other staff of the National Mediation Program, or me, is strictly confidential and not revealed to the enforcement and/or litigation staff, regardless of whether or not the charge is settled in mediation.

Please complete the enclosed invitation and either fax it to me at the above facsimile number or mail it to me at the above address so that it is received within ten days from the date of this letter.  **Again, please be advised that if we do not hear from you within ten days from the date of this letter, the invitation to participate in mediation will be rescinded and the case will be forwarded to our enforcement staff for appropriate proceedings.**

If you have any questions about the suitability of this matter for mediation, or if you would otherwise like to discuss the EEOC's National Mediation Program, please feel free to contact me at 215-440-2819.  I am confident that if you give mediation a try, you will agree with me that it is an excellent way of resolving the type of employment dispute raised by the subject charge.

Sincerely,

*Phil A. Goldman*

Phil A. Goldman
ADR Coordinator

SYN-D-0076



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office - Mediation Program**

The Bourse Building
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106
(215) 440-2816
TTY (215) 440-2610
FAX (215) 440-2822

## MEDIATION INVITATION RESPONSE FORM

**We appreciate your cooperation in responding to this invitation
by completing the appropriate option(s) below and returning
this form within seven (7) days from receipt of the charge.**

170-2006-00048 – Jourdean S. Lorah  v.  Synerfac Agency

Charge Number & Case Name

You are hereby invited to participate in the Equal Employment Opportunity Commission's Mediation Program.  As explained in the attached information sheet, we are making available this effective, neutral  and confidential process to respondents and charging parties as a highly desirable alternative to the investigation and possible litigation of employment disputes.  If you agree to participate in mediation, it is not necessary to respond to the charge and/or to any request for information at this time.  The response will be suspended until the completion of mediation.  If you choose not to take advantage of utilizing this highly popular process, you must respond to the charge and/or any request for information by the date specified in the Notice of Charge of Discrimination.

Please return this form to:      Phil A. Goldman, ADR Coordinator
Philadelphia District Office
Equal Employment Opportunity Commission
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

Fax:  215-440-2822

(   )    The Respondent would like to participate in the mediation program

Provide 3 Proposed Dates (Within 21 Calendar Days):_____  _____  _____

Name(s) of Attendees:_____

(   )    The Respondent declines to participate in the mediation program
If you decline to participate in the mediation program, the ADR Coordinator would appreciate you stating the reason for declining.  This information will be used for evaluative purposes only.

Comments:_____

_____
On behalf of Respondent  (Please Print Clearly):

Name:_____  Title:_____

Street Address:_____

City,  State & Zip:_____

Telephone: _____ Fax: _____

E-mail: _____

SYN-D-0077



RECEIVED

MAY 2 3 2008

**SYN-D-0078**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Jourdean Lorah** | : | **C. A. No.   06-cv-00538** |
| Plaintiff, | : | |
| v. | : | |
| **Tetra Tech, Inc.** | : | |
| Defendant. | : | |

### NOTICE OF DEPOSITION

**TO:**     Jourdean Lorah
114 Walls Ave.
Wilmington, DE 19805

**DEPONENT: Jourdean Lorah**

PLEASE TAKE NOTICE that on June 10, 2008 at 12:00 p.m., the undersigned shall proceed at the law offices of Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware, before a person authorized by the State of Delaware to take the testimony upon oral examination of the above-mentioned deponent with respect to all matters relevant to the subject matter of this action. The deposition will take place on the designated date and will continue from day to day until completed.

Respectfully submitted,

Of Counsel:
Sara A. Begley
Shannon Elise McClure
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100

By: /s/ Katharine V. Jackson
Katharine V. Jackson (DE Bar ID No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

Attorneys for Defendant,
Tetra Tech, Inc.

Dated: May 22, 2008

PHLLIB-2269527.2-DARZEPEL

DKT NO.: 45
DT FILED: 5-22-08

SYN-D-0079

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of Defendant's Notice of Deposition Directed to Plaintiff was served via U.S. First Class Certified Mail, Return Receipt Requested upon the following:

> Jourdean Lorah
> 114 Walls Ave.
> Wilmington, DE  19805


/s/ Katharine V. Jackson
Katharine V. Jackson


Dated: May 22, 2008

SYN-D-0080

████████████████████████████████████████

**Notices**

1:06-cv-00538-SLR Lorah v. Tetra Tech Inc.

PaperDocuments

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Jackson, Katharine on 5/22/2008 at 4:14 PM EDT and filed on 5/22/2008

**Case Name:** Lorah v. Tetra Tech Inc.

**Case Number:** 1:06-cv-538

**Filer:** Tetra Tech Inc.

**Document Number:** 45

**Docket Text:**
**NOTICE of Notice of Deposition by Tetra Tech Inc. (Attachments: # (1) Certificate of Service)(Jackson, Katharine)**

**1:06-cv-538 Notice has been electronically mailed to:**

Sara A. Begley    sbegley@reedsmith.com, pbriganti@reedsmith.com

Katharine V. Jackson    kjackson@reedsmith.com, smcclure@reedsmith.com

Shannon E. McClure    smcclure@reedsmith.com

David E. Wilks    dwilks@reedsmith.com

**1:06-cv-538 Notice has been delivered by other means to:**

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/22/2008] [FileNumber=571563-0]

SYN-D-0081

[8cf5124234df5eb58540f80123a2bedb0d412ba9f6de8f2a3cd140897422926b5699
dc4ddad6a72523706fc93cf605ede14d1a8790b1c8fb57c09be9c78806a8]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/22/2008] [FileNumber=571563-1]
[a43ef0239ac3930629a5971022335db11e5afa3a54e359723cbfb044bb4daf18bc5b
0c4ef59df2cc2c6c2395504045f21839e3bd897b461d8979952ec760d863]]

SYN-D-0082