**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOURDEAN LORAH | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-00538-SLR |
| | : |
| TETRA TECH, INC. | : |
| | : |
| Defendant. | : |

## EXHIBIT TO LETTER (D.I. NO. 53)

Dated: June 27, 2008        By:  /s/ Katharine V. Jackson
                    Katharine V. Jackson (No. 4800)
                    1201 Market Street, Suite 1500
                    Wilmington, DE 19801
                    Phone: (302) 778-7500
                    Facsimile: (302) 778-7575
                    E-mail: kjackson@reedsmith.com

                    Attorneys for Defendant Tetra Tech, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AND IN NEW CASTLE COUNTY

Jourdean Lorah - Plaintiff                    Civil Action No. 07A-05-001 JRS
114 Walls Ave.
Wilmington, Delaware 19805


VS.


The Department of Labor -Defendants        Tatnall School-Defendants
Division of Industrial Affairs              Administration-

                                            1501 Barley Mill Road
P.O. Box 9954                               Wilmington, Delaware 19801
Wilmington, Delaware 19809-9954

4425 N. Market Street
Wilmington, Delaware 19802

Case No. 07020103W
#17C -2007-00480


## NOTICE OF APPEAL


    The charging party making this appeal is Jourdean Lorah, Plaintiff before

the Superior Court.

    The appeal is from the Department of Labor /Division of Industrial Affairs

Board's decision dated April 20, 2007. The grounds for the appeal as follows:


1. No investigator was assigned to the continuing violation under Title VII (age,

gender and disability). The discrimination charge (1.) was drafted on February 28,

2007. Charging party spoke with Tom Smith approximately one month later (March

2007). Mr. Tom Smith informed Jourdean Lorah that it was too early to assign her

TS00001

TATNALL-D-0001

case. Case was dismissed (2.) without an investigation/or assigned investigator on April 20, 2007. Therefore the Charging party, Jourdean Lorah is denied the administrative process which continues to violate her rights under Title VII.

2. Charging party, Jourdean Lorah has proved her age with her(3.) birth certificate. Jourdean Lorah is a forty eight year old woman who has suffered a continuing violation under Title VII (age, gender and disability). Jourdean Lorah's colleagues at Tatnall School were all younger. The Charging party/Plaintiff-Jourdean Lorah was replaced with high school students who were considerably younger with less experience. The high school students were involved with misconduct (sexual harassment, age discrimination) who threatened the Plaintiff, Jourdean Lorah that she is, "going to be fired ". The Plaintiff, Jourdean Lorah is not a high school student and she was not involved with any misconduct. The high school students are in need of training. The reasons given for the wrongful termination by Tatnall was the misconduct of the high school student not the Charging Party, Jourdean Lorah. Charging party, Jourdean Lorah is highly skilled and degreed with a degree in Applied Science (4.) with sixteen years of experience.

3. Plaintiff, Jourdean Lorah was wrongfully terminated without a reason. The employer Tatnall School responded by saying the charging party's performance was poor. However, the deputy rulings(5.) are not in favor of Tatnall School. Tatnall School did not appear at the scheduled hearing, nor did Tatnall School provide the deputy with evidence of a poor performance. Jourdean Lorah did appear with a brief proving her argument. There was no oral or written performance review given

TS00002

TATNALL-D-0002

to the Plaintiff, Jourdean Lorah before or when she was wrongfully terminated.

4. The Department of Labor/Division of Industrial Affairs has a duty to provide the administrative remedies which investigate discrimination, and or charge all who are involved with violating a person's equal opportunity (age, gender and disability). Thus, resulting in the right to sue. The violation is continuing and the Plaintiff, Jourdean Lorah never receives her promotions, training for higher positions and she is often sexually harassed in a hostile or an offensive manner. Plaintiff, Jourdean Lorah has substantially proved her claim. Without demonstrative remedy, Plaintiff, Jourdean Lorah is wrongfully denied.

5. The Plaintiff, Jourdean Lorah is in need of equal opportunity to meet the financial responsibilities of managing a home. The Plaintiff is financially poor and should not be on welfare (6.). Jourdean Lorah has a disability of asthma/allergies that is regularly treated. She is not at risk. Under the laws of ADA, a person has a disability if there is a history of the illness (8.) that is regularly treated. Plaintiff, Jourdean Lorah was hit in the face several times with a chemical (Nov. 28, '06 and Nov. 29, '06) while she was employed at Tatnall School. The chemical affected the Plaintiff's breathing capacity. Plaintiff, Jourdean Lorah reported the chemical whiff to OSHA on Nov. 30, 2006 and the case was transferred to EPA. One week after the complaint was filed with (7.) OSHA, Jourdean Lorah was wrongfully terminated.

6. Plaintiff, Jourdean Lorah has the right to equal opportunity, training for higher positions utilizing her skills, and she has the right to work without sexual

TS00003

TATNALL-D-0003

harassment and discrimination. The Charging party should not have to accept conditions of her employment contracts as a marriage contract. Contracts for employment result in a divorce by her colleagues as if she is not compatible (medical privacy - under seal with Federal court) Jourdean Lorah is not a man. Both of her male colleagues who work at Tatnall are younger and they were aware of the chemical in the air. The male colleagues manage to keep their positions as they also violated the Plaintiff, Jourdean Lorah.

7. Last, Plaintiff, Jourdean Lorah needs to address that her event from March of 1966 which is presently in the Martin Luther King Library(9.) is not for the use of those companies, employers, employees, high school students, children or parents who deny the Plaintiff, her worth and her place. One is worthy when they have become educated and they have accomplished their goals. It is illegal to steal one's title or ones worth when it is documented on a (reel) in a historical library. The document is not intended for the financial gain of others while it extorts or denies the Plaintiff, Jourdean Lorah. The document is historically about equal opportunity, not greed.

The appeal is being taken to the Superior Court of the State of Delaware and in New Castle County.

Date: May 4, '07

Appellant's Signature
Jourdean Lorah
Address: 114 Walls Ave.
Wilmington, Delaware  19805
(302)-225-0540

TS00004

TATNALL-D-0004

## Supporting Documents for Appeal

**Department of Labor/Division of Industrial Affairs** ....................................**1.**

    **A. Drafted Charge of Discrimination**

**Department of Labor/Division of Industrial Affairs** ....................................**2.**

    **A. Letter of Dismissal**

**Birth Certificate** ...................-.............................................................**3.**

**Copy of Applied Science Degree**............................................................ **4.**

    **A. References verifying experience**

**Deputy Rulings** ...................................................................................**5.**

**Letter from Patty Lorah (financial responsibilities)** ....................................**6**

**OSHA/EPA**........................................................................................**7.**

**Medical Documentation/Disability**..........................................................**8**

**Copy of Historical Document** ................................................................**9.**

    **A.-Martin Luther King Library (reel)**

**Gender Discrimination**........................................................................**10**

TS00005

TATNALL-D-0005

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA  ☒ EEOC | 17C-2007-00480 |

| Delaware Department of Labor | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Jourdean S. Lorah | (302) 225-0540 | 01-27-1959 |

| Street Address | City, State and ZIP Code |
|---|---|
| 114 Walls Avenue, Wilmington, DE 19805 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| TATNALL SCHOOL | 25+ | (302) 892-4328 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1501 Barley Mill Road, Wilmington, DE 19807 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-14-2006    Latest: 12-07-2006

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Jurisdiction:** Charging Party was employed with Respondent as a Co-Coordinator/Counselor since 8/14/06, ending 12/7/06 in Wilmington, DE.

**Protected Status:** Sex (gender); Age; Disability; Retaliation

**Adverse Employment Action:** Sexual Harassment; Discharge

**Brief Statement of Allegations:** Charging Party alleges that Respondent subjected her to harassment and disparate treatment based on her sex, age and disability. Specifically, Charging Party claims that she disclosed her disability on an emergency information form to faculty and staff upon hire. Thereafter, Charging Party claims that her younger male co-workers made negative comments about her disability and her female student/co-worker (Kendall Smith) exposed her breast to Charging Party in front of other elementary aged children. Charging Party claims that she complained about the schools chemical odor which negatively affected her disability in the end of November 2006 to OSHA. Further, Charging Party claims that she reported Ms. Kendall's inappropriate sexual behavior to her supervisor (Ms. Cathgard) however the matter was not resolved and Ms. Kendall said to Charging Party, "You are the one that is going to be fired".

**Respondent's Explanation:** None given

**Applicable Law(s):** Title VII of Civil Rights Act of 1964, as amended; DE Discrimination in Employment; Americans with Disabilities Act; DE Handicapped Persons in Employment Act

**Comparator(s) or other specific reason(s) for alleging discrimination:** Charging Party claims that she endured a hostile work environment based on her sex, age and disability which escalated to her ultimate discharge because she complained to OSHA about the chemical odor and sexual gestures of her younger female student/co-worker to her supervisor. Charging Party also claims that the decision to ultimately discharge her was also made by two younger males (John Burnett, Co-Coordinator and Matt Jones, Asst. Manager) because they witnessed the disparaging comments about sexual harassment reported to her supervisor and the Asst. Manager. Also, Charging Party claims that these two males witnessed the chemical odor in the air on November 27th and the 28th. Charging Party claims that Respondent disregarded her superior qualifications and experience compared to her younger colleagues. Charging Party claims that two weeks prior to her discharge, two younger Tatnall high school students became employees, including Ms. Kendall. Charging Party claims that Respondent did not provide prompt and corrective action regarding her complaints about sexual gestures, her disability and overall comments amongst staff and clients. Ultimately, Charging Party claims that as the oldest worker, her younger co-workers and management staff decided to replace her with younger workers as a form of retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Feb 28, 2007 | *Jourdean Lorah* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
|---|---|---|
| Date | Charging Party Signature | |

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Jourdean S. Lorah
114 Walls Avenue
Wilmington, DE 19805

Case No. 07020103W

vs.

TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. In this matter, she alleges she was discriminated against because of her age, her gender, her disability, and that she was retaliated against for opposing the Respondent's discriminatory practices. Because of this disparate treatment, the Respondent discharged her. The Respondent denies these allegations. They contend the Charging Party was discharged due to performance issues and because of disputes she had with coworkers. The parties have each submitted a substantial amount of information supporting their respective positions. However, the evidence in the record does not support the Charging Party's allegations of disability discrimination, retaliation, or of a hostile work environment prohibited by the anti-discrimination laws. To rise to the level of actionable harassment, the conduct must be extreme so that it unreasonably interferes with the employee's work performance. Sporadic use of language such as those comments complained of by Charging Party does not amount to discriminatory changes in the terms and conditions of employment. The anti-discrimination laws are not intended to serve as a workplace civility code. The Charging Party was afforded the opportunity to submit additional information in support of her allegations. She exercised her right to do so however, the information she submitted was insufficient to meet her evidentiary burden in this matter. Accordingly, this No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_____
4/20/07
Date Issued

_____
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TS00007

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

# Hospital Birth Certificate

## This Certifies that

JOURDEAN SARAH LORAH

Was Born in Sibley Memorial Hospital, Washington, District of Columbia, at _11:18_ A. M. TUESDAY

January 27th 19 59.

In Witness Whereof the said Hospital has caused this Certificate to be signed by its authorized officer and its Corporate Seal hereunto affixed

_John M. Orem, M. D._

President

### Family History

Father's full name RAY LEON LORAH

Residence 2205 – 40th Pl., N.W., Washington, D.C.

Birthplace Washington, D.C. Date November 3, 1931

Mother's maiden name PATTY JO COBB

Birthplace North Carolina Date February 10, 1937

"No good thing will He withhold from them that walk uprightly"

TS00008

3



# Commonwealth of Virginia
## State Board for Community Colleges

# Northern Virginia Community College

This is to certify that

## Jourdean Sarah Lorah

is awarded the

# Associate in Science Degree

with a major in

## General Studies

together with all of the rights and privileges appertaining thereto:

Given at Annandale, Virginia, this eleventh day of August, Nineteen hundred and ninety-five.





Constance L. Beard
Chair, State Board for Community Colleges

Belvoa J. Richardson
Chair, College Board

Arnold R. Oliver
Chancellor, Virginia Community College System

Richard J. Ernst
College President

TS00009

TATNALL-D-0009



# FAIRFAX-BREWSTER SCHOOL

5860 Glen Forest Drive

Bailey's Crossroads, Virginia 22041

(703) 820-2630

4/24/00

To Whom It May Concern:

This letter will serve as a reference for Miss Jourdean Lorah. Ms.Lorah was employed by the Fairfax Brewster School as a fourth grade teacher during the 1999-2000 school year. She taught all subject areas and also Art Club during our after school program.

Miss Lorah was a dependable, caring, and dedicated teacher. She was very creative and went the extra mile to provide interesting lessons for the children. Jourdean displayed patience and always tried to provide individual attention to all of her students.

Should you need any further information regarding Miss Lorah, please feel free to contact me at the number listed above.

Sincerely,

Katherine B. Webster
Principal

TS00010

4a

TATNALL-D-0010

August 27, 1997

To Whom This May Concern:

Please consider this as a reference letter for Jourdean Lorah.

Jourdean came to work at Christian Fellowship School while I was administrator. She worked from February 1, 1997 through the end of the school year as our part time Art Teacher. She was always on time, very well organized and ready for the children. There were many times I had to call on her for extra Art time. She was a good team player. If the teachers went to her requesting a special art project, she would do her best to help. The children looked forward to Art time with Jourdean. If given the opportunity, I would like to have Jourdean back on my staff.

In His Service

*Pat Edwards*

Pat Edwards

TS00011

4A

TATNALL-D-0011

# Cloverlawn Academy

**703-538-4022**

*International*

3455 N. Glebe Road
Arlington, Virginia 22207 USA

May 28, 1998

To Whom It May Concern;

    Miss Jourdean Lorah worked at Cloverlawn Academy from September 1997 to June 1998. Her duties were Elementary Art Teacher as well as Academic Teacher for grades three, four and five.

    She is an outstanding Art Teacher guiding and inspiring each student to understand the principles of Art and to execute what they see and feel into meaningful sculpture, pictures and other Art forms. She initiated a time line for Art studies that broadened the scope of social values and historical progress to accompany each area of study. Students and parents were very appreciative of her sensitive and dedicated direction.

    Miss Lorah's teaching of academics was well prepared and interestingly presented. She was careful to build and strengthen foundations in Math, Reading, Literature, Spelling, Social Studies, Geography and History while encouraging gifted students to go beyond grade expectations. She also served on the playing field and in Study Hall.

    Miss Lorah is very talented in Drama Direction and Stage Prop production. She helped in the Principal's office and in meeting guests.

    She is reliable, honest and punctual. She would be a credit to your institution.

Sincerely,

*Mary Harper Clark*

Mary Harper Clark

*Principal*

TS00012

4A

# BURGUNDY FARM SUMMER DAY CAMP

3700 BURGUNDY ROAD, ALEXANDRIA, VIRGINIA 22303   (703) 329-9495

August 4, 1998

To whom it may concern:

Jourdean Lorah was employed at the Burgundy Farm Summer Day Camp from June 15 - August 6, 1998. She was the head counselor in the painting and drawing section of our Visual Arts Division. Jourdean was responsible for planning the activities, supervising the campers, and supervising and training a senior counselor. She worked with a group (coed) of 16 campers between the ages of 8-12 years old.

Jourdean is extremely organized and prepared for her job each day. She arrives on time ready to work with a smile and a positive attitude. Her lessons plans are well written and complete. She is always attentive to the children and focuses on the process of their art as well as the product. The children have produced wonderful art projects during camp under Jourdean's tutelage.

Jourdean had a difficult camper this summer and was able to reach out positively to this child and work with him to provide him with a great camp experience. His mother was very grateful to Jourdean for being so patient and positive with him during his most difficult times.

I would recommend Jourdean for a position working with children. She is a dedicated educator. Her style of teaching would work well for children with ADD as it provides both structure and focus.

Sincerely,

Lynne Farmer
Camp Director

TS00013

4A

TATNALL-D-0013

State of Delaware
Department of Labor
Division of Unemployment Insurance



Notice of
Determination
UC-409

| Claimant | JOURDEAN S. LORAH | SS Number: | | Delivered by Mail |
| Address | 114 WALLS AV | Local Office: 2 | | Redet: No |
| | | Fund Code: 10 | | Count: Yes |
| | WILMINGTON, DE 19805 | Claim Date: 01/07/2007 | | |
| | | Date of AC: | | |
| | | Case Number: 20012682 | | |

**Findings of Fact:**

The claimant last worked for Tatnall School on 12-7-06. The claimant maintains she was let go, and no reason was given. The employer indicated the claimant was discharged due to poor performance. A request from the Department for misconduct information was never received.

In a discharge case, the burden of proof is with the employer to prove the claimant was discharged with just cause. Just cause for discharge refers to a willful or wanton act in violation of either the employer's interest or of the employee's duties or of the employee's expected standard of conduct. The employer has not met this burden. The claimant is eligible as she was discharged without just cause in connection with the work.

**Title 19 of Delaware Code 3314(2)**

An individual shall be disqualified for benefits: For the week in which he was discharged from his work for just cause in connection with his work and for each week thereafter until he has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

# REDACTED

TS00014

**Determination:**

You were discharged by your employer without just cause in connection with the work. Therefore, you are not disqualified from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, Delaware Code and will be eligible to receive benefits for each week of unemployment insurance benefits claimed for which the division determines you meet the eligibility requirements of Section 3315, Title 19, Delaware Code. The division shall issue a determination for any week(s) of unemployment insurance benefits claimed for which you are subsequently deemed ineligible to receive benefits.

Claims Deputy Signature: _Mary Ann Brown_    Date: 01/24/2007

If you disagree with this determination, you should ask the Claims Deputy for an explanation. If you are not satisfied with the explanation, you may file an appeal.

## Claimant and Employer Appeal Rights

This determination becomes final on    02/03/2007    unless a written appeal is filed. Your appeal must be received or postmarked on or before the date indicated. If the last date to file an appeal falls on a Saturday, Sunday or Legal Holiday, the appeal will be acceptable the next business day.

If you file an appeal and are still unemployed, you must continue to file weekly claim pay authorization forms with the local office, as directed, until you receive a final decision.

| Employer Name and Address | TATNALL SCHOOL<br>ATTN: MARYANN WHITE<br>1501 BARLEY MILL RD.<br>WILM, DE 19807 | Your assessment employer account will be charged in this case. |

TATNALL-D-0014

UC-303
Document 60-06/96/02/01



**DELAWARE
DEPARTMENT OF
LABOR**

DIVISION OF UNEMPLOYMENT INSURANCE
APPEALS
4425 N. MARKET STREET
P. O. BOX 9950
WILMINGTON, DE 19809

**DISMISSAL**

**REDACTED**

## REFEREE'S DECISION

**CLAIMANT**

JOURDEAN S LORAH
114 WALLS AVE
WILM DE 19805

**EMPLOYER**

TATNALL SCHOOL
ATTN: MARYANN WHITE
1501 BARLEY MILL RD
WILM DE 19807

APPEAL DOCKET NUMBER:    20012682

SOCIAL SECURITY NO.:

DATE OF CLAIM:    1-7-07

DATE OF APPEAL:    2-1-07
                                    SCHEDULED
DATE OF HEARING:    2-20-07
                                    NONE HELD
PLACE OF HEARING:    NEWARK

DATE DECISION MAILED:    2-21-07

LAST DAY TO FILE AN APPEAL:    3-3-07

### RIGHT OF FURTHER APPEALS

Section 3318, Title 19, Delaware Code, provides that any interested party involved, the claimant, the employer, or the Claims Deputy has a right of appeal from the decision of the Referee to the Unemployment Insurance Appeal Board, and further provides that the opinion of the Referee "shall be deemed to be the final decision of the Department of Labor unless within 10 days after the date of notification or mailing of such decision further appeal is initiated ..." You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened. The appeal may be made at the local office or directed to Department of Labor, Division of Unemployment Insurance, 4425 N. Market Street, P.O. Box 9950, Wilmington, DE 19809.

APPEARANCES: THERESA MATTHEWS, APPEALS REFEREE; JOURDEAN LORAH, CLAIMANT.

CLAIMS DEPUTY'S DETERMINATION:   THE CLAIMANT WAS DISCHARGED FROM THE WORK WITHOUT JUST CAUSE IN CONNECTION WITH THE WORK AND IS ENTITLED TO THE RECEIPT OF BENEFITS.

STATUTORY PROVISION INVOLVED: Title 19, Delaware Code, Section 3314 (2)

**\*DUE TO THE EMPLOYER'S FAILURE TO APPEAR AND PROSECUTE THE APPEAL AT THE SCHEDULED HEARING TIME, THIS CASE IS DISMISSED BY ORDER OF THE REFEREE.**

TS00015

Patty J. Lorah
114 Walls Ave.
Wilmington, Delaware 19805

January 2, 2007

Equal Employment Opportunity Commission
Philadelphia District Office
Attention: Mr. King
21 South Fifth Street
Philadelphia, Pennsylvania

Dear Mr. King,

I am a concerned parent of Jourdean Lorah who resides with me at 114
Walls Ave. in Wilmington, Delaware. There seems to be a pattern of
employment which results in either a layoff or a wrongful termination where no
explanation or reason is given. My daughter's employment usually lasts
approximately three months, each time resulting in a financial hardship with no
retirement and unemployment compensation. Jourdean Lorah has financial
responsibilities each month as a resident in my home.

Please contact me if there is anything that I can do or discuss with you. I know
an overburden of cases is a hardship at this time but any consideration you could
give us would be highly appreciated. I can be reached at 302-381-2637 (if
possible to have a telephone conversation).

Sincerely yours,

Patty J. Lorah

Patty J. Lorah

Mr. Kings
I will be back in the area
in Feb. if we need to set up a
meeting.        Thank you,

TS00016

6

**U.S. Department of Labor**

Occupational Safety and Health Administration
919 Market Street
Suite 900
Wilmington, DE 19802



Reply to the Attention of:
Vincent Soss
Area Director
(302) 573-6518

November 30, 2006

Lorah Jourdean
114 Walls Avenue
Wilmington, DE 19805

Dear Ms Jourdean:

In response to your nonformal complaint of health and/or safety hazards at:

    THE TATNALL SCHOOL, INC.
    1501 BARLEY MILL ROAD
    WILMINGTON, DE 19807

The Occupational Safety and Health Administration (OSHA) has sent a letter to THE TATNALL SCHOOL, INC. requesting that the appropriate action be taken to correct the situation. Enclosed is a copy of that letter for your information. As the letter indicates, the employer has been given 5 days to correct the hazards.

Please notify me if no correction has been made within 5 calendar days. We have not revealed your identity to the employer. When we receive additional information from the employer, we will notify you of his response.

Section 11(c) of the OSH Act provides protection for employees against discrimination because of their involvement in protected safety and health related activity. If you believe you are being treated differently or action is being taken against you because of your safety or health activity, you may file a complaint with OSHA. You should file this complaint as soon as possible, since OSHA normally can accept only those complaints filed <u>within 30 days of the alleged discriminatory action</u>.

Your continued interest in workplace safety and health is appreciated.

Respectfully,

*Vincent Soss*
Vincent Soss
Area Director

TS00017

TATNALL-D-0017

TS00021



**BALMY DAY**—Everybody was outdoors yesterday, drawn by the balmy 65-degree weather. Three sewers, taken more or less at random, were shot in the Northwest Washington vicinity of Glover-Archbold Park. Try to gain speed and balance, at left is a 5-year-old named Judy. The reading couple at center thru reading "The King Must Die"; might have had better seats inside, but they'd have missed the nice day. Winding up spring training at right are Ned Gold (left) and Fred Johnson, both 13. This week will be similarly warm, the Weather Bureau said, with springlike showers.
—News Photo by Godfrey Dittoer

### What Goes on Here

## D. C. Crime Up 13 Per Cent

The District had a total of 1731 serious crimes last month, a 12.5 per cent increase over February, 1962, police reported today. It was the 40th month in a row that crime has risen here.

There were decreases only in housebreakings and auto thefts of 4.3 and 22.3 per cent, respectively. Biggest increase was in petty larcenies, which jumped 202 cases or 68.3 per cent.

Murders were up 4 or 40 per cent; rapes 4 or 21 1/2 per cent; robberies 15 or 4.6 per cent; aggravated assaults 44 or 1.78 per cent; and grand larcenies 15 or 22.2 per cent. Police "clearances" of crimes were down from 32.5 per cent in February, 1962, to 30.4 per cent last month.

### ¶ Navy Yard for GPO?

The District Commissioners are considering a proposal to the National Capital Planning Commission that the Navy Yard, in Southeast Washington, be designated as the site for a new Government Printing Office. The Commissioners' delegate abstained earlier this month in an NCP vote to reverse previous action placing GPO on the National Training School site, thus defeating the move.

### ¶ Crash Kills Md. Man

Joseph C. Boswell, 63, of 7015 Freeport-st, Hyattsville, was fatally injured Saturday when his car hit a tree on Minnesota-av se. His death was the 21st this year in D. C. traffic; last year the toll at this time was 32.

### ¶ Poverty War—'Fiddling Around?'

Civil rights organizer Bayard Rustin, speaking here at the Church of the Redeemer said the War on Poverty amounts to "fiddling around with little projects . . . 79 per cent of which have been done for the last 200 years." He said job training is foolish. "You can't train any segment of the population unless there's a demand for work." He suggested massive federal public works projects.

### ¶ Brewster Raps FAA

Sen. Daniel Brewster (D., Md.) charged that the Federal Aviation Agency is afraid to hold public hearings on allowing jets at National Airport. The roar of jets he added, would spoil the Watergate Concerts, the Sylvan Theater's Shakespeare program, the Cherry Blossom Festival and maybe even the Fourth of July fireworks at the Washington Monument.

### ¶ Hot Shoppes Robbed—Again

The Hot Shoppes restaurant at Fourth-st and Florida-av ne was held up early yesterday for the second time in less than a week. Early last Monday a lone bandit got cash. Yesterday two bandits walked in the back door, left upon the trash removal, put a gun to the head of manager John Michael, 25, forcing him to open the safe, which yielded them $3700.

### Va. Assembly Stops Clock

RICHMOND, March 14 (P)—The 1966 session of the Virginia General Assembly was history today, but no Sept. 1 to action will become very evident.

On that date, a 2 per cent state sales tax will go into effect. As will a 1 per cent motor vehicle excise tax. All present city sales taxes will stop, but both counties and cities will be able to add a 1 per cent tax to the state levy.

The state sales tax, signed into law Saturday by Gov. Mills E. Godwin Jr., will jump to 3 per cent in 1962.

The Assembly was forced to stop the clocks 15 minutes before the midnight deadline Saturday for the 60-day session. Final adjournment did not come until 6:15 a.m. Sunday in the Senate, one minute after House adjournment.

---

## Business Support Expected

# Boycotters Head for 14th-st



The Free D. C. Movement, claiming victory on U-st, shifts as home run drive to the 14th-st nw area between U-st and Park Road this week.

Rev. William A. Wendt, president of the Universal Neighborhood Council, who will head the drive in the new area, said today the first meeting to organize will be held tomorrow.

**MEETING**

The meeting tomorrow will call together representatives of area civic groups including the Upper Cardozo Men's Club, and the University Neighborhood Council.

...

"I think that quite a few of the merchants up here will line up with us, and against the opposition of the Board of Trade," Dr. Wendt said.

Dr. Wendt said that after organizational meetings are held this week he is hopeful that the drive will get underway "immediately." As was the case in the 14-st nw area, people will be urged to shun merchants who refuse to display a "Free D.C." sticker.

George Freedman, president of the Columbia Heights Businessmen's Association, an organization of 80 merchants in the 14th-st area, said members...

...of the Association hadn't been polled about the drive.

"I can only speak for myself," he said. "I'm for it. I imagine many others will be, too."

The boycott of the H-st area wound up Saturday when 200 supporters of the Free D.C. Movement staged a "victory march" up H-st in Northeast in the 13-block area where the drive was centered.

Meanwhile, the Movement remains at loggerheads with the NAACP over the boycott.

Movement leader Marion Barry said it was unfortunate that the NAACP was...

...not supporting the Movement and that "quite frankly I don't understand their reason. NAACP officials attended all of the early meetings of the movement and almost have understood what the movement was doing."

**ANSWER**

Yesterday the NAACP's national director, Roy Wilkins, speaking at a membership drive at Metropolitan Baptist Church, claimed that the boycott was a futile effort.

"It's an error to think if you make a corner merchant sign up, it will bring about home rule. Home rule is made in Congress," Mr. Wilkins said.

And D.C. Democratic Chairman Joseph L. Rauh told a Unitarian workshop for religious liberals that boycotting merchants who refuse to back home rule is a "terrible blunder," but Congress, he added, is to blame for creating the situation that brought it about.

"Whom are we to condemn?" he asked. "Those who wanted justice or those who have denied our aspirations?"

---

## Hearings Open on Colleges for D. C.

# 'The C Student Is More Important'

Sen. Wayne Morse (D., Ore.) struck a blow for the C student today at his District Education subcommittee opened hearings on legislation establishing public colleges here.

"I am not at all interested in supporting a higher education program in this city that is going to be limited to the so-called superior student," he told a standing-room-only audience in a 25-minute introductory statement.

"The C student is more important in the educational system because there are so many of them. Raising entrance requirements in colleges, in my judgment, is immoral because that is sacrificing human value."

**2 SCHOOLS**

His bill would establish a two-year public community college and a four-year public college of arts and sciences planned and operated by a Higher-Education Board.

Sen. Morse pointed out that by 1976, when present first graders are graduating from high school, "over 60 per cent of all employment opportunities will be in professional, man-...

...agerial or skilled technical occupations" requiring higher education.

Sen. Margaret Chase Smith (R., Me.), in supporting the bill, said that only in the District are there no programs for...

...strengthening public higher education.

Peter S. Muirhead, Associate Commissioner for higher education in the U. S. Office of Education, pledged help in developing the proposed public colleges.

---

## Integration Called Traffic Hazard

# Casto Raps School Board Head

"Arlington County Board member Harold J. Casto today accused the chairman of the County School Board of "deliberately deceiving" parents by withholding letters from police warning of traffic dangers to children, if the chairman's plan for integrating six North Arlington elementary schools is carried thru.

Mr. Casto released two letters, dated March 4 and 11, from Police Chief William G. Pryover, which said that three Globe Road intersections are so dangerous that children should be "transported by bus" rather than cross them.

Mr. Casto said about 150...

...children would have to cross Globe Road to reach Langston School under School Board Chairman John Read Spicer's integration plan.

Mr. Casto said he was "shocked" that Mr. Spicer didn't show the March 4 letter to advisory committees from the six schools that met on March 9. He said he was releasing both of them so the public would have the information before the final school board meeting on the subject Thursday.

Mr. Spicer said the latter, calling the March 4 meeting and "many traffic...

...officials are working out tentative plans to assure the safety of any children who would cross Globe Road to attend Langston."

He said this is "the type of deception we might expect of the school-boy-level but totally unworthy of a school board chairman."

He charged Mr. Spicer with concealing the letters; a board in a newspaper statement Saturday that his plan would require "substantially less busing" than two others under consideration.

## CERTIFICATE OF SERVICE

On this day of _____ MAY 4, '07 _____ 2007, the following documents were

either sent or delivered to the Defendants.


**Delaware Department of Labor - Defendants**
**Division of Industrial Affairs**
**Tom Smith**
**Julie Cutler**
**P. O. Box 9954**
**Wilmington, Delaware 19809-9954**
**4425 N. Market Street**
**Wilmington, Delaware  19802**


**Tatnall School - Defendants**
**Administration**
**Michelle Jennings**
**Mrs. Cathgard**
**1501 Barley Mill Road**
**Wilmington, Delaware  19801**

TS00023

TATNALL-D-0019

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN NEW CASTLE COUNTY

### APPEAL FROM AN ADMINISTRATIVE AGENCY

Jourdean Lorah- Plaintiff
114 Walls Ave.
Wilmington, Delaware  19805

C.A. No. 07A-05-001 JRS

Citation on Appeal From the
Decision of: Department of Labor
Division of Industrial Affairs

Date of Decision: April 20, 2007

VS

Department of Labor – Defendants
Division of Industrial Affairs

Tatnall School- Defendants
Administration-

1501 Barley Mill Road
Wilmington, Delaware  19801

4425 N. Market Street
Wilmington, Delaware    19802

THE STATE OF DELAWARE
TO THE SHERIFF OF NEW CASTLE COUNTY;

YOU ARE COMMANDED;

To the Department of Labor/Division of Industrial Affairs of which, within

20 days after service  hereof upon the Custodian of its records, exclusive  of the day

of service, the Custodian shall send to the court a certified copy of the record of the

proceedings below, including a typewritten  copy of the evidence (unless all parties

have an interest in the outcome of the appeal shall file with the Department of

Labor/Division of Industrial Affairs within 10 days from the filing notice of Appeal ,

TS00025

TATNALL-D-0020

a written stipulation that the evidence  may be omitted as part of the record, in

which case the stipulation shall be included as part of the record) with this citation.

Dated:    5/17/07

Prothonotary    _Sharon Agnew_

Per Deputy

TS00026

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

FILED
PROTHONOTARY
2007 OCT 10 PM 4:20

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 07A-05-001 JRS |
| | ) | |
| THE DEPARTMENT OF LABOR, DIVISION | ) | |
| OF INDUSTRIAL AFFAIRS AND THE | ) | |
| TATNALL SCHOOL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF
## ENTRY OF APPEARANCE

PLEASE ENTER THE APPEARANCE of S. Mark Hurd, Esquire, Jason A. Cincilla, Esquire and Amaryah Kishpaugh, Esquire, of Morris, Nichols, Arsht & Tunnell LLP, on behalf of defendant, The Tatnall School, Inc., in the above-referenced matter.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

S. Mark Hurd (#3297)
Jason A. Cincilla (#4232)
Amaryah Kishpaugh (#4879)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendant*
*The Tatnall School, Inc.*

October 10, 2007

TS00027

TATNALL-D-0022

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served copies of the foregoing this 10th day of

October, 2007 by first class mail on the following:

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805


_____
S. Mark Hurd (#3297)

TS00028

Revised October 2007

# SERVICE SHEET

Revised October 2007

| | |
|---|---|
| **MATTER NO.:** | 00000 |
| **CASE:** | Tatnall/Lorah |
| **ATTORNEY:** | Hurd |
| **ASSISTANT:** | Denise D. |
| **PREPARED BY:** | |
| **PHONE:** | 351-9317 |

**INFORMATION**

**DATE:** 10/10/07

☐ SERVICE ONLY
☒ COURT ONLY
☐ SERVICE & COURT

## RUSH/SPECIAL RUN ☐
CHECK ENCLOSED ☐
DISC ENCLOSED ☐

**DELIVER TO**

☐ **BANKRUPTCY COURT**
 ☐ Clerk
 ☐ Chambers
 ☐ Night Box
☐ **DISTRICT COURT**
 ☐ Clerk
 ☐ Chambers
☐ **CHANCERY COURT**
 ☐ Clerk
 ☐ Chambers
☐ **FAMILY COURT**

☒ **SUPERIOR COURT**
 ☒ Prothonotary
 ☐ Chambers
 ☐ Night Box
☐ **SUPREME COURT**
☐ **THIRD CIRCUIT COURT OF APPEALS**

☐ **RECORDER OF DEEDS**
☐ **REGISTER OF WILLS**
☐ **OTHER** _____

**SPECIAL INSTRUCTIONS**

☒ RETURN 1 CLOCKED COPIES
☐ PICK UP DOCUMENTS
☐ OBTAIN SIGNATURE

FILED PROTHONOTARY
2007 OCT 10 PM 4:20

**DOCUMENT(S)**

NOTICE OF ENTRY OF APPEARANCE

☐ COURTESY COPY

## TO BE COMPLETED BY MESSENGER UPON DELIVERY

**DELIVER**

| NAME | LOCATION | RECEIPT ACKNOWLEDGED | DATE / TIME |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If receipt of service is _not_ acknowledged, messenger should, if at all possible, leave documents at the service location and describe on this sheet exactly where they were left. Report the situation immediately to the Assistant.

**MESSENGER INITIALS** _____

TS00029

TATNALL-D-0024

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH,                           )
                                          )
        Appellant, Claimant               )
                                          )
v.                                        )        C.A. No. 07A-05-001 JRS
                                          )
DEPARTMENT OF LABOR, DIVISION             )
OF INDUSTRIAL AFFAIRS, and                )
TATNALL SCHOOL,                           )
                                          )
        Appellees.                        )

**NOTICE OF MOTION**

TO:    Jourdean Lorah
       114 Walls Avenue
       Wilmington, DE 19805

        PLEASE TAKE NOTICE that the attached Motion to Dismiss, will be presented at the

convenience of the Court.

                                STATE OF DELAWARE
                                DEPARTMENT OF JUSTICE


                                Linda M. Carmichael (ID #3570)
                                Deputy Attorneys General
                                820 N. French Street, 6th Floor
                                Wilmington, DE 19801
                                (302) 577-8400
                                Attorney for the Department of Labor,
                                Division of Industrial Affairs

Dated:   November 5, 2007

TS00030

TATNALL-D-0025

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH,          )
                                          )
          Appellant, Claimant     )
                                            )
          v.                    )     C.A. No. 07A-05-001 JRS
                                            )
DEPARTMENT OF LABOR, DIVISION  )
OF INDUSTRIAL AFFAIRS, and      )
TATNALL SCHOOL,              )
                                          )
          Appellees.           )

*2007 NOV -5 PM 2:07*
*FILED PROTHONOTARY*

## DEPARTMENT OF LABOR,
## <u>DIVISION OF INDUSTRIAL AFFAIRS' MOTION TO DISMISS</u>

COMES NOW Defendant, Department of Labor, Division of Industrial Affairs

(hereinafter the "Department"), through its attorney, Deputy Attorney General Linda M.

Carmichael, hereby moves this Honorable Court to dismiss the Appeal on the following grounds:

1.      The Appellant/Plaintiff/Claimant, Jourdean Lorah ("Lorah"), is a resident of the

State of Delaware, who on February 28, 2007 filed a Charge of Discrimination against the

Tatnall School (hereinafter "Employer") with the Discrimination Unit of the Department

(Exhibit 1 to Complaint).

2.      Although the Complaint contains various allegations only paragraphs 1 and 4 of

the Complaint can arguably appear to contain allegations directed toward the Department.  More

specifically, that the Department "has a duty to provide the administrative remedies which

investigate [sic] discrimination, and or charge all who are involved with violating a person's

equal opportunity (age, gender and disability).  Thus, resulting in a right to sue." (Complaint at ¶

4).  Further, that the Department's failure to assign an investigator to her charge of

TS00031

TATNALL-D-0026

discrimination "denied [her] administrative process which continues to violate her rights under Title VII." (Complaint at ¶ 1).

3.      Pursuant to 19 *Del. C.* § 712 (c)(2)(a), the Department may recommend dismissal of a charge after a review of the submission and unless additional information is received which warrants further investigation. The Department investigated the instant case, found that "no reasonable cause to believe that an unlawful employment practice had occurred" and issued a Final Determination and a Right to Sue Notice. (Complaint at Exhibit 2).

4.      The Department, pursuant to 19 *Del. C.* § 712(3) and (5) completed the administrative process and issued a Delaware Right to Sue Notice. (Complaint at Exhibit 2).

5.      The complaint against the Department should be dismissed for the following reasons:

(a)      First, the Court does not have subject matter jurisdiction over the Complaint as the Plaintiff filed it as an Appeal from an Administrative Agency. Subchapter V of Title 29 Chapter 101 – Administrative Procedures permits "[a]ny party against whom a case decision has been decided [to] appeal such decision to the Court." 29 *Del. C.* § 10142(a). However, only certain state agencies are affected by chapter 101. The Discrimination Program of the Division of Industrial Affairs is not delineated on the list of affected state agencies. See 29 *Del. C.* § 10161. Further, the Discrimination Program attempts to mediate employment discrimination issues brought by a charging party. If mediation fails, the Discrimination Program issues a cause or a no cause finding and a right to sue notice. The Discrimination Program does not create a record on which another adjudicative body could review to base a decision.

(b)      Second, Plaintiff improperly named the Delaware Department of Labor as a defendant in her civil rights action. Plaintiff's Title VII charges were filed with the

TS00032

TATNALL-D-0027

Discrimination Program, Division of Industrial Affairs, Delaware Department of Labor against

the Tatnall School ("Respondent"). When the Discrimination Program completed its review and

investigation of Plaintiff's charge a "Final Determination and Right to Sue Notice" was issued

with an attached Notice of Delaware Rights. This Notice provided Plaintiff with the information

necessary for her to continue her Title VII action against the Respondent in the Superior Court.

Plaintiff is well aware of this procedure as she has received numerous Notices of Right to Sue.[1]

Additionally, the Plaintiff has the right to elect either a Delaware or federal forum to prosecute

her employment discrimination cause of action. 19 *Del. C.* § 714(c).

(c)    Third, if Plaintiff elects to proceed in the Superior Court, the relief available is set

forth in 19 *Del. C.* § 715. As stated, the Superior Court has the authority to provide relief in

favor of the Plaintiff through action taken against the Respondent <u>not</u> the Delaware Department

of Labor. *Id.*

6.    To the extent that the Plaintiff seeks to hold the Delaware Department of Labor

liable, the doctrine of sovereign immunity bars such a claim. Sovereign immunity provides that

the State and its agencies may not be sued without its consent. *See* Del. Const. Art. I § 9; *Doe v.*

*Cates*, 499 A.2d 1175 (Del. Supr. 1985). The doctrine of sovereign immunity is part of the basic

law of this State. *Shellhorn & Hill, Inc. v. State*, 187 A.2d 71, 73 (Del. Supr.1962). The doctrine

of sovereign immunity to suit is written into the Constitution of Delaware in Article I, Section 9

and is an absolute bar to all suits against the State unless by legislative act the General Assembly

waives the immunity. *Wilmington Hous. Auth. v. Williamson*, 228 A.2d 782, 786 (Del. Super.

1967); *Raughley v. Dept of Health & Social Serv.*, 274 A.2d 702, 704 (Del. Super. 1971). In *Doe*

---

[1] Plaintiff has received fourteen (14), case numbers: 17C-2002-00349, 17C-2002-00373, 100-1996-00029C, 10D-1996-00124C, 10D-1999-00252C, 100-2001-00275C, 17C-2002-0034C, 17C-2002-00471C, 17C-2004-00092C, 17C-20004-00227C, 170-2005-00466C, 170-2005-02819C, 170-2006-00048C, 17C-2007-00048C.

TS00033

*v. Cates*, the Supreme Court found that, where the State Insurance Program does not provide any insurance, the State retains sovereign immunity unless it is waived by some other legislative act.

7.      The Supreme Court, in *State of Delaware et al v. Sheppard*, 864 A.2d 929, 2004 WL 2850086 (Del. Supr. Dec. 10, 2004), affirmed the two-prong test to be used to determine whether sovereign immunity would bar an action under Delaware law originally articulated in *Pauley v. Reinoehl*. Under *Pauley*, the Supreme Court stated that "a plaintiff must show that '(1) the State has waived the defense of sovereign immunity for the actions mentioned in the complaint; and (2) the State Tort Claim Act does not bar the action.'" 848 A.2d 469, 573 (Del. Supr. 2004). Further, the Supreme Court espoused that "[t]he defense of sovereign immunity only can be waived by an act of the General Assembly that **expressly manifests an intention to do so.**" *State of Delaware et al v. Sheppard*, 864 A.2d 929, 2004 WL 2850086 (Del. Supr. 2004) (emphasis added). Sovereign immunity has not been waived in the present action, therefore, the Complaint against the Department of Labor should be dismissed.

8.      Plaintiff exhausted her administrative remedies and been provided her Notice of Right to Sue. This permits the Plaintiff to proceed with her cause of action against the Respondent in another forum with that court providing an independent remedy, if applicable. *Levinson v. Delaware Compensation Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del.1992) (citing 2 Am.Jur.2d Administrative Law § 595 (1962).

TS00034

FOR THE ABOVE-STATED REASONS, the State Defendants request that this action be dismissed in its entirety under Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Linda M. Carmichael (ID #3570)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the Delaware Department of Labor

Dated:   November 5, 2007

TS00035

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Appellant, Claimant | ) | |
| | ) | |
| v. | ) | C.A. No. 07A-05-001 JRS |
| | ) | |
| DEPARTMENT OF LABOR, DIVISION | ) | |
| OF INDUSTRIAL AFFAIRS, and | ) | |
| TATNALL SCHOOL, | ) | |
| | ) | |
| Appellees. | ) | |

## <u>ORDER</u>

The Motion of the Department of Labor, Division of Industrial Affairs (the

"Department") to Dismiss (the "Motion") having been heard and considered by this Court.

IT IS ORDERED this _____ day of _____, 20__, that the Motion is

GRANTED.

_____
J.

TATNALL-D-0031

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on November 5, 2007, she caused the attached Motion to

Dismiss to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**
Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

**MANNER OF DELIVERY:**

___

__X__  Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Linda M. Carmichael (DE No. 3570)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Delaware Department of Labor

TS00037

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Appellant, Claimant | ) | |
| | ) | |
| v. | ) | C.A. No. 07A-05-001 JRS |
| | ) | |
| DEPARTMENT OF LABOR, DIVISION | ) | |
| OF INDUSTRIAL AFFAIRS, and | ) | |
| TATNALL SCHOOL, | ) | |
| | ) | |
| Appellees. | ) | |

## SUPPLEMENTAL CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on November 6, 2007, she caused the Department of

Labor, Division of Industrial Affairs' Motion to Dismiss to be delivered to the following

person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**
S. Mark Hurd, Esquire
Jason A. Cincilla, Esquire
Amaryah Kishpaugh, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**MANNER OF DELIVERY:**

  **X**    Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Linda M. Carmichael (DE No. 3570)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Delaware Department of Labor

TS00038

TATNALL-D-0033

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 07A-05-001 JRS |
| DEPARTMENT OF LABOR, DIVISION | ) | |
| OF INDUSTRAIL AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT THE TATNALL SCHOOL INCORPORATED'S JOINDER IN MOTION TO DISMISS

PLEASE TAKE NOTICE that defendant The Tatnall School Incorporated ("Tatnall School") hereby joins in and adopts by reference the lack of subject matter jurisdiction arguments contained in paragraphs 1 through 5(a) of the Department of Labor, Division of Industrial Affair's Motion to Dismiss. Based on those arguments, Tatnall School respectfully submits that this action should be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

S. Mark Hurd (#3297)
Jason Cincilla (#4232)
Amaryah Kishpaugh (#4879)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
  Attorneys for Defendant
  The Tatnall School Incorporated

November 19, 2007

TS00039

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on the 19th day of November, 2007, I

caused true and correct copies of **DEFENDANT THE TATNALL SCHOOL**

**INCORPORATED'S JOINDER IN MOTION TO DISMISS** to be served upon the parties

listed below by first-class mail:

Plaintiff:
Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Department of Labor, Division of Industrial Affairs:
Linda M. Carmichael, Esq.
State of Delaware, Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801


_____
Jason A. Cincilla (No. 4232)

1318386v1

TS00040

TATNALL-D-0035

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE **File Copy**

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 07A-05-001 JRS |
| DEPARTMENT OF LABOR, DIVISION | ) | |
| OF INDUSTRAIL AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED PROTHONOTARY 2007 NOV 19 PM 3:56

## DEFENDANT THE TATNALL SCHOOL INCORPORATED'S JOINDER IN MOTION TO DISMISS

PLEASE TAKE NOTICE that defendant The Tatnall School Incorporated ("Tatnall School") hereby joins in and adopts by reference the lack of subject matter jurisdiction arguments contained in paragraphs 1 through 5(a) of the Department of Labor, Division of Industrial Affair's Motion to Dismiss. Based on those arguments, Tatnall School respectfully submits that this action should be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

S. Mark Hurd (#3297)
Jason Cincilla (#4232)
Amaryah Kishpaugh (#4879)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
Attorneys for Defendant
The Tatnall School Incorporated

November 19, 2007

TS00041

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on the 19th day of November, 2007, I

caused true and correct copies of **DEFENDANT THE TATNALL SCHOOL**

**INCORPORATED'S JOINDER IN MOTION TO DISMISS** to be served upon the parties

listed below by first-class mail:

**Plaintiff:**
Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

**Department of Labor, Division of Industrial Affairs:**
Linda M. Carmichael, Esq.
State of Delaware, Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

Jason A. Cincilla (No. 4232)

1318386v1

TS00042

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JASON A. CINCILLA
302 351 9494
302 498 6230 FAX
jcincilla@mnat.com

November 20, 2007

**BY HAND DELIVERY**

The Honorable Joseph R. Slights, III
Superior Court
New Castle County Courthouse
500 N. King Street
Wilmington, Delaware 19801

Re:    *Jourdean Lorah v. Department of Labor, Division of Industrial Affairs, et al.*, Civil Action No. 07A-05-001 JRS

Dear Judge Slights:

Enclosed for Your Honor's convenience please find a chambers copy of defendant The Tatnall School Incorporated's joinder in defendant Department of Labor, Division of Industrial Affairs' motion to dismiss.

Respectfully,

Jason A. Cincilla (#4232)

Enclosure
cc:    Linda Carmichael, Esq. (by e-mail)
       Jourdean Lorah (by first-class mail)

1318599v1

TS00043

TATNALL-D-0038

Revised October 2007

# SERVICE SHEET

**INFORMATION**

| | |
|---|---|
| **MATTER NO.:** | 60792 |
| **CASE:** | TATNALL/LORAH |
| **ATTORNEY:** | CINCILLA |
| **ASSISTANT:** | BRENDA G. |
| **PREPARED BY:** | |
| **PHONE:** | 351-9247 |

**DATE:** 11/19/07

☐ **SERVICE ONLY**
☒ **COURT ONLY**
☐ **SERVICE & COURT**

**RUSH/SPECIAL RUN** ☐
**CHECK ENCLOSED** ☐
**DISC ENCLOSED** ☐

---

**DELIVER TO**

☐ **BANKRUPTCY COURT**
  ☐ Clerk
  ☐ Chambers
  ☐ Night Box
☐ **DISTRICT COURT**
  ☐ Clerk
  ☐ Chambers
☐ **CHANCERY COURT**
  ☐ Clerk
  ☐ Chambers
☐ **FAMILY COURT**

☒ **SUPERIOR COURT**
  ☒ Prothonotary
  ☐ Chambers
  ☐ Night Box
☐ **SUPREME COURT**
☐ **THIRD CIRCUIT COURT OF APPEALS**

☐ **RECORDER OF DEEDS**
☐ **REGISTER OF WILLS**
☐ **OTHER** _____

FILED
PROTHONOTARY
2007 NOV 19 PM 3: 56

---

**SPECIAL INSTRUCTIONS**

☒ RETURN 1 CLOCKED COPIES
☐ PICK UP DOCUMENTS
☐ OBTAIN SIGNATURE

---

**DOCUMENT(S)**

DEFENDANT THE TATNALL SCHOOL INCORPORATED'S JOINDER IN MOTION TO DISMISS

☐ **COURTESY COPY**

TS00044

---

| TO BE COMPLETED BY MESSENGER UPON DELIVERY | | | |
|---|---|---|---|
| **NAME** | **LOCATION** | **RECEIPT ACKNOWLEDGED** | **DATE / TIME** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**DELIVER**

If receipt of service is not acknowledged, messenger should, if at all possible, leave documents at the service location and describe on this sheet exactly where they were left. Report the situation immediately to the Assistant.

**MESSENGER INITIALS** _____

FILED
PROTHONOTARY

2007 DEC 12 PM 2:51

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                                    C.A. No. 07A-05-001 JRS

      Appellant, Claimant

v.

DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

      Appellees

**NOTICE TO RESPOND TO MOTION**

TO: State of Delaware
    Department of Justice
    Linda M. Carmichael (ID #3570)
    Deputy Attorneys General
    820 N. French Street, 6Th. Floor

    Tatnall School
    1501 Barley Mill Road
    Wilmington, Delaware   19807

    Department of Labor
    P.O. Box 9954
    Wilmington, Delaware   19809-9954

The following response was requested by the Department of Justice.

All documents regarding briefs with evidence concerning Plaintiff,

Jourdean Lorah's  right to sue was filed in Federal court as well as the  Superior

court.

TS00045

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805
*Jourdean Lorah* 12/12/07

FILED
PROTHONOTARY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR THE NEW CASTLE COUNTY 2007 DEC 12 PM 2: 51

JOURDEAN LORAH                    C.A. No. 07A-05-001 JRS

        Appellant, Claimant

v.

DEPARTMENT OF LABOR, DIVISION
 OF INDUSTRIAL AFFAIRS  and
TATNALL SCHOOL

        Appellees

## NOTICE TO RESPOND TO MOTION

## AND OBJECTION TO DISMISS

    Plaintiff, Jourdean Lorah objects to the dismissal of the above case C.A. 07A-05-001 JRS on the following grounds:

 1, Plaintiff, Jourdean Lorah received her right to sue under Title VII from the The Equal Employment Opportunity Commission in Philadelphia, Pennsylvania. The Plaintiff requested a review from the Department of Labor at an administrative level requesting an investigation regarding her rights that have been violated. The right to sue has adopted its findings of Title VII (Americans with Disabilities Act, Age Discrimination, and Equal Pay). The right to sue was filed in Federal Court on August 2, 2007.

2. The Department of Labor did not assign an investigator. A complaint was filed

        *Jourdean Lorah* 12/12/07

TS00046

TATNALL-D-0041

with the DOL on February 28, 2007 with Brenda Sands. An elections right to sue was sent to the Plaintiff, Jourdean Lorah directly following the complaint. The Department of Labor could not have assigned the complaint to an investigator in the amount of time that the election right to sue was received. The complaint was never assigned. It is the duty of (DOL) to investigate violations that occur under Title VII. It is also the duty of DOL to administratively remedy the discrimination. The discrimination is obvious concerning an older individual with a disability. The harassment was outrageous, hostile and offensive.

3. The Plaintiff, Jourdean Lorah filed an appeal with The Equal Employment Opportunity Commission in Philadelphia, Pennsylvania requesting a review. A letter was sent to Senator Biden regarding the duty of the Department of Labor. Senator Biden sent the Plaintiff, Jourdean Lorah a letter stating that it is discrmination. The Equal Opportunity Employment Commission issued the Plaintiff, Jourdean Lorah the right to sue.

4. Plaintiff, Jourdean Lorah administratively complied with the mediation process of the Delaware Department of Unemployment Services before the complaint to the DOL was filed. Tatnall School did not reply on either of the scheduled hearing dates (Februray 20, 2007 and February 1, 2007). Claims deputy's determination was; the claimant, Jourdean Lorah was discharged from work without just cause. The statutory provision : Title 19, Delaware Code, Section 3314 (2).

5. The Department of Labor has not provided any investigative services to the Plaintiff, Jourdean Lorah for any claim that has been filed, over the last five years.

TS00047

It is now presently a continuing violation under Tile VII (age, gender, and disability). Government employees are liable for their torts. Joint tortfeasors that involve more than two people who are involved with harmful acts are also liable (Title 18). Plaintiff has been hit numerous times in the face with a chemical receive the higher paid positions of her worth. The continuing violation is now a felony and the Plaintiff Jourdean Lorah is in adult poverty concerning welfare benefits with The Department of Social Services.  Under Cole v. Arkansas, 333 Ark. 387, 216 S.W. 2d. 402, the cite states that it is unlawful for any person or persons to assemble at an entry/exit, or near any place where a labor dispute exists. Nor is anyone allowed to use force or violence or prevent an individual from participating in a vocational activity. The ruling resulted in damages for the Plaintiff for the intentional, deliberate and malicious infliction of emotional distress.

6. Plaintiff, Jourdean Lorah did properly address her complaint. Tatnall School and The Department of Labor were both served correctly. Both the government agency, Tatnall School,  and other companies (et al)  involved with the continuing violation of discrimination has lied about the facts pertaining to the Plaintiff s case.  In Turnbill v. Fink , 668 A. 2d 1370 (Del.1995) The Plaintiff can sue for damages or seek relief when it is misapprehension of the law. All agents, officials, investigators and government employees were notified about the abusive conduct concerning the offensive behavior and the discrimination. The Plaintiff, Jourdean Lorah is not a man (Jordan Lorah) nor is she paired with someone whose identity in appearance is similar. The fraud identity was filed in Federal Court. The

TS00048

Plaintiff, Jourdean Lorah  has a special agent as a contact. According to sovereign immunity the state must pay in damages when a newspaper clip is involved with the person's, reputation, privacy and identity.  The government agency DOL was acting on behalf of the private corporation, school, and in public concerning the Plaintiff, Jourdean Lorah. Plaintiff, Jourdean Lorah has been violated concerning (state/federal) proprietory provisions/privacy. (under seal –Federal Court).

7. The investigators and agents of the Department of Labor are not worthy of their duty. The Plaintiff, Jourdean Lorah has been working as a maid and is currently not earning enough money to make a living or to get off of welfare. Plaintiff, Jourdean Lorah is not on a schedule to work, but receives nine to ten hours per week giving her services to seniors. Duties include, light housekeeping, laundry, health care etc. The hours were reported to Social Services, but no benefits at this time have been received.  Plaintiff's colleagues (other caregivers) have discussed issues that are simply none of their business and yet they remain on the schedule and employed. . My case is not for someone else to profit on. Plaintiff has been violated.

8. In Tofoya v. Adams (DC Colo) 612 F Supp 1097, 78 ALR Fed 477; all officials, agents, supervisors, managers etc. were notified and nothing was done to end the offensive discrimination that is still present regarding Jourdean Lorah. The Plaintiff, Jourdean Lorah suffered emotional distress, economical setbacks and no career. Plaintiff, is lolled for opportunity that she has never received. Plaintiff, Jourdean Lorah is the birthright who is entitled not the pair who is fraud.

TS00049

News clip of Jourdean Lorah (Jody) in March of 1966 (The Daily) is evidence that

her particular situation is historical regarding The Martin Luther King Library in

Washington, D.C.  The pair is not entitled to the worth, value or opportunity that

the Plaintiff, Jourdean Lorah has obtained over a period of time. The pair's clip was

in the Washington Post . The pair was charged with prostitution. The Plaintiff,

Jourdean Lorah has never been involved with prostitution. Tatnall School referred

to their mission as the "vagina mission". The Plaintiff, Jourdean Lorah was

offended by the false and defamatory statements  associated with her name, but the

background of the pair. Plaintiff, Jourdean Lorah was sexually harassed when she

was employed at Tatnall School. Plaintiff's sexuality was also questioned as a form

of harassment by her younger female colleagues.   Medical privacy is under seal

(Federal Court) regarding the invasion of privacy concerning the Plaintiff,

Jourdean Lorah not the pair. Plaintiff is skilled with a degree in Science. Plaintiff's

G.P.A. is above average.

9. The Department of Social Services has recently lost their hearing concerning the

Plaintiff's benefits. Presently, the Plaintiff has no welfare benefits and has not

worked over ten hours since November 21, 2007. Deputy Barbara Hanson has been

notified. Plaintiff, Jourdean Lorah does not have any drug problems, mental

problems  nor does she have alcohol problems. All of the Plaintiff's lab reports are

clean. No court has ever requested that the Plaintiff should be in any type of

program. There is no lab report that implies that the Plaintiff is on drugs. This type

of communication has directly affected the Plaintiff economically. Tatnall School

has discriminated with the younger colleagues and the charge/ complaint

TS00050

TATNALL-D-0045

specifically outlines the discrimination. The Plaintiff, Jourdean Lorah has responsibilities to take care of the bills in her mother's home. There are no drugs on the premises and the Plaintiff has been violated. The Plaintiff, Jourdean Lorah is entitled to her place without the lies, deception, or discrimination. The Plaintiff is entitled to her place not the place of a maid or poor in adult poverty. The order from the Dept. of Justice has nothing to do with the Plaintiff, Jourdean Lorah.

10. The Federal Court has issued a warning regarding those companies, (et al) that are involved. The trade agreement concerning the Plaintiff is with a foreign nation. Other nations are involved. Private companies can not interfere with this agreement. Furthermore, the Plaintiff, Jourdean Lorah is an artist who receives checks for drawings, paintings and other works of fine art from a gallery. No one can change the fine art work (mercantile- merchant) or the Plaintiff's mark of distinction.

11. Plaintiff, Jourdean Lorah respectively prays that The Superior Court of the state of Delaware in and for New Castle County considers relief or a settlement out of court.

12. Presently, Jourdean Lorah is unemployed with no administrative remedy from the EEOC or the DOL. The continuing violation denies the Plaintiff, training, a career and presently the Plaintiff, Jourdean Lorah has no retirement. Plaintiff, did not receive the schedule for briefs to be filed from the Superior Court. Administrators of the court were notified.

TS00051

TATNALL-D-0046

13. Plaintiff, Jourdean Lorah is requesting a waiver to sue the state and Tatnall School for the damages as stated for the discrimination and the invasion of her privacy in the amount of $300,000.00.  Plaintiff, Jourdean Lorah is not contagious with any illness nor is she a risk Plaintiff's disability is asthma/allergies. Plaintiff 's spirometry readings verify her disability.

TS00052

TATNALL-D-0047

# STATEMENT OF FACTS

State of Delaware Department of Labor
Division of Unemployment Insurance
Deputy 's Decision.................................................................. 1.

Department of Labor – Original Charge .................................... 2.

Department of Labor -Election Right to Sue .............................. 3.
No Cause Right To Sue

Letter to Senator Biden .......................................................... 4.

The Equal Employment Opportunity Commission.
Right to Sue............................................................................ 5.

Lab Reports ............................................................................ 6.

News Clip of Plaintiff .............................................................. 7.

News Clip of Pair/Double ........................................................ 8.

Checks for Fine Art work......................................................... 9

Letter from Doctor Gorrin ...................................................... 10.

Spirometry readings concerning disability ............................. 11

Plaintiff's G.P.A./degree........................................................ 12.

Sealed Document ................................................................... 13.

TS00053

TATNALL-D-0048

State of Delaware
Department of Labor
Division of Unemployment Insurance



Notice of
Determination
UC-409

| Claimant | JOURDEAN S. LORAH | SS Number: | | Delivered by Mail |
| Address | 114 WALLS AV | Local Office: 2 | | Redet: No |
| | | Fund Code: 10 | | Count: Yes |
| | WILMINGTON, DE 19805 | Claim Date: 01/07/2007 | | |
| | | Date of AC: | | |
| | | Case Number: 20012682 | | |

**Findings of Fact:**

The claimant last worked for Tatnall School on 12-7-06. The claimant maintains she was let go, and no reason was given. The employer indicated the claimant was discharged due to poor performance. A request from the Department for misconduct information was never received.

In a discharge case, the burden of proof is with the employer to prove the claimant was discharged with just cause. Just cause for discharge refers to a willful or wanton act in violation of either the employer's interest or of the employee's duties or of the employee's expected standard of conduct. The employer has not met this burden. The claimant is eligible as she was discharged without just cause in connection with the work.

**Title 19 of Delaware Code 3314(2)**

An individual shall be disqualified for benefits: For the week in which he was discharged from his work for just cause in connection with his work and for each week thereafter until he has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

# REDACTED

**Determination:**

You were discharged by your employer without just cause in connection with the work. Therefore, you are not disqualified from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, Delaware Code and will be eligible to receive benefits for each week of unemployment insurance benefits claimed for which the division determines you meet the eligibility requirements of Section 3315, Title 19, Delaware Code. The division shall issue a determination for any week(s) of unemployment insurance benefits claimed for which you are subsequently deemed ineligible to receive benefits.

Claims Deputy Signature: *[signature]*                  Date: 01/24/2007

If you disagree with this determination, you should ask the Claims Deputy for an explanation. If you are not satisfied with the explanation, you may file an appeal.

**Claimant and Employer Appeal Rights**

This determination becomes final on   02/03/2007   unless a written appeal is filed. Your appeal must be received or postmarked on or before the date indicated. If the last date to file an appeal falls on a Saturday, Sunday or Legal Holiday, the appeal will be acceptable the next business day.

If you file an appeal and are still unemployed, you must continue to file weekly claim pay authorization forms with the local office, as instructed, until you receive a final decision.

| Employer Name and Address | TATNALL SCHOOL ATTN: MARYANN WHITE 1501 BARLEY MILL RD. WILM, DE 19807 | Your assessment employer account will be charged in this case. TS00054 |

TATNALL-D-0049

UC-303
Document 60-06/96/02/01


DELAWARE
DEPARTMENT OF
**LABOR**

DIVISION OF UNEMPLOYMENT INSURANCE
APPEALS
4425 N. MARKET STREET
P. O. BOX 9950
WILMINGTON, DE 19809

**DISMISSAL**

**REDACTED**

## REFEREE'S DECISION

CLAIMANT

JOURDEAN S LORAH
114 WALLS AVE
WILM  DE  19805

EMPLOYER

TATNALL SCHOOL
ATTN: MARYANN WHITE
1501 BARLEY MILL RD
WILM  DE  19807

APPEAL DOCKET NUMBER:    20012682

SOCIAL SECURITY NO.:

DATE OF CLAIM:   1-7-07

DATE OF APPEAL:   2-1-07
                                       SCHEDULED
DATE OF HEARING:   2-20-07
                                       NONE HELD
PLACE OF HEARING:  NEWARK

DATE DECISION MAILED: 2-21-07

LAST DAY TO FILE AN APPEAL: 3-3-07

### RIGHT OF FURTHER APPEALS

Section 3318, Title 19, Delaware Code, provides that any interested party involved, the claimant, the employer, or the Claims Deputy has a right of appeal from the decision of the Referee to the Unemployment Insurance Appeal Board, and further provides that the opinion of the Referee "shall be deemed to be the final decision of the Department of Labor unless within 10 days after the date of notification or mailing of such decision further appeal is initiated ..." You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened. The appeal may be made at the local office or directed to Department of Labor, Division of Unemployment Insurance, 4425 N. Market Street, P.O. Box 9950, Wilmington, DE 19809.

TS00055

APPEARANCES: THERESA MATTHEWS, APPEALS REFEREE; JOURDEAN LORAH, CLAIMANT.

CLAIMS DEPUTY'S DETERMINATION:   THE CLAIMANT WAS DISCHARGED FROM THE WORK WITHOUT JUST CAUSE IN CONNECTION WITH THE WORK AND IS ENTITLED TO THE RECEIPT OF BENEFITS.

STATUTORY PROVISION INVOLVED: Title 19, Delaware Code, Section  3314 (2)

**\*DUE TO THE EMPLOYER'S  FAILURE TO APPEAR AND PROSECUTE  THE APPEAL AT THE SCHEDULED HEARING TIME, THIS CASE IS DISMISSED BY ORDER OF THE REFEREE.**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | 17020103W  17C-2007-00480 |

| Delaware Department of Labor | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Jourdean S. Lorah** | **(302) 225-0540** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **114 Walls Avenue, Wilmington, DE 19805** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TATNALL SCHOOL** | **25+** | **(302) 892-4328** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1501 Barley Mill Road, Wilmington, DE 19807** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [X] AGE   [X] DISABILITY   [ ] OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **08-14-2006** | **12-07-2006** |
| [X] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party was employed with Respondent as a Co-Coordinator/Counselor since 8/14/06, ending 12/7/06 in Wilmington, DE.

**Protected Status:** Sex (gender); Age; Disability; Retaliation

**Adverse Employment Action:** Sexual Harassment; Discharge

**Brief Statement of Allegations:** Charging Party alleges that Respondent subjected her to harassment and disparate treatment based on her sex, age and disability. Specifically, Charging Party claims that she disclosed her disability on an emergency information form to faculty and staff upon hire. Thereafter, Charging Party claims that her younger male co-workers made negative comments about her disability and her female student/co-worker (Kendall Smith) exposed her breast to Charging Party in front of other elementary aged children. Charging Party claims that she complained about the schools chemical odor which negatively affected her disability in the end of November 2006 to OSHA. Further, Charging Party claims that she reported Ms. Kendall's inappropriate sexual behavior to her supervisor (Ms. Cathgard) however the matter was not resolved and Ms. Kendall said to Charging Party, "You are the one that is going to be fired".

**Respondent's Explanation:** None given

**Applicable Law(s):** Title VII of Civil Rights Act of 1964, as amended; DE Discrimination in Employment; Americans with Disabilities Act; DE Handicapped Persons in Employment Act

**Comparator(s) or other specific reason(s) for alleging discrimination:** Charging Party claims that she endured a hostile work environment based on her sex, age and disability which escalated to her ultimate discharge because she complained to OSHA about the chemical odor and sexual gestures of her younger student/co-worker to her supervisor. Charging Party also claims that the decision to ultimately discharge her was also made by two younger males (John Burnett, Co-Coordinator and Matt Jones, Asst. Manager) because they witnessed the disparaging comments about sexual harassment reported to her supervisor and the Asst. Manager. Also, Charging Party claims that these two males witnessed the chemical odor in the air on November 27th and the 28th. Charging Party claims that Respondent disregarded her superior qualifications and experience compared to her younger colleagues. Charging Party claims that two weeks prior to her discharge, two younger Tatnall high school students became employees, including Ms. Kendall. Charging Party claims that Respondent did not provide prompt and corrective action regarding her complaints about sexual gestures, her disability and overall comments amongst staff and clients. Ultimately, Charging Party claims that as the oldest worker, her younger co-workers and management staff decided to replace her with younger workers as a form of retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| **Feb 28, 2007** | Jourdean Lorah | TS00056 |
| Date | Charging Party Signature | |

2

TATNALL-D-0051

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Jourdean S. Lorah
114 Walls Avenue
Wilmington, DE 19805

Case No. 07020103W

vs.

TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

## FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, et seq., the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. In this matter, she alleges she was discriminated against because of her age, her gender, her disability, and that she was retaliated against for opposing the Respondent's discriminatory practices. Because of this disparate treatment, the Respondent discharged her. The Respondent denies these allegations. They contend the Charging Party was discharged due to performance issues and because of disputes she had with coworkers. The parties have each submitted a substantial amount of information supporting their respective positions. However, the evidence in the record does not support the Charging Party's allegations of disability discrimination, retaliation, or of a hostile work environment prohibited by the anti-discrimination laws. To rise to the level of actionable harassment, the conduct must be extreme so that it unreasonably interferes with the employee's work performance. Sporadic use of language such as those comments complained of by Charging Party does not amount to discriminatory changes in the terms and conditions of employment. The anti-discrimination laws are not intended to serve as a workplace civility code. The Charging Party was afforded the opportunity to submit additional information in support of her allegations. She exercised her right to do so however, the information she submitted was insufficient to meet her evidentiary burden in this matter. Accordingly, this No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_4/20/07_
Date Issued

_For The_ _____ _Solicitor_
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TS00057

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

3

TATNALL-D-0052

JOSEPH R. BIDEN, JR.
DELAWARE

www.biden.senate.gov

1105 NORTH MARKET STREET
SUITE 2000
WILMINGTON, DELAWARE 19801-1233
(302) 573-6345

JUDICIARY SUBCOMMITTEE
ON CRIME AND DRUGS
CHAIRMAN

FOREIGN RELATIONS COMMITTEE
CHAIRMAN

CAUCUS ON INTERNATIONAL
NARCOTICS CONTROL
CHAIRMAN

CONGRESSIONAL INTERNATIONAL
ANTI-PIRACY CAUCUS
CO-CHAIRMAN

ANTI-METH CAUCUS
CO-CHAIRMAN

# United States Senate

April 19, 2007

Ms. Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Dear Ms. Lorah:

Thank you for your letter updating me with your issues in the workplace. As I said before, the rights of employees to be free from discrimination in their compensation is protected under several laws, including the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.

Unfortunately, as a United States Senator I cannot offer legal advice or counsel. In my previous letter, I suggested that you contact the Community Legal Aid Society at (302) 575-0660. Community Legal Aid Society offers legal services to those who cannot afford an attorney. It seems from your descriptions in your letter of the frustration you have experienced, it is best that you consult an attorney for legal advice.

Again, thank you for contacting my office and I am hopeful that the information I have provided will assist you with any legal issues or questions.

Sincerely,

Joseph R. Biden, Jr.
United States Senator

TS00058

24 NORTH WEST FRONT STREET
WINDSOR BUILDING, SUITE 101
MILFORD, DELAWARE 19963-1440
(302) 424-8090

201 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-0802
(202) 224-5042

4

## DISMISSAL AND NOTICE OF RIGHTS

To: Jourdean S. Lorah
114 Walls Avenue
Wilmington, DE 19805

From: Philadelphia District Office
21 South 5th Street
Suite 400
Philadelphia, PA 19106

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2007-00480 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*

**Marie M. Tomasso,**
**District Director**

**July 19, 2007**

(Date Mailed)

Enclosure(s)

cc: TATNALL SCHOOL

Thomas R. Hunt, Jr., Esq.
MORRIS, NICHOLS, ARSHT &TUNNELL, LLP
P.O. Box 1347
1201 North Market Street
Wilmington, DE 19899

TS00059

5

Case 1:06-cv-00530-SLR   Document 55-3   Filed 06/27/2008   Page 25 of 31



**BALMY DAY**—Everybody was outdoors yesterday, drawn by the balmy 65-degree weather. These scenes, taken more or less at random, were shot in the Northwest Washington vicinity of Glover-Archbold Park. Trying to gain speed, and balance, at left is a 7-year-old named Jody. The reading couple at center the's reading "The King Must Die"; might have had better seats inside, but they'd have missed the nice day. Winding up spring training at right are Neal Gold (left) and Bret Johnson, both 13. This week will be similarly warm, the Weather Bureau said, with springlike showers.
—News Photos by Geoffrey Gilbert

## Business Support Expected
# Boycotters Head for 14th-st

The Free D. C. Movement, claiming victory on H-st ne, shifts its home rule drive to the 14th-st nw area between U-st and Park Road this week.

Rev. William A. Wendt, president of the University Neighborhoods Council, who will head the drive in the new area, said today the first meeting to organize will be held tomorrow.

**MEETING**

The meeting tomorrow will call together representatives of area civic groups including the Upper Cardozo Men's Club, and the University Neighborhood Council.

"I think that quite a few of the merchants up here will line up with us, and against the opposition of the Board of Trade," Dr. Wendt said.

Dr. Wendt said that after organizational meetings are held this week he is hopeful that the drive will get underway "immediately." As was the case in the H-st ne area, people will be urged to shun storeowners who refuse to display a "Free D.C." sticker.

George Freedman, president of the Columbia Heights Businessmen's Association, an organization of 30 merchants in the 14th-st area, said members of the Association hadn't been polled about the drive.

"I can only speak for myself," he said. "I'm for it. I imagine many others will be, too."

The boycott of the H-st area wound up Saturday when 200 supporters of the Free D.C. Movement staged a "victory march" up H-st in Northeast in the 13-block area where the drive was centered.

Meanwhile, the Movement remains at loggerheads with the NAACP over the boycott.

Movement leader Marian Barry said it was unfortunate that the NAACP was not supporting the Freedom Movement and that "quite frankly I don't understand their reason. NAACP officials attended all of the early meetings of the movement and should have understood what the movement was doing."

**ANSWER**

Yesterday the NAACP's national director, Roy Wilkins, speaking at a membership drive at Metropolitan Baptist Church, claimed that the boycott was a futile effort.

"It's an error to think if you make a corner merchant sign up, it will bring about home rule. Home rule is made in Congress," Mr. Wilkins said.

And D.C. Democratic Chairman Joseph L. Rauh told a Unitarian workshop for religious liberals that boycotting merchants who refuse to back home rule is a "terrible blunder," but Congress, he added, is to blame for creating the situation that brought it about.

"Whom are we to condemn?" he asked. "Those who wanted justice or those who have denied our aspirations?"

## Hearings Open on Colleges for D. C.
# 'The C Student Is More Important'

Sen. Wayne Morse (D., Ore.) struck a blow for the C student today as his District Education sub-committee opened hearings on legislation establishing public colleges here.

"I am not at all interested in supporting a higher education program in this city that is going to be limited to the so-called superior student," he told a standing-room-only audience in a 28-minute introductory statement.

"The C student is more important in the educational system because there are so many of them. Raising entrance requirements to college, in my judgment, is immoral because that is sacrificing human value."

**2 SCHOOLS**

His bill would establish a two-year public community college and a four-year public college of arts and sciences planned and operated by a higher Education Board.

Sen. Morse pointed out that by 1975, when present first graders are graduating from high school, "over 60 per cent of all employment opportunities will be in professional, managerial or skilled technical occupations" requiring higher education.

Sen. Margaret Chase Smith (R., Me.), in supporting the bill, said that only in the District are there no programs for strengthening public higher education.

Peter S. Muirhean, Associate Commissioner for higher education in the U. S. Office of Education, pledged help in developing the proposed public colleges.

## Integration Called Traffic Hazard
# Casto Raps School Board Head

Arlington County Board member Harold J. Casto today accused the chairman of the County School Board of "deliberately deceiving" parents by withholding letters from police warning of traffic dangers to children if the chairman's plan for integrating six North Arlington elementary schools is carried thru.

Mr. Casto released two letters, dated March 4 and 10, from Police Chief William G. Peyvee which said, that three Glebe Road intersections are so dangerous that children should be "transported by bus" rather than cross them.

Mr. Casto said about 100 children would have to cross Glebe Road to reach Langston School under School Board Chairman John Read Spicer's integration plan.

Mr. Casto said he was "shocked" that Mr. Spicer didn't show the March 4 letter to advisory committees from the six schools that met on March 8. He said he was releasing both of them so the public would have the information before the final school board meeting on the subject Thursday.

Mr. Casto said Mr. Spicer's letter, calling the March 10 meeting said "county traffic officials are working out tentative plans to assure the safety of any children who would cross Glebe Road to attend Langston."

He said this is "the type of deception we might expect at the school-boy level but totally unworthy of a school board chairman."

He charged Mr. Spicer with concealing the letters a second time in newspaper statements Saturday that his plan would require "substantially less busing" than two others under consideration.

# What Goes on Here

## D. C. Crime Up 13 Per Cent

The District had a total of 2751 serious crimes last month, a 13.6 per cent increase over February, 1965, police reported today. It was the 46th month in a row that crime has risen here.

There were decreases only in housebreakings and auto thefts, of 6.5 and 12.9 per cent, respectively. Biggest increase was in petty larcenies, which jumped 352 cases or 69.7 per cent.

Murders went up 4 or 40 per cent; rapes 4 or 33 1/3 per cent; robberies 15 or 4.6 per cent; aggravated assaults 45 or 2.76 per cent; and grand larcenies 25 or 29.2 per cent. Police "clearance" of crimes was down from 38.5 per cent in February, 1965, to 30.4 per cent last month.

### ¶ Navy Yard for GPO?

The District Commissioners are considering a proposal to the National Capital Planning Commission that the Navy Yard in Southeast Washington, be designated as the site for a new Government Printing Office. The Commissioners' delegate abstained earlier this month in an NCP vote to rescind previous action placing GPO on the National Training School site, thus defeating the move.

### ¶ Crash Kills Md. Man

Joseph C. Boswell, 67, of 7015 Freeport-st, Hyattsville, was fatally injured Saturday when his car hit a tree on Minnesota-av se. His death was the 21st this year in D. C. traffic; last year the toll at this time was 22.

### ¶ Poverty War—'Fiddling Around?'

Civil rights organizer Bayard Rustin, speaking here at the Church of the Redeemer said the War on Poverty amounts to "fiddling around with little projects . . . 70 per cent of which have been done for the last 200 years." He said job training is foolish "You can't train any segment of the population unless there's a demand for work." He suggested massive federal public works projects.

### ¶ Brewster Raps FAA

Sen. Daniel Brewster (D., Md.) charged that the Federal Aviation Agency is afraid to hold public hearings on allowing jets at National Airport. The roar of jets he added, would spoil the Watergate Concerts, the Sylvan Theater's Shakespeare program, the Cherry Blossom Festival and maybe even the Fourth of July fireworks at the Washington Monument.

### ¶ Hot Shoppes Robbed—Again

The Hot Shoppes restaurant at Fourth-st and Florida-av ne was held up early yesterday for the second time in less than a week. Early last Monday a lone bandit got $2466. Yesterday two bandits walked in the back door, left open for trash removal, put a gun to the head of manager John Michal, 35, forced him to open the safe, which yielded them $1700.

## Va. Assembly Stops Clock

RICHMOND, March 14 (AP) — The state sales tax, signed into law Saturday by Gov. Mills E. Godwin Jr., will jump to 3 per cent in 1968.

The 1966 session of the Virginia General Assembly was history today, but on Sept. 1 its action will become very evident.

On that date, a 2 per cent state sales tax will go into effect as will a 2 per cent motor vehicle excise tax. All present any sales taxes will stop, but both counties and cities will be able to add a 1 per cent tax to the state levy.

The Assembly was forced to stop the clocks 15 minutes before the midnight deadline Saturday for the sixty-two session. Final adjournment did not come until 4:15 a.m. Sunday in the Senate, one minute after House adjournment.

TS00062

7

TATNALL-D-0055



**REDACTED**

TS00063

7

TATNALL-D-0056

# Guilty Pleas Expected Today in Prostitution Case

### By Mary Jordan
Washington Post Staff Writer

A sheriff's deputy accused of soliciting politicians, physicians and lawyers to have sex with his wife for $150 an hour, is scheduled to plead guilty today in Fort Lauderdale, Fla. in a case that has prompted the former vice mayor and dozens of other men to try blocking release of notes she took after appointments.

Jeffrey Willets, 41, a Broward County deputy suspended without pay in July, will plead guilty to profiting from prostitution and to taping customers' telephone conversations illegally, Assistant State Attorney Joel Lazarus said.

Kathy Willets, 33, a self-proclaimed nymphomaniac whose newspaper personal ads tout her "turquoise eyes, great tan, [and] hot body," will plead guilty to a prostitution charge and an illegal wiretap charge, the prosecutor said.

But the plea may merely open the book on the case.

Kathy Willets's appointment book and accompanying comments, which rated customers' performance and mentioned whether her husband was watching from the closet, probably will become public record after sentencing, Lazarus and other lawyers said.

For dozens of John Does—or "John Doughs" as lawyers in the case have dubbed them because of their wealth and prominence—an intensified legal battle has begun.

"There is no reason whatsoever to release the names and notes except to satisfy the country's voyeurism," said Richard L. Rosenbaum, attorney for seven men on Willets's list. Single men are concerned that her comments were too harsh, and married men about their marriages and practices of medicine and law, he said.

"I have one client who had a nervous breakdown on Friday and

checked into a psychiatric ward—I know it related to this—and another customer who got a bleeding ulcer," said Rosenbaum, adding that a third man has lost 30 pounds from worry.

Circuit Court Judge John Frusciante ruled last Wednesday that the client list must be made public by next Monday. The "John Does" immediately appealed.

Within hours after the Willetses were arrested July 23, Douglas Danziger, 50, resigned as vice mayor of Fort Lauderdale. "Frankly," said David Bogenschurz, Danziger's attorney, "the public's coarse curiosity is damaging peoples' lives."

Police sources said Danziger's name was leaked to the media because he was unpopular with some officers enforcing his crusade against topless dancing, vulgar bumper stickers and sale of pornographic magazines.

Ellis Rubin, who with his son Mark is representing the couple, had said

he planned to argue that taking the anti-depressant drug Prozac made Kathy Willets to become a nymphomaniac and that Jeffrey Willets's alleged impotence prompted him to encourage her to have sex with other partners.

"If they were doing this as therapy, why did they charge $150 an hour?" asked Lazarus, who said he called the manufacturer of Prozac and was told that it has "no relevance to nymphomania."

"We felt confident in our defense," Mark Rubin said. "But the Willetses felt it was in their best interest to plead. . . . They could have gotten jail for a long time."

Lawyers close to the case said that Kathy Willets likely will be placed on probation and that her husband probably will be jailed for at least several months. Neither has prior criminal record, the lawyer said.

AGENCE FRANCE-PRESSE
... appointment book may surface.

TS00064

**THE REHOBOTH ART LEAGUE, INC.**

25549

Jourdean Lorah

7/10/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 6/29/2007 | Bill | 13249 | 122.50 | 122.50 | | 122.50 |
| | | | | Check Amount | | 122.50 |

Checking Mercantile B   Apple J Lorah

122.50

TS00065

TATNALL-D-0058

19123

**REHOBOTH ART LEAGUE, INC.**
12 DODDS LANE
REHOBOTH BEACH, DELAWARE 19971
(302) 227-8408

BALTIMORE TRUST COMPANY
SELBYVILLE, DE

60-49/311

8/26/2004

PAY
TO THE
ORDER OF    Jourdean Lorah

One Hundred Five and 00/100************************************************    $  **105.00

DOLLARS

Jourdean Lorah
Rte. 5 Box 150-318
Frankford, DE 19945

MEMO    "Seeded" by Jourdean Lorah

AUTHORIZED SIGNATURE

Security features. Details on back.

**REHOBOTH ART LEAGUE, INC.**

Jourdean Lorah

| Date | Type | Reference | | | | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|--|--|--|---------------|-------------|----------|---------|
| 08/22/2004 | Bill | 12820 | | | 8/26/2004 | 105.00 | 105.00 | | 105.00 |
| | | | | | | | | Check Amount | 105.00 |

19123

REDACTED

Checking Balt Trust Co.    "Seeded" by Jourdean Lorah    105.00

TS00066

9

TATNALL-D-0059

ZI



Commonwealth of Virginia

State Board for Community Colleges

# Northern Virginia Community College

This is to certify that

## Jourdean Sarah Lorah

is awarded the

## Associate in Science Degree

with a major in

## General Studies

together with all of the rights and privileges appertaining thereto:

Given at Annandale, Virginia, this eleventh day of August, Nineteen hundred and ninety-five.

CUM LAUDE

Chair, State Board for Community Colleges

Chair, College Board

Chancellor, Virginia Community College System

College President



TS00070

TATNALL-D-0061

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR THE NEW CASTLE COUNTY


JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

      Appellant, Claimant

V.


DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS
TATNALL SCHOOL

      Appellees


**ORDER**


    The Plaintiff, respectively prays that The Superior Court of the State of Delaware

in and for the New Castle County considers her motion to object to the dismissal of

her complaint. The Plaintiff, Jourdean Lorah is requesting the consideration for a

settlement out of court or relief which can be granted.

    It is so ordered on this day of _____, that the motion for the

Plaintiff be granted $300,000.00 for the damages as stated in her complaint.


_____


TS00071

TATNALL-D-0062

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of _____12|12|07_____, that all

documents were either sent or delivered to the defendants or appellees.

Department of Labor
Division of Industrial Affairs
P.O. Box 9954
Wilmington, Delaware   19809-9954

Tatnall School
1501 Barley Mill
Wilmington, Delaware   19807

Department of Justice
Attention: Linda M. Carmichael
Deputy Attorney General
820 N. French Street  6Th. Floor
Wilmington, Delaware   19801

TS00072

TATNALL-D-0063

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                           C.A. No 07A-05-001 JRS

    Appellant, Claimant


v.

DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

    Appellees

MOTION CONCERNING THE PROCESS RECEIPT

OF SERVICE AS SERVED BY CERTIFIED MAIL


    Plaintiff, Jourdean Lorah served the above appellees. The Department of

Justice has received a copy of the responding brief. The attorney, Thomas Hunt of

Morris, Nichols, Arsht & Tunnel has been served by way of certified mail. Plaintiff,

Jourdean Lorah has not received the certified process as served with an authorized

signature from attorney Thomas Hunt. The following certified mail receipt is

proof that the brief/response was served.


*Jourdean Lorah*

TS00073

TATNALL-D-0064

**U.S. Postal Service** [TM]
**CERTIFIED MAIL** [TM] **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.65 |
| Certified Fee | $2.65 |
| Return Receipt Fee (Endorsement Required) | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 6.45 |

Sent To MORRIS, NICHOLS ARSHT
& TUNNELL ATT THOMAS HUNT
Street, Apt. No.; 1201 N. MARKET ST
or PO Box No. P.O. BOX 1347
City, State, ZIP+4 WILMINGTON, DE. 19899 -1347

PS Form 3800, August 2006        See Reverse for Instructions

7007 1490 0000 7862 8065

---

NEWPORT BRANCH
WILMINGTON, Delaware
198049998
3379300504 -0097
12/17/2007    (800)275-8777    02:33:55 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| WILMINGTON DE 19899 Zone-1 First-Class Large Env | | | $1.65 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #:    70071490000278628065 | | | |
| Issue PVI: | | | $6.45 |
| Total: | | | $6.45 |
| Paid by: Personal Check | | | $6.45 |

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000302194716
Clerk: 09

    All sales final on stamps and postage.
    Refunds for guaranteed services only.
        Thank you for your business.
****************************************
****************************************
    HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

    TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

        YOUR OPINION COUNTS
****************************************
****************************************


        Customer Copy


TS00074

TATNALL-D-0065

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS R. HUNT, JR.
302 351 9271
302 425 4676 FAX
thunt@mnat.com

April 5, 2007

**VIA FACSIMLE**

State of Delaware Department of Labor
Division of Industrial Affairs
4425 N. Market Street
Wilmington, DE 19802
Attention:    Thomas Smith, Administrator
              Discrimination Program

            Re:    Lorah v. Tatnall School
                   Case No. 07020103W/17C-2007-00480

Dear Mr. Smith:

        I am responding to the above-referenced charge on behalf of the Tatnall School, Inc. Ms. Lorah was an employee in the Tatnall School's Extended Day Program from August until December, 2006. Her employment was not continued as of early December, 2006. The reasons for not continuing her employment were that she was difficult to manage and required excessive amounts of supervision. However, the main reason for not continuing her employment was that in late November/early December, 2006 she became embroiled in a dispute with a co-worker and attempted to involve the children she was charged with caring for in the dispute. As a result, she was told that her services were no longer needed. I am enclosing all of the documentation that I have regarding her employment, including a charge that she filed with the U.S. Department of Labor, Occupational, Safety and Health Administration. If you have any further questions, please feel free to contact me.

                                Sincerely,

                                Thomas R. Hunt, Jr.

/ml
Enclosures
cc:    Julie Klein Cutler (w/encls.)
       Ms. Jordean Lorah (w/encls.)

TS00075

765539.1

TATNALL-D-0066

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                    C.A. No. 07A-05-001  JRS

      Appellant, Claimant

V.

DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

      Appellees

## MOTION TO REQUEST AN EXTENSION TO FILE THE
## RESPONSE AS REQUESTED

Plaintiff, Jourdean Lorah has already served Mr. Thomas Hunt of the law firm of

Morris, Nichols, Arsht & Tunnel on December 17, 2007. Attorney, Mr. Jason

Cincilla from Morris, Nichols, Arsht & Tunnel has entered his appearance for

Tatnall School. Plaintiff, Jourdean Lorah has not received an authorized signature

from either Mr. Thomas Hunt or anyone from the law firm of Morris, Nichols,

Arsht & Tunnel verifying the response as received. Another response/brief was

filed and mail certified with a receipt. Plaintiff, Jourdean is awaiting for the process

receipt to be signed by either Mr. Thomas Hunt or Jason Cincilla. Plaintiff

respectively prays for an extension if an extension of time is necessary.

TS00076

*Jourdean Lorah*

```
              NEWPORT BRANCH
              WILMINGTON, Delaware
                  198049998
                3379300504 -0097
01/02/2008      (800)275-8777      01:38:54 PM
```

```
                 Sales Receipt
Product          Sale Unit         Final
Description      Qty  Price        Price

WILMINGTON DE 19899                 $1.65
Zone-1 First-Class
Large Env
5.20 oz.
Return Rcpt (Green Card)            $2.15
Certified                           $2.65
Label #:      70071490000278631416
                                   ----------
   Issue PVI:                       $6.45


Total:                              $6.45

Paid by:
Cash                                $7.00
Change Due:                        -$0.55

Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000302205231
Clerk: 07

   All sales final on stamps and postage.
   Refunds for guaranteed services only.
      Thank you for your business.
******************************************
******************************************
         HELP US SERVE YOU BETTER

       Go to: http://gx.gallup.com/pos

       TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

          YOUR OPINION COUNTS
******************************************
******************************************


            Customer Copy
```

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $1.65 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.45 |

Sent To MORRIS, NICHOLS, ARSHT & TUNNEL

Street, Apt. No.; 1201 NORTH MARKET ST
or PO Box No. P.O. BOX 1347

City, State, ZIP+4 WILMINGTON, DE · 19899 - 1347

PS Form 3800, August 2006          See Reverse for Instructions

7007 1490 0002 7863 1416

Pastmark Here   WILMINGTON DE   01/02/2008

TS00077

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JASON A. CINCILLA
302 351 9494
302 498 6230 FAX
jcincilla@mnat.com

November 20, 2007

**BY HAND DELIVERY**

The Honorable Joseph R. Slights, III
Superior Court
New Castle County Courthouse
500 N. King Street
Wilmington, Delaware 19801

Re:    *Jourdean Lorah v. Department of Labor, Division of Industrial Affairs, et al.,* Civil Action No. 07A-05-001 JRS

Dear Judge Slights:

Enclosed for Your Honor's convenience please find a chambers copy of defendant The Tatnall School Incorporated's joinder in defendant Department of Labor, Division of Industrial Affairs' motion to dismiss.

Respectfully,

Jason Cincilla

Jason A. Cincilla (#4232)

Enclosure
cc:    Linda Carmichael, Esq. (by e-mail)
       Jourdean Lorah (by first-class mail)

1318599v1

TS00078

TATNALL-D-0069

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of _____ 3, '00 _____, that all

documents were either sent or delivered to the defendants or appellees.


**Department of Labor**
**Division of Industrial Affairs**
**P.O. Box 9954**
**Wilmington, Delaware   19809-9954**

**Tatnall School**
**1501 Barley Mill**
**Wilmington, Delaware   19807**

**Department of Justice**
**Attention: Linda M. Carmichael**
**Deputy Attorney General**
**820 N. French Street  6Th. Floor**
**Wilmington, Delaware   19801**

**Morris, Nichols, Arsht & Tunnell**
**Attention: Thomas Hunt**
**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, Delaware  19899-1347**

*TS00079*

TATNALL-D-0070

FILED
PROTHONOTARY
2008 JAN 31  PM 1:19

# IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE

## AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

      **Appellant, Claimant**

v.

**DEPARTMENT OF LABOR, DIVISION OF
INDUSTRIAL AFFAIRS AND TATNALL SCHOOL**

      **Appellees**

## NOTICE OF MOTION

Plaintiff, Jourdean Lorah respectively prays that the Superior Court considers the following documents/motions to be heard at their convenience. Plaintiff, Jourdean Lorah requests a scheduled date.

*Jourdean Lorah*

TS00080

TATNALL-D-0071

FILED
PROTHONOTARY
2008 JAN 31 PM 1: 19

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR THE NEW CASTLE COUNTY

JOURDEAN LORAH                    C.A.  No . 07A-05-001 JRS

       Appellant Claimant

V.


DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS
TATNALL SCHOOL

       Appellees


## MOTION TO SEAL MEDICAL DOCUMENT FOR

## PURPOSES OF PRIVACY


    Plaintff, Jourdean Lorah respectively prays that the Superior Court of the State of

Delaware and in for the New Castle County will consider sealing the medical

document #13. The seal is for purposes of privacy, concerning the Plaintiff's medical

privacy.

*Jourdean Lorah*


TS00081


TATNALL-D-0072

IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE

AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

     Appellant, Claimant

V.

DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

     Appellees

**ORDER**

The Plaintiff, Jourdean Lorah respectively prays that the Superior Court of the United States of Delaware and for New Castle County considers her motion to seal all documents concerning medical. The Plaintiff, Jourdean Lorah is requesting privacy concerning the proprietary provisions.

It is so ordered on this day of _____, that the motion to seal all medical documents be granted.

_____

Honorable Judge Sleight

Date:_____        TS00082

TATNALL-D-0073

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day of _____Jan. 31, '08_____, that I

all documents were either served or delivered the defendants/appellees.

**Department of Labor**
**Division of Industrial Affairs**
**P.O. Box 9954**
**Wilmington, Delaware   19809-9954**

**Tatnall School**
**1501 Barley Mill Road**
**Wilmington, Delaware   19807**

**Department of Justice**
**Attention: Linda M. Carmichael**
**Deputy Attorney General**
**820 N. French Street  6Th. Floor**
**Wilmington, Delaware    19801**

**Morris, Nichols, Arsht & Tunnell**
**Attention: Thomas Hunt**
**Jason Cincilla**
**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, Delaware   19899-1347**

TS00083

TATNALL-D-0074

IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE

AND FOR NEW CASTLE COUNTY

FILED
PROTHONOTARY
2008 JAN 31 PM 1:20

JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

      Appellant, Claimant

v.

DEPARTMENT OF LABOR, DIVISION OF
INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

      Appellees


### NOTICE OF MOTION


    Plaintiff, Jourdean Lorah respectively prays that the Superior Court considers the

following documents/motions to be heard at their convenience. Plaintiff, Jourdean

Lorah requests a scheduled date.


*Jourdean Lorah*


TS00084

FILED
PROTHONOTARY
2000 JAN 31 PM 1:20

# IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE IN
## AND FOR NEW CASTLE COUNTY


JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

      Appellant, Claimant


v.


DEPARTMENT OF LABOR, DIVISION OF
INDUUSTRIAL AFFAIRS AND TATNALL SCHOOL


      Appellees


## MOTION CONCERNING PRESENT FINANCIAL STATUS AND
## THE ADMINISTRATIVE REMEDY


    Plaintiff, Jourdean Lorah is presently not employed with a full time or part time

position with benefits.  Plaintiff, Jourdean has no retirement and has needs that

must be administrated. During the month of December 2007, the Plaintiff, Jourdean

Lorah was denied her food stamp benefits from the Department of Social Services.

The benefits were given to the Plaintiff including the month of Dec. 2007 during the

month of January 2008.  In addition to the benefits that were denied, the Plaintiff,

Jourdean Lorah has only eight to ten hours of work each week. The services that the

Plaintiff provided during the month of December 2007 have still not been paid, but

TS00085

*Jourdean Lorah*

were earned. The accountant for the company consistently makes errors in the total amount, resulting in less money that was originally earned. The Wage Board was notified, but no complaint at this time has been filed. The Plaintiff's hourly pay has also been reduced. The Plaintiff's hourly wage was higher and now it is lower. The Department of Labor, Division of Industrial Affairs has not provided the Plaintiff, Jourdean Lorah the administrative remedy which would commensurate her skill. The Plaintiff, Jourdean Lorah has received her right to sue under Title VII. Plaintiff, is financially unable to afford an attorney and therefore the administrative remedy is necessary. Plaintiff, Jourdean Lorah has presently specific needs which include, medical, shelter – her mother's home, bills, insurance, retirement and food. The Plaintiff, Jourdean Lorah is considered to be able to work a full time job. Plaintiff, Jourdean Lorah respectively prays that the Superior Court administrates the remedy for the discrimination that continues to deny the Plaintiff, Jourdean Lorah and considers the settlement out of court for the defamation, proprietary provisions (sealed document), gender, age and disability.

TS00086

TATNALL-D-0077

IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE

AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH                          C.A. No. 07A-05-001 JRS

      Appellant, Claimant

v.

DEPARTMENT OF LABOR, DIVISION
INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

      Appellees

ORDER

    The Plaintiff, Jourdean Lorah respectively prays that The Superior Court of the United States of Delaware and for New Castle County considers her motions for an administrative remedy and a settlement out of court.

    It is so ordered on this day of _____, that the motion for the Plaintiff, Jourdean Lorah be granted $300,000.00 for the damages as stated in her complaint.

_____

Honorable Judge Sleight

Date: _____

TS00087

IN THE SUPERIOR COURT OF THE UNITED STATES OF DELAWARE

IN AND FOR THE NEW CASTLE COUNTY

JOURDEAN LORAH                         C.A. No. 07A-05-001 JRS

      Appellant, Claimant

v.

DEPARTMENT OF LABOR, DIVISION
OF INDUSTRIAL AFFAIRS AND TATNALL SCHOOL

      Appellees

## PROOF OF SERVICE RECEIVED

Plaintiff, Jourdean Lorah has served the above Appellees. Attorney, Thomas Hunt of Morris, Nichols, Arsht & Tunnell has returned the process return receipt with an authorized signature. Attorney, Jason Cincilla of Hunt, Morris, Arsht & Tunnell has not returned the process return receipt with an authorized signature.

TS00088

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Morris, Nichols, Arsht
E. Tunnell
Thomas Hunt
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Phil R_    ☐ Agent    ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery
Clark Running

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

[postmark: 2008 8 JAN RODNEY USA 19801]

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)    7007 1490 0002 7862 8065

PS Form 3811, February 2004    Domestic Return Receipt

TS00089

TATNALL-D-0080

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day of _____Jan. 31, '08_____, that

all documents were either sent or delivered to the defendants/appellees.


**Department of Labor**
**Division of Industrial Affairs**
**P.O. Box  9954**
**Wilmington, Delaware  19809-9954**

**Tatnall School**
**1501 Barley Mill Road**
**Wilmington, Delaware  19807**

**Department of Justice**
**Attention: Linda M. Carmichael**
**Deputy Attorney General**
**820 N. French Street  6Th. Floor**
**Wilmington, Delaware   19801**

**Morris, Nichols, Arsht & Tunnell**
**Attention: Thomas Hunt & Jason Cincilla**
**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, Delaware   19899-1347**

TS00090

TATNALL-D-0081

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 07A-05-001 JRS |
| | ) | |
| DEPARTMENT OF LABOR, | ) | |
| DIVISION OF INDUSTRIAL | ) | |
| AFFAIRS, and TATNALL SCHOOL, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted: December 14, 2007
Date Decided: January 31, 2008

*Upon consideration of
Appellee's Motion to Dismiss.*
**GRANTED.**

## O R D E R

This 31st day of January, 2008, the Department of Labor, Division of Industrial

Affairs ("Department")[1], having moved to dismiss the appeal filed by Jourdean Lorah

("Ms. Lorah"), it appears to the Court that:

    1.    On February 28, 2007, Ms. Lorah, a resident of Delaware, filed a charge

of discrimination against Tatnall School ("Tatnall") with the Discrimination Unit of

the Department of Labor.

---

[1] Appellee, Tatnall School, Inc., has filed a joinder in the Department's motion.

1

TS00091

TATNALL-D-0082

2.    Pursuant to 19 *Del. C.* §§ 712(a)(1) and 712(c)(2), the Department investigated the charge and determined that there was no reasonable cause to believe that an unlawful employment practice had occurred.    On April 20, 2007, the Department issued Ms. Lorah a No Cause Determination along with a Delaware Right to Sue Notice.    According to 19 *Del. C.* §710(12), a "No cause determination" means that the Department completed its investigation, found no unlawful employment practice, and provided Ms. Lorah a Delaware Right to Sue Notice.    A Delaware Right to Sue Notice lets Ms. Lorah know that the Department has done all it can do to help her and advises her of her "right to commence a lawsuit in Superior Court" under 19 *Del. C.* § 710(4).

3.    Ms. Lorah has appealed the Department's decision, arguing that the case "was dismissed without an investigation/ or assigned investigator" and that she was denied proper administrative process.[1]    She argues that she has not received an adequate administrative remedy from the Equal Employment Opportunity Commission or the Department of Labor.[2]    Ms. Lorah asks this Court for a "waiver to sue the State and Tatnall School."[3]

4.    The Department argues that this Court does not have subject matter

---

[1] Complaint at ¶ 1.

[2] Response to Motion to Dismiss at ¶ 12.

[3] *Id.* at ¶ 13.

2

TS00092

TATNALL-D-0083

jurisdiction over Ms. Lorah's Appeal pursuant to 29 *Del. C.* §§ 10142(a) and 10161. It also argues that Lorah improperly named the Department as a defendant in her civil rights action. Lastly, the Department argues that the doctrine of sovereign immunity bars Ms. Lorah's claim against the Department.

5.     The decision of the Department of Labor is final because it is not appealable under Delaware law. Pursuant to 29 *Del. C.* § 10142(a), a party may appeal an agency decision. According to 29 *Del. C.* § 10161(a), §10142(a), the right to appeal applies only to decisions of the agencies listed in the statute. The Department of Labor is not listed. Pursuant to 29 *Del. C.* § 10161(b), agencies not listed are not subject to appeal under § 10142.

6.     Although Ms. Lorah argues that the Department did not fully investigate her charges of discrimination, a No Cause Determination is a final determination which ends the administrative process under 19 *Del. C.* § 710(12). Therefore, Ms. Lorah's dealings with the Department are final with regard to her charge against Tatnall; she is precluded by statute from challenging the Department's decision on appeal.

7.     Ms. Lorah asks this Court for a "waiver to sue the state and Tatnall School." While the No Cause Determination and Delaware Right to Sue Notice do not allow Ms. Lorah to sue the Department, they do inform Ms. Lorah of her right to pursue a direct claim (as opposed to an administrative appeal) against Tatnall. Whether or not

TATNALL-D-0084

such a claim would be viable as a matter of law is a question to be determined on another day.[4]

8.     Based on the foregoing, Appellee's Motion to Dismiss the Appeal is **GRANTED**.

**IT IS SO ORDERED.**

Judge Joseph R. Slights, III

Original to Prothonotary

---

[4] *See* 19 *Del. C.* § 714(b)("the Delaware Right to Sue Notice shall include authorization for the charging party to bring a civil action under this chapter in Superior Court by instituting suit within 90 days of its receipt . . . .").

4

TS00094

TATNALL-D-0085

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JOURDEAN LORAH,                          )
                                         )
            Claimant-Appellant,          )
                                         )
      v.                                 )      C.A. No. 07A-05-001 JRS
                                         )
DEPARTMENT OF LABOR,                     )
DIVISION OF INDUSTRIAL                   )
AFFAIRS, and                            )
TATNALL SCHOOL                           )
                                         )
            Appellee.                    )

Date Submitted: January 31, 2008
Date Decided: April 11, 2008

*Upon consideration of the*
*Appellant's Motion for Reconsideration.*
**DENIED**.

## O R D E R

This 11th day of April, 2008, Jourdean Lorah ("Ms. Lorah"), having filed a "motion concerning present financial status and the administrative remedy,"[1] it appears to the Court that:

1. On February 28, 2007, Ms. Lorah filed a discrimination charge with the Discrimination Unit of the Department of Labor ("the Department") against Tatnall

---

[1] The Court is treating this motion as a motion for reconsideration of the Court's previous order dismissing Ms. Lorah's appeal.

1                    TS00095



TATNALL-D-0086

School ("Tatnall"). The Department investigated Ms. Lorah's claim, pursuant to 19 *Del. C.* §§ 712(a)(1) and 712(c)(2), but determined that no reasonable cause existed to believe that an unlawful employment practice had occurred.

2. On May 4, 2007, Ms. Lorah filed a notice of appeal in this Court in which she sought review of the Department's determination. On January 31, 2008, this Court issued an order dismissing Ms. Lorah's appeal on the ground that the Department's finding was not appealable. The Court based its determination upon 29 *Del. C.* § 10161(b), which states that decisions of administrative agencies not listed in Section 10161(a) may not be appealed. The Department is not listed in Section 10161(a).

3. On January 31, 2008, Ms. Lorah filed a "motion concerning present financial status and the administrative remedy," in essence a motion for reconsideration, asking the Court to order the Department to sue Tatnall on her behalf. In support, Ms. Lorah argues that because she is financially unable to afford an attorney to pursue an employment discrimination action against Tatnall, the Department must sue for her.

4. The Court has no statutory or legal authority to order the Department to pursue an action against Tatnall School on Ms. Lorah's behalf. The statutes governing the Department's handling of discrimination charges and this Court's appellate review of administrative agencies are both clear on their face and Ms. Lorah

TS00096

TATNALL-D-0087

has not challenged the validity of either statute (nor would she have any basis to do so).[2]  When applying such unambiguous statutes, "the Court's role [] is limited to an application of the literal meaning of the words."[3]  The statute governing the Department's response to charges of employment discrimination neither authorizes nor directs the Department to sue employers on behalf of employees who make allegations of discrimination after the Department determines that "no reasonable cause" exists to believe that discrimination occurred.[4]  The statute governing administrative appeals does not authorize appeals from Department determinations of "no cause."[5]

5.  Based on the foregoing, Ms. Lorah's motion for reconsideration must be **DENIED.**

**IT IS SO ORDERED.**

Judge Joseph R. Slights, III

Original to Prothonotary

cc:    Linda M. Carmichael, Esq.; Thomas Hunt, Esq.; Jason Cincilla, Esq.

---

[2] *See O'Niell v. Town of Middletown*, 2006 WL 205071, *11 (Del.Ch. Jan. 18, 2006)

[3] *Coast Barge Corp. v. Coastal Zone Industrial Control Bd.*, 492 A.2d 1242, 1246 (Del. 1985).

[4] 19 *Del. C.* § 712.

TS00097

[5] *See* 29 *Del. C.* § 10167(b).

3

TATNALL-D-0088

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas R. Hunt, Jr.
302 351 9271
302 425 4676 Fax
thunt@mnat.com

April 5, 2007

VIA FACSIMLE

State of Delaware Department of Labor
Division of Industrial Affairs
4425 N. Market Street
Wilmington, DE 19802
Attention:    Thomas Smith, Administrator
              Discrimination Program

Re:    Lorah v. Tatnall School
       Case No. 07020103W/17C-2007-00480

Dear Mr. Smith:

I am responding to the above-referenced charge on behalf of the Tatnall School, Inc. Ms. Lorah was an employee in the Tatnall School's Extended Day Program from August until December, 2006. Her employment was not continued as of early December, 2006. The reasons for not continuing her employment were that she was difficult to manage and required excessive amounts of supervision. However, the main reason for not continuing her employment was that in late November/early December, 2006 she became embroiled in a dispute with a co-worker and attempted to involve the children she was charged with caring for in the dispute. As a result, she was told that her services were no longer needed. I am enclosing all of the documentation that I have regarding her employment, including a charge that she filed with the U.S. Department of Labor, Occupational, Safety and Health Administration. If you have any further questions, please feel free to contact me.

Sincerely,

Thomas R. Hunt, Jr.

/ml
Enclosures
cc:    Julie Klein Cutler (w/encls.)
       Ms. Jordean Lorah (w/encls.)
765539.1

TS00098

TATNALL-D-0089

12/7/06

I would like to make a record of the conversation I had with Jourdean Lorah, beginning at 11:45 p.m.

I informed Jourdean that based upon last evening's conversation (that included Kendal and herself), that I had discussed the matter with the Headmaster's office and that a decision had been made to terminate her employment as of Friday. I said further that she need not come to work for the next two days, but that the termination would be as of 12/8/07.

She asked why she was being fired. I said that there were three separate occasions when I believed that her reaction to commonplace situations had been an overreaction.:

1) Reaction to a background check
2) Time sheet estimation
3) Kendal's attire

She tried to press me further and I said that this was no longer a productive work relationship.

She referred to age discrimination (on Kendal's part), and sexual discrimination. She said that she wa an "expert witness" and that she had done nothing wrong. That it was Kendal that was wrong in wearing revealing sweaters and that even a child had noticed it. Then she asked why I would believe my "client" over her. I asked what she meant by client. She referred to Kendal being a student, and therefore my client. I responded that Kendal was my employee, not my client.

She asked if I would provide a recommendation for her. I told her that I would verify her employment and nothing more. She asked for written notice of her termination. I said that I would follow the direction of the Headmaster's Office.

Michele Jennings
Report finished 12:35p.m.

Copy to Sue Stenborg, Paula Hagar and Tom Hunt

TS00099

TATNALL-D-0090



# THE TATNALL SCHOOL

Ms Jourdean Lorah                                    December 7, 2006
114 Walls Ave.
Wilmington, DE 19805

Dear Ms. Lorah,

I am writing this letter to thank you for the service that you have provided the children and families of The Tatnall School, and to say that your help will no longer be needed.

You will not be required to work the last two days of your employment and will be paid through December 8.

I appreciate the efforts that you have made on behalf of the school and wish you well in future endeavors.

Sincerely Yours,

Michele Jennings
Director of Extended Day

TS00100

1501 BARLEY MILL ROAD • WILMINGTON • DELAWARE 19807 • (302) 998-2292 • FAX (302) 998-7051

TATNALL-D-0091



## THE TATNALL SCHOOL

Dear Mr. Soss,                                    12/5/06

I have reviewed the area which pertains to the odor complaint we received, Complaint No. 200917458.

1. Where the car line forms is about 12 to 14 ft. from the entrance to the school. Cars drive up drop the children off, and proceed. No parking allowed. Unless the wind is strong from the South East. I would not think this would be a Problem meaning car exhaust.
2. The art room is in this area. The only odor would be from painting, which is a Student (Child) safe tempera water base paint.
3. We had a contractor installing air ducts for the heat. The sealant which was used for the seams may have given off an odor for a brief period.
4. Heat system is a roof top unit. Once in a while we will get an odor from Mushroom houses in Hockessin. It may have been pulled in the fresh air intake.
   Other than those examples I can not think of any other causes, which may give an order.

Sincerely,
Barry Kintz
Tatnall Schools
Director of Operations
(302)-420-5292

TS00101

1501 BARLEY MILL ROAD • WILMINGTON • DELAWARE 19807 • (302) 998-2292 • FAX (302) 998-7051

TATNALL-D-0092

**U.S. Department of Labor**

Occupational Safety and Health Administration
919 Market Street
Suite 900
Wilmington, DE 19801



Reply to the Attention of:
Vincent Soss
Area Director
(302) 573-6518

573,
6532

November 30, 2006


THE TATNALL SCHOOL, INC.
1501 BARLEY MILL ROAD
WILMINGTON, DE 19807


Dear The Tatnall School:

On 11/30/2006, the Occupational Safety and Health Administration (OSHA) received a notice
of (safety and/or health) hazards at your worksite at:

    1501 BARLEY MILL ROAD
    WILMINGTON, DE 19807

The specific nature of the alleged hazards is as follows:

Chemical odor detected at the entrance where the car line is at the lower school.

We have not determined whether the hazards, as alleged, exist at your workplace; and we do
not intend to conduct an inspection at this time. However, since allegations of violations have
been made, you are requested to investigate the alleged conditions and make any necessary
corrections or modifications. Within 5 calendar days of your receipt of this letter, please advise
me in writing of the results of your investigation. Please provide any supporting documentation
of your findings, including any applicable measurements or monitoring results, and photographs
which you believe would be helpful, as well as a description of any corrective action you have
taken or are in the process of taking, including photographs/video of the corrected condition.

The complainant involved has been advised of this preliminary response to the complaint of
hazards and has been furnished a copy of this letter. Section 11(c) of the OSH Act provides
protection for employees against discrimination because of their involvement in protected safety
and health related activity.

This letter is not a citation or a notification of proposed penalty which, according to the OSH
Act, may be issued only after an inspection or investigation of the workplace. It is our goal to
assure that hazards are promptly identified and eliminated. Please take immediate corrective
action where needed. We encourage employee participation in investigating and responding to
any alleged hazard. If we do not receive a response from you within 5 calendar days indicating
that appropriate action has been taken or that no hazard exists and why, an inspection may be

TATNALL-D-0093

conducted. An inspection may include a review of the following: injury and illness records, hazard communication, personal protective equipment emergency action or response, bloodborne pathogens, confined space entry, lockout and related safety and health issues.

Please note, however, that OSHA selects for inspection a random sample of cases where we have received letters in which employers have indicated satisfactory corrective action. This policy has been established to ensure that employers have actually taken the action asserted in their letters.

Finally, any action taken by you in this matter will not automatically remove your workplace from the possibility of an unannounced inspection by duly authorized representatives of OSHA in accordance with routine scheduling procedures currently in effect.

In addition to its function of inspecting workplaces, the OSHA Area Office has been expanded to become full service resource center, offering a wide range of safety and health related services in response to the needs of the working public, both employers and employees. These services include training and education, consultation, voluntary compliance programs and assistance in correcting hazards.

The State of Delaware offers OSHA consultation services, without charge, to assist in resolving all occupational safety and health issues. However, the variety of services available or the scheduling of those services may be limited by the consultation project's requirement to give priority to small businesses in high hazard industries and by its backlog. To discuss or request the services, call or write your Delaware consultation project at the following address:

State of Delaware
Occupational Safety and Health
Delaware Department of Labor
4425 North Market Street, 3rd Floor
Wilmington, Delaware  19802
(302) 761-8200

You are requested to post a copy of this letter where it will be readily accessible for review by all of your employees and return a copy of the signed Certificate of Posting (Attachment A) to this office. In addition, you are requested to provide a copy of this letter and your response to it to a representative of any recognized employee union or safety committee if these are at your facility. Failure to do this may result in an on-site inspection.  The complainant has been furnished a copy of this letter and will be advised of your response.

TS00103

If you have any questions concerning this matter, please contact the Area Office at the address in the letterhead. Your personal support and interest in the safety and health of your employees is appreciated.

Sincerely,

Vincent Soss
Area Director

3

TS00104

TATNALL-D-0095

## OSHA NOTIFICATION OF ALLEGED HAZARD(S)

Complaint Nr: 200917458

Date of Posting: _12/5/06_____

Date Copy Given to
an Employee Representative: _____

On behalf of the employer, I certify that a copy of the complaint letter received from the Occupational Safety and Health Administration (OSHA) has been posted in a conspicuous place, where all affected employees will have notice, or near such location where the hazard occurred, and such notice has been given to each authorized representative of affective employees, if any. This notice was or will be posted for a minimum of ten (10) working days or until any hazardous conditions found are corrected.

_[signature]_
Signature

_[signature]_ Business Manager
Title

4

TS00105



# U.S. Department of Labor
Occupational Safety & Health administration

**www.osha.gov**    MyOSHA    Search    GO    Advanced Search

OSHA 7 Online Complaint Form

## Submission Complete

## Thank You!

Your Safety and Health Hazard Notice has been forwarded to the OSHA Federal Area Office below.

If you identified yourself, you will be contacted by OSHA.

Please call the OSHA Federal Area Office below if you are not contacted.

Complaint Number: 82890

Delaware

Wilmington Area Office
919 Market Street, Suite 900
Wilmington, DE, 19801
(302) 573-6518
(302) 573-6532 Fax

| | |
|---|---|
| Establishment Name: | The Tatnall School |
| Site Street: | 1501 Barley Mill Road |
| Site City: | Wilmington |
| Site State: | Delaware |
| Site Zip: | 19807 |

| | |
|---|---|
| Management Official: | Ms. Jennings/Ms. Cathcart |
| Telephone Number: | 302-892-4328 |
| Type of Business: | Private School |

Hazard Description:

On November 27, 2006 and on November 28, 2006 I detected a chemical odor in the air. I am unable to identify it, but I feel as if I am being threatened. On several different dates, I have been told that I am go be fired. The odor is not concentrated in a large area, but in a small area (whiff).

Hazard Location:

http://www.osha.gov/pls/osha7/ecomplaintform.submit        11/30/2006

TATNALL-D-0097

Near the entrance where car line is at the lower school.

This condition has previously been brought to the attention of:

* The employer

I am an employee.

Do NOT reveal my name to my employer.

Complainant Name:                    Jourdean Lorah
Complainant Telephone Number:        302-225 -0540
Complainant Mailing Address:

114 Walls Ave.

Wilmington

Delaware

19805

TS00107

TATNALL-D-0098





**U.S. Department of Labor**

**Occupational Safety and Health Administration**
Division of 11(c)
Suite 740 West, The Curtis Center
170 South Independence Mall West
Philadelphia, Pennsylvania 19106-3309

February 22, 2007

Thomas R. Hunt, Jr., Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market St., P.O. Box 1347
Wilmington, DE 19899-1347

**RE:  The Tatnall School, Inc./Lorah/3-0490-07-003**

Dear Mr. Hunt:

Thank you for submission of the position statement regarding Jourdean Lorah's discrimination complaint filed pursuant to Section 322(a)(1-3) of the Clean Air Act (42 U.S.C., § 7622). Reference the discrimination complaint filed with this agency by Ms. Lorah, request that The Tatnall School, Inc., provide copies of records to substantiate the employer's position that the decision was made not to continue her part-time employment for reason related to Complainant's performance.  Request that these records include the following: (1) examples on the termination of other employees for poor performance, (2) an employee handbook, (3) employee evaluation procedures, (4) employee counseling procedures, (5) employee disciplinary or progressive disciplinary procedures, (6) employee performance improvement procedures, (7) Complainants' employment contract or application, (8) Complainants' employment file, including any and all job descriptions, designation of responsibilities, training records, records on performance evaluations,  records on counseling, records on warnings for unsatisfactory performance, records on performance improvement plans, and records on employment termination or other disciplinary action, records on payments and records of workers' compensation or unemployment claims.  Please provide any other records deemed appropriate to establish that the employer's action was legal and nondiscriminatory.

If you require any additional information, please telephone me at (412) 395-6377.  Your assistance in this matter is greatly appreciated.  Records furnished regarding this matter should be mailed to the undersigned at U. S. Department of Labor -OSHA, Division of 11 (c) - Pittsburgh, 260 Buffalo Plaza #142, Sarver, PA 16055.

Sincerely,

David L. Hill
Regional Investigator

TS00108

## ORIENTATION·TRAINING
## AND YEARLY REVIEW

EMPLOYEE/VOLUNTEER: _Jourdean Lovah_

POSITION: _Coordinator Lower School_

DATE BEGUN IN CENTER: _8/2006_

| | DATE OF TRAINING | INITIALS OF TRAINEE | NAME OF TRAINER |
|---|---|---|---|
| Tatnall Mission and preschool philosophy | | | MAT |
| Facilities tour: includes location of medical supplies/ice | | | MAT |
| Emergency & evacuation procedures | | | |
| Preschool Policies on: <br> ▪ Guidance and classroom management <br> ▪ Health care ; _alergies, asthma, epi-pen_ <br> ▪ Interactions with children <br> ▪ Playground rules . <br> ▪ Sanitation procedures/Universal . <br> ▪ Release of children | | | MAT |
| *Personnel & administrative policies | | | MAT |
| Child abuse/neglect law and reporting requirements | | | MAT |
| Recognition of the symptom of: <br> ▪ Childhood illnesses <br> ▪ Child abuse, sexual abuse & neglect | | | MAT |
| Confidentiality and Ethics | | | MAT |
| Responsibilities of their particular function in the facility | | | MAT |

*Faculty only

orient.training8/2002

TS00109

TATNALL-D-0100

# EXTENDED DAY PHILOSOPHY AND POLICIES

The Tatnall School has a long history of Extended Day with an established reputation for excellence. Our success is due to the enthusiasm of our talented staff, their level of experience and their sensitivity to the needs of each and every child. You make the Tatnall experience unique.

In Extended Day, strive to bring out the best in children by offering programs that are child-centered and delivered in an environment where success is based on attitude not aptitude. Our goals include the following:

1. **To encourage the development of self-esteem** in each child.
2. **To build self-confidence** by providing challenging and enriching activity.
3. **To teach skills:** Both Activity Skills (dribbling a ball) and Life Skills (communication, social interaction, problem solving, organization and responsibility).
4. **To keep our children safe,** both "Outside"(physically) and "Inside"(psychologically).

In summary, our goal is for every child to leave with the feeling that this was a great day! And, it is up to you to make this happen. Welcome to the team!

## Policies Regarding Children:

Our primary goal for children is that they have **fun** while making new friends, acquiring new skills, and building self-confidence. These are some of the specific skills that you will need:

1. Greet each child, every day, with a friendly smile and by name. Say goodbye each day. Stoop or kneel so that you are eye to eye when talking with younger children.

2. Be actively engaged with your children: Sit with them during group activities, participate in art class and share their fun..

3. Always be enthusiastic about school because **your enthusiasm is contagious!** If you complain about how hot it is, how tired you are or about another staff member, this sets a negative tone that will be picked up by your group.

4. Learn an attention getting device like a hand clapping rhythm or other signal.

5. Involve children in establishing group norms by talking with them about how they want to be treated and how to treat others. Allow them to shape the rules, the limits and consequences. Be consistent in applying consequences.

6. Create an anti-bullying environment that protects children from being picked on for things over which they have no control like: weight, skin color, gender and sexuality.

7. Teach and model conflict resolution by using "1 to 1" conversations.

8. Treat every child equally (no favoritism) and with respect and courtesy. Please remember that you serve as a role model and must always be aware of personal language, tone of voice, appearance, and hygiene.

9. The children are our main priority. If a situation arises where a child needs immediate attention, you should do one of the following:

   a. If possible, answer the question and solve the problem.
   b. Take the child to the appropriate person who can solve the problem (nurse, director, senior staff member).
   c. If a child is hurt, stay with him/her and designate one person, by name, to go get help.

TS00110

TATNALL-D-0101

## Policies Regarding Parents

1.  Staff members are always courteous and treat parents and any other adult with the utmost respect.

2.  Staff members should introduce themselves to any parent or other adult who comes on campus to visit.

3.  If a parent has a question or concern that you cannot answer, take him/her to the individual who can answer the question. Please, don't say, "I don't know", or Ask Beth, she'll know, but rather, "Let's go find Beth and I'm sure she'll be able to help you".

4.  If a parent asks where something is located, please, don't point or explain, but personally take them to the location.

5.  Please escort all "strangers" to the Director's office.

## Parent Attitude Towards Staff

Staff members have the right to be treated with the same respect and courtesy that they extend to others. If a parent uses suggestive or abusive language, or tone of voice, please do not respond with sarcasm or anger. Ask the individual to accompany you to the Director's Office where this issue can be properly addressed.

## Employee Policies

We do not tolerate discrimination of any kind including sexual, racial or age related. Therefore:

1.  Always cooperate with other staff members.

2.  Never use abusive language or make derogatory remarks to, or about, other counselors, specialists, aquatics, maintenance or other staff. Specifically, do not use the expression, "that's so gay", or "homo", "fag", "faggot", "dyke", "queer", "sissy", or "pansy", even in fun.

3.  When competing with other teams, be sure to shake hands with the opposing coach and team at the end of the game.

**Dress and Appearance:** You should dress for comfort when working with the children because you will be on the playground, sitting on the floor and otherwise keeping up with the children. Khakis and a comfortable shirt with collar are appropriate. Jeans may be worn on fieldtrips, if not tattered. Modesty and a professional appearance are the key points to remember.

**Illness:** Please make every effort to call the night before, if you think that you are ill so that a substitute may be arranged for. The office number is 892-4347.

**Vacations:** Vacation time is possible when arranged for ahead of time. Two weeks notice is appreciated.

**Absence Due to an Educational Opportunity:** The Tatnall School is committed to the professional development of its staff. Therefore an unpaid absence may be allowed for participation in an educational program. Prior consent of the Director is required.

TS00111

# RISK MANAGEMENT AND EMERGENCY PROCEDURES

Tatnall Extended Day staff and volunteers share responsibility for safeguarding the children in our care. This is our highest priority. Constant vigilance and safety awareness must be a part of planning every activity, every day. However, even with the best staff and under the best circumstances, there will be occasions when emergency procedures are needed. The following are guidelines that will assist you in preventing and responding to an emergency. Please remember to document any incident, behavioral or safety related (except for minor scratches and bruises), with an Incident or Blood and Body Fluid Spill Report immediately. These reports are given to the Director of Extended Day so that he/she may decide if further action is needed.

## Risk Management

Tips to keep your group safe and accident-free:

- **Each and every child must be supervised every minute of every day. NO EXCEPTIONS.** Arrange trips to the bathroom regularly and at times when junior staff is available to assist. If assistance is not available, take the whole group. Be especially aware of naptimes (make sure that the room is never left unattended) and transition times (3:00 pm pick-up).

- **No horseplay.** This invariably leads to unnecessary roughness and accidents.

- Children must always wear safety equipment that is provided for a particular activity, i.e. bike helmets or shin guards.

- Store equipment out of the sight and reach of children.

- Anticipate transition times between activities and have quick activities from your "bag of tricks" ready to fill the gaps. If a "hyper" child begins to get out of control, step in with a cool down time **before** he/she loses it.

- On a 3H day (hot, hazy and humid) be sure to take water breaks, carry water and cups on field trips and apply sunscreen to children.

- Always be aware of suspicious looking people or vehicles on campus and report these to your Director or Site Coordinator.

## Emergency Procedures

**Facility Related**

Direct the children away from the dangerous location immediately. Take a roll call as soon the group is in a safe place. Notify the Director immediately. He/she will alert all Staff and Operations.

**Unauthorized Visitor**

If a visitor refuses to register at the office, campus security must be called immediately: 892-4315, or pager 420-5292 (Barry Kintz).

TS00112

## Missing Child

Inform the Director and Site Coordinator immediately. All groups will return to a meeting area where attendance will be double-checked. A senior staff member will be designated to stay with each group while all other staff members start a systematic search under the direction of the Site Coordinator. If the child is still missing, campus security will be called. The Director will call the parents and answer all questions pertaining to the incident. Staff members should **defer all questions to the Director.** Staff members must remain on side until the location of the missing child is determined.

## Medication, Illness and Accident

Tatnall's School Nurse, Mary Garrett, is on duty from 8:30 am to 3:15 pm. All medications will be administered during this time frame unless special arrangements have been made by the nurse with the parents. The Staff is responsible for making medication arrangements the day before a field trip. The nurse should be called upon for all illnesses and accidents that are more serious than a superficial cut or bruise. Do not move a child if a head or back injury is suspected. Keep the child warm, immobile and call for help.

Fred Palfrey, Tatnall's Sports Trainer, is available after 3:00 pm (4365). If he cannot be reached, call Operations at 4315 or 4316 to page him.

Blood and Body Fluid Spill Stations are located in all Extended Day sites. These should be used any time that there is a wound with a large amount of bleeding (more than a regular Band-Aid can handle), vomit, feces, urine or heavy mucus spill to clean-up. Use protective gloves at all times and double bag the clean-up materials. Use the red trash cans for disposal and call Operations (892-4315) to report the spill so that pick-up can be arranged.

**Safety packs should be available close by or worn by Staff at all times.**

## BEHAVIOR MANAGEMENT PROGRAM

## Discipline Policy

Discipline is a positive guidance process where behavioral expectations are linked to specific consequences. As a result of this process, a child learns about self control through an understanding of how his/her behavior effects others in social settings. Positive reinforcement with as few rules as possible and clear consistent consequences for negative behavior should be used to achieve this end. Conflict Resolution in the form of an I tol should be a part of routine guidance. If we take the time to train children to identify, own, and resolve conflict, gradually self esteem and a more positive environment will evolve.

Children should participate in the formulation of "their" rules and the associated consequences. Consequences should not threaten or be punitive in nature but relate to the issue at hand. An understanding of early childhood development is needed so that behavioral expectations and consequences are age appropriate. In all situations requiring discipline, it is important to have a calm talk with the child to assess his/her level of understanding so that an appropriate consequence can be applied. Junior and new staff members are expected to bring disciplinary situations to the attention of senior staff so that a consistent approach will be used.

All Tatnall Extended Day and Summer Programs will adhere to the following Behavioral Expectations and Consequences making this policy uniform and easy for children to adjust to.

TS00113

TATNALL-D-0104

## Behavioral Expectations For Children

1. Respectful language and tone of voice (No cursing)

2. Respectful behavior (No fighting or aggressive behavior)

3. Equipment and property of The Tatnall School will be treated with respect.
   (No littering and destruction of property)

4. Children will use safety equipment and follow rules designed for activities.

5. Children will have written permission from their parent/guardian in order to
   leave Camp or Extended Day.

## Discipline Guidelines for Preschool Aged Children

1. Children will be respectfully reminded of expected behavior and redirected using verbal and
   demonstrative support, as needed. The number of reminders will vary with the age and
   development of the child. Train children in the use of an I to I. Give them the tools to
   understand their part in the conflict and begin to address it independently.

2. Continued hurtful or disrespectful behavior will result in the removal of the child from the
   group. An Incident Report (identifying the behavior, placing it in context) should be written at
   this time so that parents and Site Coordinator or Camp Director will be informed. The Senior
   Counselor, Site Coordinator and Director will discuss the behavior and may request that a
   Behavior Log be kept to identify patterns in the incidence of the behavior.

3. If the behavior reoccurs, an Incident Report will be written and a request for a conference will
   follow. The goal of the conference is to illicit parental support, develop a better
   understanding of the problem and develop strategies to assist the child.

4. If the behavior continues, the Director of Summer Programs will be informed and a decision
   may be made not to include the child in the program.

## Discipline Guidelines for School Aged Children

1. 1st Offense: A private conversation reminding the child of the impact of his
   actions on others. The goal is to remind, not humiliate. Use an I to I to give the child the
   tools to understand his part in the conflict and to address conflict independently.

2. 2nd Offense: Child will have counseling regarding the behavior and another I to I. A time-out,
   if age appropriate (5 – 13 yr. olds, one minute for each year) may be used.

3. 3rd Offense: An Incident Report will be completed and sent home to inform parents. Child
   may be sent to the Director's Office for a serious discussion.

4. 4th Offense: An Incident Report will be completed. Parents will be notified.
   The child may be asked not to return to Camp or Extended Day the following day or the
   remainder of the program, at the discretion of the Director.

5. Severe/Flagrant Behavior: The Director may dismiss a child, even on a first
   offense if the behavior is severe or flagrant. A conference with the parents/ guardians will be
   called to discuss the matter. An Incident Report is required.

6. Destruction or defacing The Tatnall School property/equipment: Repair or

TS00114

TATNALL-D-0105

replacement costs will be assessed and the child may be dismissed from Camp and Extended Day. An Incident Report is required.

## **Staff**

1.  Staff members are expected to be "ready to work" at the start of their shift.

2.  Staff Dress Code: Staff members are expected to dress in a professional yet comfortable manner.

3.  Personal use of Cell Phones, during working hours, is not permitted. Telephones are available, on site, for emergency use.

4.  Use of earphones, music and/or personal reading during working hours is not permitted.

5.  Staff members are expected to remain on campus during working hours unless authorized to leave by the Site Coordinator or Director.

TS00115

TATNALL-D-0106

## WORKING WITH CHILDREN

### Guidelines:

- **Always** use appropriate language when talking to or around children. They are sure to hear you when you think they can't, and may copy what you say. Be careful of your tone of voice. Use a tone that is fun, challenging and exciting. Encourage children to ask questions if they have doubts or concerns.

- **Think** about what you say from a child's perspective. You may feel that you are kidding, but the child may be at a stage where he/she cannot separate teasing from reality, and become very upset.

- **Teach** sportsmanship and teamwork every day. At Tatnall, we teach our children that they have no right to hurt anyone with their bodies or their words. This means that no one should make fun of another person in any way.

- **Teach** children to tell one another if they do not like what the other person is doing. If a child says to stop something, be sure to honor that request.

- **Time out** is appropriate in some situations. Two to three minutes is plenty to time for a child to get the idea. Reread the Consequence Section often so that you can be consistent in handling unacceptable behavior. Do not hesitate to ask your Site Coordinator or Director for suggestions on how to be more effective with discipline.

- **Our purpose** is to help every child feel that he/she is a contributing member of the group. Do not allow children to make fun of anyone. Intervene immediately. Older children will be more discreet about this. Keep your ears open if you suspect it to be happening. Every group has someone who always seems to remain on the outside. Bring him/her into the group.

- **Use positive phrases** like "You need to...", instead of "Stop" or "Don't." Encourage children to empathize with others and ask, "How would you feel if...?" Remind children to use words to get what they want.

- **Be organized** and ready to go. Children are very impatient and won't wait for you to get organized.

- **Speak** to a silent group only. Make sure children know that when you speak, they listen, and when they speak, you will listen. Establish respect. It's a two-way street. Stop speaking if anyone starts talking, whispering or fooling around. Establish a "Quiet Signal" and wait for quiet before you speak.

- **When moving** from one activity to another, make sure the children know where they are going. Speak about the move, describe it and then tell the group to start. When moving, one staff member should take the front and one the rear. If there is only one staff member, give instructions and bring up the rear.

- **We all learn from our mistakes**, but only if we know that we have made one! Be a friend and let a fellow staff member know if there is a better way to handle a situation. Please do not be offended or become defensive if this occurs to you.

TS00116

## MESSAGE CONFIRMATION

04/05/2007  11:37
ID=MORRIS NICHOLS ARSHTAND TUNNELL

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 04/05 | 02'09" | 302 761 6601 | TX | 020 | OK | 0000 |

04/05/2007    11:35    MORRIS NICHOLS ARSHTAND TUNNELL → 7616601                NO.769    P001

---

### MORRIS, NICHOLS, ARSHT & TUNNELL LLP

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

### FAX COVER SHEET

DATE: 04/04/2007
TIME:
PAGE: 1 OF

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:    Thomas Smith
LOCATION: State of Delaware Department of Labor
PHONE:                        FAX:  761-6601

FROM:    Thomas R. Hunt, Jr.
PHONE:
MESSAGE:

---

**The documents accompanying this sheet may contain information that is confidential or that is privileged.  If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited.  If you believe that you may have received these documents in error, please call (302) 351-9332.**

---

If you do not receive all the pages, please call back as soon as possible.

MATTER NO.: 41185

$20.00

TS00117

2007 MAR 26 PM 12: 39

# MESSAGE CONFIRMATION

```
                                            03/21/2007  13:52
                                            ID=MORRIS NICHOLS ARSHT AND TUNNELL

DATE       S.R-TIME   DISTANT STATION ID    MODE        PAGES  RESULT              S.C.
03/21      05'19"     724 294 2086          TX          028    OK                  0000
```

```
03/21/2007    13:34    MORRIS NICHOLS ARSHT AND TUNNELL → 17242942085       NO.030   0001
```

## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

### FAX COVER SHEET

DATE: 03/20/2007
TIME:
PAGE: 1 OF

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:    Dave Hill
LOCATION:
PHONE:                           FAX:  724-294-2085

FROM:    Thomas R . Hunt, Jr.
PHONE:
MESSAGE:

**The documents accompanying this sheet may contain information that is
confidential or that is privileged.  If you are not the intended recipient of
these documents, please note that the dissemination, distribution, use or
copying of these documents is strictly prohibited.  If you believe that you
may have received these documents in error, please call (302) 351-9332.**

If you do not receive all the pages, please call back as soon as possible.

MATTER NO.: 41185

TS00118

TATNALL-D-0109

## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

### FAX COVER SHEET

DATE: 03/20/2007

TIME:

PAGE: 1 OF

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:    Dave Hill

LOCATION:

PHONE:                          FAX:   724-294-2085

FROM:    Thomas R . Hunt, Jr.

PHONE:

MESSAGE:

**The documents accompanying this sheet may contain information that is confidential or that is privileged.  If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited.  If you believe that you may have received these documents in error, please call (302) 351-9332.**

If you do not receive all the pages, please call back as soon as possible.

MATTER NO.: 41185

TS00119

TATNALL-D-0110

# THE TATNALL SCHOOL



**1501 Barley Mill Road**
**Wilmington, DE 19807**
**(302) 998-2292**
**(302) 892-4285** *Admissions*
**(302) 998-7051** *Fax*

**To:** *Jore Hunt*  **From:** *Sue Stenberg*

**Fax:** *658 - 3989*  **Pages:** *27*

**Phone:**  **Date:** *3/20/07*

**Re:**

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

TS00120

TATNALL-D-0111

Case 1:06-cv-00539-SLR    Document 55-5    Filed 06/27/2008    Page 20 of 21

THE TATNALL SCHOOL

PERSONNEL POLICY MANUAL

**Table of Contents**

| | | | Page |
|---|---|---|---|
| I. | **INTRODUCTION** | | 1 |
| | A. | Administration. | 1 |
| | B. | Interpretation. | 2 |
| | C. | Review. | 2 |
| | D. | Coverage. | 2 |
| | E. | Fiscal Year and School Year. | 2 |
| | F. | Classification of Employment. | 3 |
| | | 1.   Full-time Employees. | 3 |
| | | 2.   Part-time Employees. | 3 |
| | | 3.   Seasonal or Temporary Employees. | 3 |
| | | 4.   Fair Labor Standards Act Classification. | 3 |
| | |    a.   Exempt Employees. | 3 |
| | |    b.   Non-Exempt Employees. | 4 |
| II. | **EMPLOYMENT POLICIES** | | 5 |
| | A. | Equal Employment Opportunity/Non-Harassment. | 5 |
| | B. | Background Checks. | 5 |
| | C. | Personnel Files. | 5 |
| | D. | Term of Employment. | 5 |
| | E. | Employee Contracts. | 6 |

- 1 -

TS00121

TATNALL-D-0112

Case 1:06-cv-00538-SLR    Document 55-5    Filed 06/27/2008    Page 21 of 31

F.   Performance Reviews.                                    6


III. **COMPENSATION POLICIES**                              7

A.   Work Hours/Time Commitments.                           7

     1.   Faculty Employees.                                7

     2.   Recording Work Hours.                             7

     3.   Overtime Pay Procedures.                          7

     4.   Expenses and Allowances.                          8


IV.  **BENEFITS**                                           9

A.   Legally-Mandated Benefits.                             9

B.   Provisions for Time Not Worked.                        9

     1.   Sick Leave With Pay.                              9

     2.   Leave of Absence.                                 10

     3.   Holidays.                                         10

     4.   Personal Days.                                    10

     5.   Vacation.                                         10

          1.   Full-Time Faculty Members                    10

          2.   Full-Time Employees Other Than Faculty      11

               a.   Administration                          11

               b.   Administrative Support Staff           11

               c.   Operations and Extended Day Staff      11

- 2 -        TS00122

TATNALL-D-0113

V.   **HEALTH AND RELATED BENEFITS**                        13

     A.   Medical and Dental.                               13

     B.   Life Insurance, Long Term,
          Disability and Pension Supplement.                13

     C.   Summer Recreation Membership.                     14

     D.   Federal Credit Union.                             14

     E.   COBRA.                                            14

     F.   Retirement.                                       14

     G.   Admissions and Tuition Remission.                 15

     H.   Professional Development.                         16

     I.   Extended Day Program.                             16

     J.   Graduate School Tuition Assistance.               17

     K.   Faculty Grant Program.                            18


VI.  **EMPLOYEE CONDUCT**                                   20

     A.   Personal Appearance/Demeanor.                     21

     B.   Smoking.                                          21

     C.   Confidentiality of Information.                   21

     D.   Complaint Resolution Process.                     21

TS00123

- 3 -

## THE TATNALL SCHOOL, INC.

## PERSONNEL POLICY MANUAL

I.  **INTRODUCTION**

This is the Personnel Policy Manual of The Tatnall School, Inc. as adopted by the Board of Trustees of the school. The intention of this manual is to highlight the school's employment policies and procedures and to assist all concerned in the making and implementation of consistent and objective personnel decisions in a manner that is equitable to all employees and consistent with the objectives and best interests of the school. It is not intended to be exhaustive or to cover every possible employment situation. All employees are expected to perform in a reasonable, professional and prudent manner, at all times and in all places, including after regular hours and away from the school campus, which will be in the best interests of, and will not in any way reflect poorly on, The Tatnall School.

A.  Administration.

The Board of Trustees of The Tatnall School employs a Head of School to whom it delegates responsibility for day-to-day implementation of the Board of Trustees' policies and for the overall administration of the school, including administration and interpretation of this Personnel Policy Manual. The direct administration of the Personnel Policy Manual and the supervision of all administrators, faculty and other personnel are the ultimate responsibilities of the Head of School.

- 1 -

TS00124

TATNALL-D-0115

Administration of the Personnel Policy Manual and supervision of administrators, faculty and other personnel may also be delegated by the Head of School, where appropriate, with the ultimate concurrence of the Board of Trustees.

B.    Interpretation.

Interpretation of this Personnel Policy Manual and all matters pertaining to it are the responsibility of the Head of School and his or her designated representatives.

C.    Review.

This Personnel Policy Manual may be reviewed and modified by the Board of Trustees from time to time. The Board of Trustees reserves the right to modify the Personnel Policy Manual at any time and in any respect that it deems necessary, appropriate or in the best interests of the school.

D.    Coverage.

All employees of The Tatnall School are covered by this Personnel Policy Manual.

E.    Fiscal Year and School Year.

The Fiscal Year of The Tatnall School runs from July 1 to June 30. The School Year, during which classes are in session, runs from the beginning of September through mid June.

TS00125

- 2 -

TATNALL-D-0116

F.    Classification of Employment.

For purposes of the payroll system and for purposes of describing and reviewing personnel policies, employees shall be classified by the school administration on the basis of (1) job duties, e.g. faculty, administrators or staff employees, (2) whether they are full-time, part-time or seasonal or temporary employees, and (3) whether they are exempt or non-exempt from the provisions of the Fair Labor Standards Act.

1.    Full-time Employees.    Full-time Employees are those persons who are regularly scheduled on a continuous basis to work 35 hours or more each week.

2.    Part-time Employees.    Part-time Employees are those persons who are regularly scheduled on a continuous basis to work less than 35 hours per week.

3.    Seasonal or Temporary Employees.    Seasonal or Temporary Employees are those persons whose assignments are short-term, usually not continuing beyond 3 months (e.g. summer camp counselors).

4.    Fair Labor Standards Act Classification.

a.    Exempt Employees.    Exempt Employees are those employees whose positions meet specific tests under the Fair Labor Standards Act and state law and who are exempt from overtime pay under the FLSA.

TS00126

- 3 -

TATNALL-D-0117

b.    <u>Non-Exempt Employees</u>.    Non-Exempt Employees are those employees whose positions do not meet Fair Labor Standards Act exemption tests and who are entitled to be paid a multiple of their regular rate of pay for overtime work.

TS00127

– 4 –

TATNALL-D-0118

II.  **EMPLOYMENT POLICIES**

    A.  Equal Employment Opportunity.

        It is the policy of The Tatnall School to comply with all applicable laws and regulations relating to equal employment opportunity as they relate to employees or applicants for employment.  It is also the policy of The Tatnall School to comply with the Americans With Disabilities Act and any similar state or local laws or regulations.

    B.  Background Checks.

        Tatnall requires background checks for all prospective employees.  Each individual seeking employment must complete the appropriate application and consent forms and must consent to a prior employment check.

    C.  Personnel Files.

        Employees shall, upon request, be permitted at reasonable times to inspect their own personnel files.

    D.  Term of Employment.

        Unless an employee and the school have entered into a written contract or written agreement relating to employment, all employment at The Tatnall School is "at will", not for any specific term, and may be terminated at any time for any reason by either the employee or the school.

TS00128

- 5 -

TATNALL-D-0119

E.   <u>Employee Contracts</u>.

For those employees having written employment contracts, decisions on whether to offer employment contracts for the succeeding academic or fiscal year will be made by the school administration in the Spring of each year. One-year, written employment contracts will be offered at that time.

F.   <u>Performance Reviews</u>.

Each full time employee shall receive a regular performance review by his or her supervisor(s).

TS00129

– 6 –

TATNALL-D-0120

III. **COMPENSATION POLICIES**.

A.     Work Hours/Time Commitments.

The Head of School, and those to whom he or she delegates authority, shall be responsible for the preparation and supervision of the working schedule for all employees.

1.     Faculty Employees. Academic time commitments for Faculty members will vary according to class size, the nature of the subject being taught, and level and method of instruction. Faculty are expected to attend all parent and faculty meetings, school meetings in their divisions and a reasonable number of extracurricular activities in which their students are involved.

2.     Recording Work Hours. Payroll and time records for all hourly employees shall be reported, recorded and maintained so as to accurately reflect hours worked and so as to meet all applicable federal, state and local reporting requirements and all insurance underwriter requirements.

3.     Overtime Pay Procedures. All non-exempt employees will be paid at a rate of one and one-half times their hourly rate for any hours worked in excess of 40 hours in any seven (7) day week, measured from Monday through Sunday in any week. The employee must be physically present at work for 40 hours during that week. Any

TS00130

TATNALL-D-0121

absence for sick leave or vacation time will not qualify as time worked.   If an employee is asked to work on a paid holiday he or she will receive regular pay for the holiday plus straight time for the hours worked on that holiday.

4.   <u>Expenses</u>. Employees   will   be   entitled   to reimbursement for expenses incurred while engaged in approved school business.   Approval should be secured from the employee's supervisor or an appropriate member of the school administration prior to incurring the expense.

TS00131

- 8 -

TATNALL-D-0122

## IV. **BENEFITS**

All Tatnall employees are entitled to receive benefits in accordance with the terms of the school's benefit plans as they may exist from time-to-time. Descriptive materials, related to benefits, will be provided to employees during their initial orientation or whenever a change in the terms or scope of benefits coverage occurs. Benefits may be modified or terminated at any time at the discretion of the school. Descriptive materials relating to benefits will be maintained in the Business Office and may be reviewed by employees at any time, upon request. In addition, the Business Office will be available to answer any questions relating to benefits coverage.

A.  Legally-Mandated Benefits.

The Tatnall School complies with all applicable laws and regulations regarding legally-mandated employee benefits, including Social Security (FICA), Workers Compensation and Unemployment Insurance.

B.  Provisions For Time Not Worked.

1.  Sick Leave With Pay. Sick leave will be granted with pay for medical reasons, including personal illness, childbirth, care for an immediate family member who is ill and other medical reasons as approved by the school administration. All full-time employees are entitled to ten days of Sick Leave per year granted on July 1 of each year and will be permitted to accumulate unused Sick Leave

TS00132

- 9 -

TATNALL-D-0123

03/20/2007 00:35 FAX 3028924369    THE TATNALL SCHOOL    @014

days from one year to the next, not to exceed a total of 130 days. Accumulated Sick Leave days may not be used as terminal leave nor is there any cash value for unused Sick Leave upon termination of employment. Part-time employees are entitled to one day of Sick Leave for each six weeks of previously completed employment in each year. Part-time employees are not entitled to accumulate Sick Leave from year to year.

2.  <u>Leaves of Absence</u>. Employees are entitled to use their accumulated Sick Leave days for extended medical leave. In addition, the Family and Medical Leave Act may apply in certain situations and employees are encouraged to consult with the Business Office for proper determination. Other leaves of absence, with or without pay, must be approved by an employee's supervisor, Division Head and the Head of School.

3.  <u>Holidays</u>. School and legal holidays that are to be observed during the year will be designated on the school calendar.

4.  <u>Personal Days</u>. Each full-time employee is entitled to one personal day each year, to be scheduled with the prior approval of the employee's supervisor.

5.  <u>Vacation</u>.

    1.  <u>Full-Time Faculty Members</u> - Full-time Faculty

- 10 -

TS00133

TATNALL-D-0124

are entitled to vacation time coincident with the
student vacation schedules as outlined in the
school calendar.

2. <u>Full-time Employees other than Faculty</u>.

    a.  <u>Administration</u> - Members of the school
administration are entitled to four (4) weeks
of vacation after their first year of
service, to be taken only during the summer
break, unless otherwise arranged with the
Head of School.

    b.  <u>Administrative Support Staff</u> -
Administrative Support Staff employees are
entitled to accrue one day of vacation for
each month worked during the first fiscal
year of employment up to a total of twelve
(12) days. These vacation days may be taken
after July 1st of the next succeeding year.
Administrative Support Staff Employees are
entitled to earn three weeks of vacation in
each of the second through sixth years of
employment, and after the sixth full year of
employment, shall accrue one additional
vacation day per year worked, not to exceed a
total of four weeks of vacation per year.

    c.  <u>Operations Employees and Extended Day
Staff</u> - Operations employees and members of
the Extended Day Staff are not entitled to

TS00134

- 11 -

TATNALL-D-0125

any vacation days during their first year of employment. In their second full year of employment, they are entitled to take one day of vacation for each month worked during the first year of their employment up to a total of ten days, which may be taken after July 1st of the second year of employment. In the third through fifth years of service, Operations Employees and members of the Extended Day Staff are entitled to two weeks of vacation each year. After five years of service, they will be entitled to three weeks of vacation per year and, after fifteen years, four weeks per year.

Vacation time may not be accumulated and must be taken within the applicable year. All vacations must be scheduled with the approval of the employee's supervisor.

TS00135

– 12 –

TATNALL-D-0126

V.  **HEALTH AND RELATED BENEFITS**.

A.  Medical and Dental.

The Tatnall School provides comprehensive hospitalization, major medical and dental insurance coverage for eligible Full-time Employees. The terms and scope of coverage may change over time. The cost of the coverage is shared by the employee and the School. Employees should check with the Business Office regarding any questions relating to coverage. Health and Dental coverage for an employee who (1) wishes to retire early; (2) has a minimum of ten years service; and (3) has reached 60 years of age will continue until the retiree is 65 or until the retiree becomes eligible for Medicare, whichever comes first. The cost to the retiree of this coverage will be the same as if he or she had remained a full-time employee.

B.  Life Insurance, Long Term
    Disability and Pension Supplement

Tatnall purchases life insurance for each Full-time Employee equal to two times the employee's regular annual salary, rounded to the nearest $1,000. In addition, each full-time employee will be eligible for disability benefits after six (6) months of disability. The Business Office will supply further details relating to amounts, eligibility and other terms of coverage, upon request.

- 13 -

TS00136

TATNALL-D-0127

C.   **Summer Recreation Membership**.

Any employee may participate in the Summer Recreation Program at ten percent (10%) of the listed cost.

D.   **Federal Credit Union**.

Tatnall School employees may become members of the New Castle County School Employees Federal Credit Union.

E.   **COBRA**.

Federal law ("Consolidated Omnibus Budget Reconciliation Act" - "COBRA") requires that employees and/or their families be offered the opportunity for a temporary extension of their existing health coverage in certain cases where it would otherwise terminate. Eligible employees may include:

1.   Employees who lose coverage because of a reduction in the hours of their employment;

2.   Terminated employees (except for those terminated for gross misconduct);  and

3.   Covered dependents in certain circumstances as prescribed by federal law.

Anyone eligible for an extension of coverage must request it in writing within 60 days from the date on which their existing coverage would end and must pay the full premium cost of such coverage.  The Business Office will supply further details upon request.

F.   **Retirement**.

Tatnall is associated with the Teachers Insurance and Annuity Association of America/College Retirement

TS00137

- 14 -

TATNALL-D-0128

Equities Fund (TIAA/CREF). Full-time Employees are eligible to join TIAA/CREF after completing twelve months of employment. All eligible Employees must join after thirty-six months of employment. Employees who already own a TIAA/CREF contract prior to coming to Tatnall or who are fully vested and have fully funded benefits under the terms of an institutional retirement plan of a previous employer, may transfer directly to Tatnall's plan at the time of their employment.

1.    <u>Contributions</u>. Contributions to the TIAA/CREF will be based upon a percentage of an employee's gross salary. Each employee is required to contribute a <u>minimum</u> of 5% of his or her salary. Tatnall will contribute an amount equal to 7.5% of the employee's regular salary, <u>i.e.</u>, not including overtime or summer wages.

2.    <u>Supplemental Retirement Annuity</u>. All employees are entitled to participate in the TIAA/CREF Supplemental Retirement Annuity (SRA) Program through their own contributions and may be able to borrow against their SRA accumulation. Please contact the Business Office for additional information and for copies of Plan Documents.

G.    <u>Admissions and Tuition Remission</u>.

All full-time employees are encouraged to enroll their children at Tatnall. Children of full-time employees will be admitted to The Tatnall School on a priority

- 15 -

TS00138

basis provided that the children meet the School's admissions standards and that vacancies exists in the appropriate grade levels. Full-time employees will be granted remission for tuition equal to eighty percent (80%). The tuition remission benefit is available only for biological or legally adopted children of qualified employees.

H.    Professional Development.

As professionals, full-time faculty members and administrators are required to stay current in their respective fields. To that end, the School will make available a modest budget each year to provide opportunities for such employees to advance their professional knowledge and skills. Requests for professional development grants should be submitted by employees to their supervisors.

I.    Extended Day Program.

On school days, children of faculty coaches and administrative staff may attend Extended Day programs after the close of school (3:00 p.m.) at no cost. Faculty and staff children may also attend the Extended Day program on additional faculty work days (i.e., professional days and conference days) at no charge. On student holidays that are not considered faculty work days, employees will be charged for Extended Day usage at the regular rate. Faculty members attending after-school meetings concerning school business are

– 16 –

TS00139

TATNALL-D-0130

similarly entitled to attend Extended Day program at no cost.   In all cases employees are expected to give the Director of the Extended Day program reasonable prior notice of a child's attendance or of a change in attendance.

J.   <u>Graduate School Tuition Assistance</u>.

Full-time employees will be reimbursed for course tuition, as follows:

1.   A maximum of three (3) credit hours per semester will be reimbursed.

2.   A maximum of six (6) credits during fall and spring semesters will be reimbursed.

3.   A maximum of nine (9) credits will be reimbursed for any fiscal year.

4.   The maximum dollar amount per credit may not exceed a reasonable amount to be defined as that charged by the nearest state-sponsored university in the state in which the applicant resides.

5.   Reimbursement is limited to tuition.

6.   The Head of School has sole discretion and may deny any application or may grant partial tuition.

7.   The total of all grants may not exceed the yearly budget amount established by the Board of Trustees.

8.   Subsidies per teacher will be limited to thirty (30) semester credits per degree.

9.   Teachers are eligible to apply after the completion of the first year of full-time teaching at

- 17 -

TS00140

TATNALL-D-0131

Tatnall.

10.  No grants will be made retroactively.

11.  All requests must be processed through the employee's immediate supervisor and must be approved by the Head of School by November 15.  Approved grants will be forwarded to the Business Manager by December 1st for the fiscal year which begins the following July 1.

K.  <u>Faculty Grant Program</u>.

Tatnall has a Faculty Grant program under which grants will be made to full time faculty members in order to enable them to pursue study or research activities. Faculty members may submit proposals (not to exceed $3,000) for Faculty grants that will promote the personal professional development of the Tatnall Faculty and/or that will enhance the educational experiences of Tatnall students.  Proposals that specifically benefit a single department or division should receive some funding from those budgets.  The funding must be established prior to submission to the Grants Committee.

Proposals should be submitted to the office of the Head of School no later than the second Friday in January on forms available at the Head of School's office.  Proposals should include all pertinent information with respect to a proposed activity or project, including goals, objectives, timing and

TS00141

- 18 -

TATNALL-D-0132

expenses.  Faculty grant applications will be reviewed and selection will be made by a Committee composed of the Head of School, one faculty member from each school division and two trustees.

TATNALL-D-0133

## VI.   EMPLOYEE CONDUCT

All employees of The Tatnall School are expected to perform their job duties responsibly and in accordance with the highest academic and professional standards.  In addition, all Tatnall Employees are expected to refrain, both on and off campus, from any behavior that might be harmful to the Employee, co-workers and students or that might reflect unfavorably upon the Tatnall School.  In particular, types of behavior and conduct that Tatnall considers inappropriate, and which may result in employee discipline, including discharge, include, but are not limited to, the following:

1. Falsifying employment, pre-employment or other records.

2. Violating Tatnall's nondiscrimination policy.

3. Excessive absenteeism or tardiness.

4. Excessive, unnecessary or unauthorized use of school supplies for personal purposes.

5. Unauthorized use or possession of alcohol or non-prescription or controlled substances on school property.

6. Violence or use of obscene, abusive or threatening language or gestures.

7. Harassment, including sexual harassment (such as unwelcome sexual advances; visual, verbal or physical conduct of a sexual nature; or conduct of a sexual nature that creates an offensive,

TS00143

- 20 -

TATNALL-D-0134

intimidating or hostile work environment).

8.   Theft of property.

9.   Insubordination.

A.   Personal Appearance/Demeanor.

The School expects all employees to adhere to a professional standard of dress and appearance. Minimum standards of dress must meet the standards set for the students of Tatnall.

B.   Smoking.

Smoking is prohibited in all buildings on the Tatnall School Campus.

C.   Confidentiality of Information.

Employees are required to keep as confidential all student information and any information related to School business. FAILURE TO MAINTAIN CONFIDENTIALITY WILL RESULT IN IMMEDIATE DISMISSAL.

D.   Complaint Resolution Process.

Any employee who has a question or problem with the interpretation or application of any personnel policy or any personnel action or decision affecting such employee is encouraged to consult with his or her immediate supervisor. Following such consultation with his or her immediate supervisor, or omitting such initial consultation if under the particular circumstances the employee reasonably feels consulting with his or her immediate supervisor would be inappropriate, the employee may seek consultation up

- 21 -

TS00144

TATNALL-D-0135

the supervisory chain of command up to and including the Head of School. The Head of School, at times in consultation with the Personnel Committee, will take the appropriate steps in an attempt to resolve the issue. The Head of School, as the delegate of the Board of Trustees, has the final authority with respect to all issues of personnel administration and interpretation of this Personnel Policy Manual.

TATNALL-D-0136

# THE TATNALL SCHOOL, INC.

# PERSONNEL POLICY MANUAL

The Tatnall School, Inc.
1501 Barley Mill Road
Wilmington, Delaware 19807

August 2005

TS00146

U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

## DESIGNATION OF REPRESENTATIVE

| | |
|---|---|
| Jourdean Lorah<br>v.<br>The Tatnall School | Case Number:  3-0490-07-003 |

TO:    David Hill
U.S. Department of Labor – OSHA
260 Buffalo Plaza, 142
Sarver, PA  16055

Telephone: (412) 395-6377    email: hill.david@dol.gov

The undersigned hereby enters his appearance as representative of:

The Tatnall School

in the above captioned matter:

| | Representative's Address and ZIP Code |
|---|---|
| Signature of Representative | |
| Type or Print Name | |
| | Area Code      Telephone Number |
| Title | E-mail address: _____ |
| Date | |

TS00147



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 N. MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

March 2, 2007

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Personnel Manager
TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

RE:    Lorah v. TATNALL SCHOOL
       Case No. 07020103W/17C-2007-00480

Dear Respondent:

Enclosed please find a **NOTICE OF CHARGE OF DISCRIMINATION**, along with the following documents:

      1.      Verified Charge of Discrimination filed against the above-named Respondent;
      2.      Mediation interest form;
      3.      Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision on the enclosed Invitation To Engage in Mediation and return it to us in lieu of your answer.**
This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

      ___✓___ Title VII      ___✓___ DE Discrimination in Employment Act
      ___✓___ ADA      ___✓___ DE Handicapped Persons Employment Protection Act
      ___✓___ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

_Julie Cutler_

Julie Klein Cutler, Administrator,
Discrimination Program

cc:  Charging Party (w/o enclosures)

TS00148

TATNALL-D-0139

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

EEOC Charge No. ___17C-2007-00480___          DDOL Charge No. ___07020103W___

### NOTICE OF CHARGE OF DISCRIMINATION

You are hereby notified that the above-referenced charge of employment discrimination has been received by the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) and sent to the EEOC for dual-filing purposes. This Notice is being sent to you by the DDOL, on behalf of EEOC, simultaneously with DDOL's notification to you of the filing of the charge with DDOL. The charge has been assigned the EEOC and DDOL charge numbers shown above. A copy of the charge is included with these Notices.

While EEOC has jurisdiction (upon the expiration of any 60-day deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of DDOL's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that there has been a violation of the statute(s) administered by EEOC.

You are therefore urged to cooperate fully with the DDOL. All facts and evidence provided by you to the DDOL in the course of its proceedings will be considered by EEOC when it reviews the DDOL's final findings and orders. In many instances the EEOC will take no further action, thereby avoiding the necessity of an investigation by both the DDOL and the EEOC. This likelihood is increased by your full cooperation with the DDOL.

As a party to the charge, you may request that EEOC review the DDOL's final decision and order. For such a request to be honored, you must notify the EEOC in writing within of 15 days of your receipt of DDOL's final closure notification. Such a request should be forwarded to EEOC at the address shown in the letterhead above, to the attention of the State and Local Unit. If the DDOL terminates its processing without issuing a final finding and order or the charge is otherwise one which requires further EEOC processing, you will be contacted further by EEOC. Regardless of whether the DDOL or EEOC process the charge, the Recordkeepng and non-retaliation provisions of Title VII, the ADA and the ADEA as explained in the "EEOC Rules and Regulations" apply.

___March 2, 2007___
**Date**

_____
**Marie M. Tomasso, District Director**

TS00149

TATNALL-D-0140

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>07020103W<br>17C-2007-00480 |
|---|---|---|

| Delaware Department of Labor | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Ms. Jourdean S. Lorah** | Home Phone *(Incl. Area Code)*<br>**(302) 225-0540** | Date of Birth |
|---|---|---|

Street Address
**114 Walls Avenue, Wilmington, DE 19805**    City, State and ZIP Code

Named Is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**TATNALL SCHOOL** | No. Employees, Members<br>**25+** | Phone No. *(Include Area Code)*<br>**(302) 892-4328** |
|---|---|---|

Street Address
**1501 Barley Mill Road, Wilmington, DE 19807**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address    City, State and ZIP Code

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-14-2006**    Latest **12-07-2006**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Jurisdiction:** Charging Party was employed with Respondent as a Co-Coordinator/Counselor since 8/14/06, ending 12/7/06 in Wilmington, DE.
**Protected Status:** Sex (gender); Age; Disability; Retaliation
**Adverse Employment Action:** Sexual Harassment; Discharge
**Brief Statement of Allegations:** Charging Party alleges that Respondent subjected her to harassment and disparate treatment based on her sex, age and disability. Specifically, Charging Party claims that she disclosed her disability on an emergency information form to faculty and staff upon hire. Thereafter, Charging Party claims that her younger male co-workers made negative comments about her disability and her female student/co-worker (Kendall Smith) exposed her breast to Charging Party in front of small elementary aged children. Charging Party claims that she complained about the schools chemical odor which negatively affected her disability in the end of November 2006 to OSHA. Further, Charging Party claims that she reported Ms. Kendall's inappropriate sexual behavior to her supervisor (Ms. Cathgard) however the matter was not resolved and Ms. Kendall said to Charging Party, "You are the one that is going to be fired".
**Respondent's Explanation:** None given
**Applicable Law(s):** Title VII of Civil Rights Act of 1964, as amended; DE Discrimination in Employment; Americans with Disabilities Act; DE Handicapped Persons in Employment Act
**Comparator(s) or other specific reason(s) for alleging discrimination:** Charging Party claims that she endured a hostile work environment based on her sex, age and disability which escalated to her ultimate discharge because she complained to OSHA about the chemical odor and sexual gestures of her younger female student/co-worker to her supervisor. Charging Party also claims that the decision to ultimately discharge her was also made by two younger males (John Burnett, Co-Coordinator and Matt Jones, Asst. Manager) because they witnessed the disparaging comments about sexual harassment reported to her supervisor and the Asst. Manager. Also, Charging Party claims that these two males witnessed the chemical odor in the air on November 27th and the 28th. Charging Party claims that Respondent disregarded her superior qualifications and experience compared to her younger colleagues. Charging Party claims that two weeks prior to her discharge, two younger Tatnall high school students became employees, including Ms. Kendall. Charging Party claims that Respondent did not provide prompt and corrective action regarding her complaints about sexual gestures, her disability and overall comments amongst staff and clients. Ultimately, Charging Party claims that as the oldest worker, her younger co-workers and management staff decided to replace her with younger workers as a form of retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Feb 28, 2007**<br>Date    *Jourdean Lorah*<br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

TS00150

TATNALL-D-0141

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 07020103W<br>17C-2007-00480 |

| Delaware Department of Labor | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

TS00151

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

Feb 28, 2007
_____
Date

X _Jurdean Lorah_
Charging Party Signature

X _Jurdean Lorah_
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  2/28/07
(month, day, year)

_Bobbi A. DiVirgilio_

BOBBI A. DIVIRGILIO
NOTARY PUBLIC  10/17/07

**TATNALL-D-0142**



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
MEDIATION DEPARTMENT
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8316/ FAX: (302) 761-6601

# DDOL Institutes New Mediation Program
## Voluntary Mediation of Charges Offered by DDOL

The DDOL has experienced an increase in the number of charges of employment discrimination filed under the Discrimination In Employment Act and the Handicapped Persons Employment Protection Act. This has, as you might expect, resulted in an increase in the number of cases awaiting investigation and an increase in the length of time each case takes to reach completion.

Every case filed with the DDOL Division of Industrial Affairs concerns an employment related dispute between an applicant or employee on one side and an employer, a union, or referral agency on the other. Many of these disputes could be resolved to the satisfaction of the disputants if they could be addressed in a neutral setting closer in time to the point of conflict.

The DDOL is authorized to resolve all charges of discrimination arising within its jurisdiction. Mediation offers many advantages to the participants, including:

- **Voluntary participation** - The only cases that will be mediated are those in which both the charging party and the respondent agree to try to resolve their dispute through mediation.

- **Use of trained and experienced mediators** - All of the mediators used in the program are trained and experienced in use of interest based facilitative mediation to resolve employment related disputes.

- **Confidentiality** - The mediator will treat all information revealed during the mediation with the strictest confidence. The mediator will transmit none of the information developed during the mediation to the DDOL at anytime during or after the mediation, despite the outcome.

TS00152

TATNALL-D-0143

- ***Disputants control outcome*** - *The charging party and the respondent have complete control in determining the outcome of the mediation. The role of the mediator is to serve as a third party neutral facilitator. The mediator can neither impose a settlement nor, make judgements about the facts or merits of the case on either side.*

- ***High probability of settlement*** - *Programs similar to the DDOL mediation program experience a sixty to sixty-five percent rate of resolution.*

- ***Reduction in litigation and other expenses*** - *Because of the high success rate associated with mediation, cases are resolved early in the process thereby eliminating or reducing expenses associated with responding to an investigation. Litigation expenses are completely avoided.*

*Participation in mediation is completely voluntary. The parties may withdraw anytime without a penalty. While it is not required, the parties have the right to retain the services of an attorney during mediation. Each side also has the right to a reasonable amount of time to review any settlement agreement before signing it. If mediation is not successful in resolving the dispute, the case is returned to the DDOL for investigation. All information submitted to the mediator is considered confidential and will not be revealed by the mediator to a DDOL Investigator, or to anyone else in any proceeding following an unsuccessful attempt to resolve the case through mediation.*

*For more information regarding our mediation program please contact **Eugene Weaver, Mediation Director, at (302) 761-8316.***

TS00153

TATNALL-D-0144



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
MEDIATION DEPARTMENT
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8316/ FAX: (302) 761-6601

Lorah v. TATNALL SCHOOL
## Case No. 07020103W/17C-2007-00480

# INVITATION TO MEDIATE

**The Delaware Department of Labor (DDOL) voluntary mediation program.** As explained in the attached information sheet, the DDOL is making available to respondents and charging parties an alternative to investigation and possible litigation of charges filed with this office. **If you or your representative would like to engage in an effort to mediate this charge please provide the information requested below and return this letter within ten (10) days to:**

Eugene Weaver
Mediation Director
DDOL, Division of Industrial Affairs
4425 North Market Street
Wilmington, Delaware 19802

(FAX number 302-761-6601)

**If you agree to attempt mediation it is not necessary to respond to the charge or to the request for information**. If you choose not to take advantage of the invitation to mediate, the charge will be assigned to an investigator for usual DDOL processing and you should **respond to any attached requests for information or action by the date specified**. If you would like more information regarding DDOL's mediation program you may call our Mediation Director, Eugene Weaver at **(302) 761- 8316**.

_____     _____
Name (please type or print)               Date

_____
Title

_____
Telephone Number

Please indicate 3 dates when you are available to mediate: _____

_____     _____
Fax Number                              E-Mail Address

TS00154

17C_DDOL_B-06W-R Resp New Charge Packet Wilm_DOC : 07/06

*The Department of Labor Discrimination Program provides the following excerpt from 19 Del. C. § 710, et seq. as a detailed description of the administrative process.  If you need legal advice, please seek your own independent legal counsel.*

### § 712 Enforcement provisions; powers of the Department; administrative process.

(c) The administrative process requires the following:

(1) Statute of limitation and filing procedure.  Any person claiming to be aggrieved by a violation of this chapter shall first file a Charge of Discrimination within 120 days of the alleged unlawful employment practice or its discovery, setting forth a concise statement of facts, in writing, verified and signed by the Charging Party.  The Department shall serve a copy of the verified Charge of Discrimination upon the named Respondent by certified mail.  The Respondent may file an answer within twenty (20) days of its receipt, certifying that a copy of the answer was mailed to the Charging Party at the address provided.

(2) Preliminary findings and recommendations.  The Department shall review the submissions within sixty (60) days from the date of service upon the Respondent and issue preliminary findings with recommendations.  The preliminary findings may recommend: (i) dismissing the Charge unless additional information is received which warrants further investigation; (ii) referring the case for mediation requiring the parties' appearance; or (iii) referring the case for investigation.

(3) Final determinations upon completion of investigation.  After investigation, the Department shall issue a Determination of either "Reasonable Cause" or "No Reasonable Cause" to believe that a violation has occurred or is occurring.  All cases resulting in a "Reasonable Cause" Determination will require the parties to appear for compulsory conciliation.  All cases resulting in a "No Cause" Determination will receive a corresponding Delaware Right to Sue Letter.

(4) Confidentiality of the Department's process.  The Department shall not make public the charge of discrimination or information obtained during the investigation of a charge.  This provision does not apply to disclosures made to the parties, their counsel, or witnesses where disclosure is deemed necessary or appropriate.  Nothing said or done during and as a part of mediation or conciliation efforts may be made public by the Department, its officers or employees or used by any party as evidence in a subsequent proceeding without the written consent of the persons concerned.

(5) End of administrative process.  In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process.  Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party.

TS00155

17C_DDOL_B-06W-R Resp New Charge Packet Wilm_DOC : 07/06

TATNALL-D-0146

*The Department of Labor Discrimination Program provides the following sample Certificate of Service to assist the Respondent in meeting the service requirements of 712(c)(1). If you need legal advice, please seek your own independent legal counsel.*

Lorah v. TATNALL SCHOOL
Case No. 07020103W/17C-2007-00480

## *Certificate of Service*

I, _____, certify that on this __ day of _____, 200__, I served a

copy of Respondent's Answer in the above-referenced matter on Charging Party via U.S. Mail,

at the following address: Ms. Jourdean S. Lorah, Charging Party, at 114 Walls Avenue,

Wilmington, DE 19805, .

_____                _____
*Date*                                                          *Signature*

                                       _____
                                                               *Title*

TS00156

TATNALL-D-0147

Mar 21 07 11:56a    David L. Hill            724-294-2086          p.1

**U.S. Department of Labor**

Occupational Safety and Health Administration
Division of 11(c)
Suite 740 West, The Curtis Center
170 South Independence Mall West
Philadelphia, Pennsylvania 19106-3309



**Fax Cover Sheet**

David L. Hill
U.S. DoL -OSHA - 11 ©
260 Buffalo Plaza #142
Sarver, PA 16055
Phone (412) 395-6077

hill.david@dol.gov

| Recipient's Name | Mr. Thomas R. Hunt, Jr., Esq. |
|---|---|
| Organization | Morris, Nichol, Arsht & Tunnell LLP |
| Fax Number | (302) 658-3989 |
| Telephone Number | (302) 658-9200 |
| Date | March 21, 2007 (11:48am) |
| Subject | The Tatnall School/Lorah/3-0490-07-003 |

Total Number of Pages: 8

☐ Urgent    ☐ Reply ASAP    ☐ Please Comment    ☒ For Your Records

**Comments:**

Mr. Hunt: Per our telephone conversation on March 20, 2007, and your request attached please find the Complainant's supporting records provided in support of her discrimination complaint.

Confidentiality Notice: This fax transmission
may contain confidential or legally privileged
information that is intended only for the individual
or entity named in the fax address. If you are not
the intended recipient, you are hereby notified that
any disclosure, copying, distribution, or reliance
upon the contents of this fax is strictly prohibited.

If you have received this fax transmission in error,
please reply to the sender, so that we can arrange
for proper delivery, and then please destroy the fax. Thank you

TS00157

TATNALL-D-0148

3332

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

December 23, 2006

U.S. Department of Labor/OSHA
Attention: Mr. Ronald Tate
Suite 740 West
170 S Independence Mall West
Philadelphia, Pennsylvania  19106

Complaint # 82890
          #200917458

Dear Mr. Tate,

On December 19, 2006 I sent you my response concerning the above complaint regarding Tatnall School. In addition to my complaint the enclosed response from Tatnall's investigator has been attached. I disagree entirely to Mr. Barry Kintz's response. There were no contractors working in the hallway on heat ducts on November 27, 2006 and November 28, 2006. This chemical odor is not involving maintenance, children's activities or paint. The investigator is merely trying to match the odor with the child and various activities, pollution outside in the carline and maintenance repairs. My rights have been violated and I must be employed to pay my bills. The situation threatens me financially and it is wrongful regarding the continuing violation under Title VII.

Sincerely,

Jourdean Lorah

Jourdean Lorah
302-225-0540

TS00158

TATNALL-D-0149

Mar 21 07 11:56a     David L. Hill              724-294-2086          p.3

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware 19805

March 5, 2007

U.S. Department of Labor
OSHA
Attention: David Hill
260 Buffalo Plaza # 142
Sarver, Pennsylvania 16055

# 3-0490-07-003

Jourdean Lorah v. Tatnall School

Dear Mr. Hill,

    I have enclosed the documents that you requested per conversation on
February 16, 2007. Please be advised that the case title must include my first name.
My last name sounds like a ladies (child or teen's) first name. I have difficulty
regarding the name and how my name is used.

Sincerely,

Jourdean Lorah

302-225-0540

TS00159

TATNALL-D-0150

Mar 21 07 11:56a    David L. Hill                724-294-2086              p.4

U. S. Department of Labor-OSHA
Mr. David Hill
260 Buffalo Plaza, 142
Sarver, PA. 16055

Claimant
Jourdean Lorah
114 Walls Ave.
Wilmington, De., 19805

Employer
Tatnall School
Attention: MaryAnn White
1501 Barley Mil Road
Wilmington, De.  19807

# 3-0490-07-003

Statement of Issue:

The claimant, Jourdean Lorah was discharged from work without just cause and is
entitled to the receipt of unemployment benefits.

Claimant, Jourdean Lorah has provided the Department of Labor - OSHA all
information which proves that the claimant is credible and did not have a poor
performance. Employer did not provide The Department of Labor -OSHA with any
information regarding poor performance or misconduct on behalf of the claimant.
Claimant, Jourdean Lorah never received a written or oral evaluation which  would
have resulted in a termination.

The following documents included in this brief outlines the job duties of the
claimant which include past references regarding the claimant's skill, job experience
pay per hour on a previous job. A copy of the claimant's time sheet is evidence that
a younger colleague filled out the claimant's time sheet when the claimant was
absent.

Claimant : _Jourdean Lorah_          Date: _MARCH 5, 2007_

TS00160

TATNALL-D-0151

Mar 21 07 11:56a    David L. Hill              724-294-2086          p.5

**Tatnall School, Inc. / Jourdean Lorah/ 3-0490-07003**

**Enclosed Documents**

Notice of Determination from Department of Labor .................................... 1

      Deputy Ruling
      Letter of Dismissal

Time Sheet - Evidence ................................................................................ 2

Letter from Mrs. Jennings regarding no need for claimant............................ 3

Statement from Tatnall's Application ........................................................... 4

Pay check stub–December 2006 and W-2 ..................................................... 5

Letter from Hillcrest to Social Services verifying my hourly wage ................... 6

Past Written References of Excellent Performance ........................................ 7

Duties and Responsibilities that include Letters to ....................................... 8

      Parent Letter - Bi-weekly
      Field Trips
      Pizza
      Students Activities (guitar, karate, piano etc.)
      Preparation for Art activities
      Preparation for Cooking Activities
      Schedules
      First Aid
      Conflicts-Students

Health Plan that I wrote for the Extended Day Program ................................ 9

Fire Escape Map/Route for Emergencies ..................................................... 10

Complaint - OSHA/EPA .............................................................................. 11

Letter from Patty Lorah (mother) concerning finances .................................. 12

Medical Documentation and Tatnall Medical Form ...................................... 13

Statement of Facts ..................................................................................... 14

TS00161

TATNALL-D-0152

Statement of Facts

Page Three

1. Claimant, Jourdean Lorah followed all rules of conduct regarding Tatnall's school policy. Claimant was on time, flexible, prepared for work each day, and was organized to work with the children and staff. On Dec. 7, 2007 Jourdean Lorah was wrongfully terminated. Hearing (1) was scheduled at the Dept. of Labor on Feb. 20, '07, but the employer (Tatnall) did not appear.

2. Claimant, Jourdean Lorah has included in her brief a copy of her time sheet (2). This time sheet was completed and given to her supervisor by a younger colleague on the day that she was absent. The writing on the time sheet is not the Claimant's. John Burnett's signature is on the timesheet as the supervisor. Mr. Burnett is not the supervisor.

3. Tatnall's application (4) question regarding experience and contributions as an employee. Claimant has six years of all academic teaching experience. Jourdean has also worked in recreation during the summer months.

4. Pay check and W-2 - Claimant was told on December 7, 2006 that she would not receive severance pay and she would be paid through December 8, 2006. Claimant, Jourdean Lorah's pay check stub (5) is dated through December 15, 2006. The W-2 for 2006 reveals that Tatnall was the only position that Jourdean Lorah had in the year of 2006.

5. The letter (2005) from Hillcrest Associates (6) to Social Services is a statement from my former employer that verifies the amount of money the Claimant made per hour ($17.00). Tatnall paid the Claimant ($15.00) per hour.

6. Past written references (7) of Claimant's job experience is excellent.

7. Duties and responsibilities (8) were completed on time and were consistent with the schedule in Extended Day. All letters, schedules, planning and activities was necessary for the children and parents. My younger colleagues did not participate in the writing of the letters or communication concerning activities after school.

8. The Health Plan (9) was written by the Claimant to ensure a safe way to implement first aid. The Extended Day children are often involved in other activities such as karate and soccer. Games played outside on the field sometimes require first aid.

9. Fire escape route (10)was necessary for the Extended Day room. Claimant, Jourdean Lorah was given permission by the principal to map out the route. There

14.

job offers. The hourly pay is much lower and the communication upon interview is involving Mrs. Cathgard (Tatnall -supervisor) upon interview.

TS00162

14.

TATNALL-D-0153

Mar 21 07 11:57a    David L. Hill              724-294-2086              p.7

## EXTENDER DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name: Jourdean Lorah  Division: _____  Pay Date: **November 30, 2006**

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Nov. | 06 | 12:00 | 5:20 | 5.30 | |
| | 07 | 10:00 | 6:00 (Meeting) | 8.00 | |
| | 08 | 12:00 | 5:00 | 5:00 | 36 |
| | 19 | 7:30 5:00 | 3:00 4:00 | 8:00 | |
| | 10 | 7:30 9:30 | 3:30 6:00 | 8:00 9.5 | |
| | | | | | |
| | 13 | 12:00 | 5:00  5 | 5 | |
| | 14 | 12:00 | 6:00  6 | 6 | |
| | 15 * | 11:30 | 5:00 —5.5 | 6 | 23 |
| | 16 | 12:00 | 5:15 —5.25 | 6 | |
| | 17 | 0 | 0 | 0 | 59 |
| **TOTAL** | | | | | |

+ 1.5 – First 7 or 2
+ 12.5

Notice: Timesheets are due in the office at the end of the workday,  Friday, November 10th.

| Breakdown | Hours | |
|---|---|---|
| Regular | 34.50 (34.5) | 36.00 |
| Personal Day | | |
| Sick | | |
| Other | | |
| Total | 34.50 (34.5) | 36.00 |

_____        _____
EMPLOYEE SIGNATURE                        SUPERVISOR SIGNATURE

MY TIMESHEET WAS COMPLETED BY SOMEONE ELSE.

TS00163

2.

TATNALL-D-0154

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

August 14, 2006

Tatnall School
Attention: Michele Jennings
1501 Barley Mill Road
Wilmington, Delaware  19807

**Explain your reasons for applying to work at camp and the contributions that you think you could make.**

    Presently, I have six years of all academic teaching experience with upper elementary, junior and senior high school age children. During the summer months I have worked in various camps and in recreation with the Pre-K and Kindergarten age group. Over the years I have experienced many different kinds of experiences that have prepared me for the above various age groups.  I have also worked extensively with children who have special needs.

    The camp atmosphere during the summer is relaxing and fun! The children love creativity, games and outdoor recreational activity. I am a very creative person and I have a lot of patience.  I am also very energetic and I love the outdoors. My work related experience includes various methods and programs which are suitable for children as an individual or as a group.  Projects include artistic approaches to communicate using different materials. I am looking forward to working at Tatnall and if you have any further questions regarding my application, please contact me at 302-225-0540.

TS00164

4.

TATNALL-D-0155

Mar 21 07 11:56a    David L. Hill            724-294-2086            p.1

**U.S. Department of Labor**

Occupational Safety and Health Administration
Division of 11(c)
Suite 740 West, The Curtis Center
170 South Independence Mall West
Philadelphia, Pennsylvania 19106-3309



**Fax Cover Sheet**

David L. Hill
U.S. DoL -OSHA - 11 ©
260 Buffalo Plaza #142
Sarver, PA 16055
Phone (412) 395-6077

hill.david@dol.gov

| Recipient's Name | Mr. Thomas R. Hunt, Jr., Esq. |
|---|---|
| Organization | Morris, Nichol, Arsht & Tunnell LLP |
| Fax Number | (302) 658-3989 |
| Telephone Number | (302) 658-9200 |
| Date | March 21, 2007 (11:48am) |
| Subject | The Tatnall School/Lorah/3-0490-07-003 |

Total Number of Pages: 8

☐ Urgent    ☐ Reply ASAP    ☐ Please Comment    ☒ For Your Records

**Comments:**

Mr. Hunt: Per our telephone conversation on March 20, 2007, and your request attached please find the Complainant's supporting records provided in support of her discrimination complaint.

Confidentiality Notice: This fax transmission
may contain confidential or legally privileged
information that is intended only for the individual
or entity named in the fax address. If you are not
the intended recipient, you are hereby notified that
any disclosure, copying, distribution, or reliance
upon the contents of this fax is strictly prohibited.

If you have received this fax transmission in error,
please reply to the sender, so that we can arrange
for proper delivery, and then please destroy the fax. Thank you

TS00157

TATNALL-D-0156

3332

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

December 23, 2006

U.S. Department of Labor/OSHA
Attention: Mr. Ronald Tate
Suite 740 West
170 S Independence Mall West
Philadelphia, Pennsylvania 19106

Complaint # 82890
        #200917458

Dear Mr. Tate,

    On December 19, 2006 I sent you my response concerning the above complaint regarding Tatnall School. In addition to my complaint the enclosed response from Tatnall's investigator has been attached. I disagree entirely to Mr. Barry Kintz's response. There were no contractors working in the hallway on heat ducts on November 27, 2006 and November 28, 2006. This chemical odor is not involving maintenance, children's activities or paint. The investigator is merely trying to match the odor with the child and various activities, pollution outside in the carline and maintenance repairs. My rights have been violated and I must be employed to pay my bills. The situation threatens me financially and it is wrongful regarding the continuing violation under Title VII.

Sincerely,

Jourdean Lorah
302-225-0540

TS00158

TATNALL-D-0157

Mar 21 07 11:56a    David L. Hill                    724-294-2086              p.3

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware 19805

March 5, 2007

U.S. Department of Labor
OSHA
Attention: David Hill
260 Buffalo Plaza # 142
Sarver, Pennsylvania 16055

# 3-0490-07-003

<u>Jourdean Lorah v. Tatnall School</u>

Dear Mr. Hill,

I have enclosed the documents that you requested per conversation on February 16, 2007. Please be advised that the case title must include my first name. My last name sounds like a ladies (child or teen's) first name. I have difficulty regarding the name and how my name is used.

Sincerely,

Jourdean Lorah

Jourdean Lorah

302-225-0540

TS00159

**TATNALL-D-0158**

U. S. Department of Labor-OSHA
Mr. David Hill
260 Buffalo Plaza, 142
Sarver, PA. 16055

Claimant
Jourdean Lorah
114 Walls Ave.
Wilmington, De., 19805

Employer
Tatnall School
Attention: MaryAnn White
1501 Barley Mil Road
Wilmington, De. 19807

# 3-0490-07-003

Statement of Issue:

The claimant, Jourdean Lorah was discharged from work without just cause and is
entitled to the receipt of unemployment benefits.

Claimant, Jourdean Lorah has provided the Department of Labor - OSHA all
information which proves that the claimant is credible and did not have a poor
performance. Employer did not provide The Department of Labor -OSHA with any
information regarding poor performance or misconduct on behalf of the claimant.
Claimant, Jourdean Lorah never received a written or oral evaluation which would
have resulted in a termination.

The following documents included in this brief outlines the job duties of the
claimant which include past references regarding the claimant's skill, job experience
pay per hour on a previous job. A copy of the claimant's time sheet is evidence that
a younger colleague filled out the claimant's time sheet when the claimant was
absent.

Claimant : _Jourdean Lorah_          Date: _MARCH 5, 2007_

TS00160

TATNALL-D-0159

Mar 21 07 11:56a    David L. Hill              724-294-2086          p.5

Tatnall School, Inc. / Jourdean Lorah/ 3-0490-07003

**Enclosed Documents**

Notice of Determination from Department of Labor ..................................... 1

      Deputy Ruling
      Letter of Dismissal

Time Sheet - Evidence .............................................................................. 2

Letter from Mrs. Jennings regarding no need for claimant............................ 3

Statement from Tatnall's Application ............................................................ 4

Pay check stub-December 2006 and W-2 ...................................................... 5

Letter from Hillcrest to Social Services verifying my hourly wage ................... 6

Past Written References of Excellent Performance ......................................... 7

Duties and Responsibilities that include Letters to .......................................... 8

      Parent Letter - Bi-weekly
      Field Trips
      Pizza
      Students Activities (guitar, karate, piano etc.)
      Preparation for Art activities
      Preparation for Cooking Activities
      Schedules
      First Aid
      Conflicts-Students

Health Plan that I wrote for the Extended Day Program ................................. 9

Fire Escape Map/Route for Emergencies ...................................................... 10

Complaint - OSHA/EPA ............................................................................ 11

Letter from Patty Lorah (mother) concerning finances .................................. 12

Medical Documentation and Tatnall Medical Form ....................................... 13

Statement of Facts .................................................................................... 14

TS00161

TATNALL-D-0160

Statement of Facts

Page Three

1. Claimant, Jourdean Lorah followed all rules of conduct regarding Tatnall's school policy. Claimant was on time, flexible, prepared for work each day, and was organized to work with the children and staff. On Dec. 7, 2007 Jourdean Lorah was wrongfully terminated. Hearing (1) was scheduled at the Dept. of Labor on Feb. 20, '07, but the employer (Tatnall) did not appear.

2. Claimant, Jourdean Lorah has included in her brief a copy of her time sheet (2). This time sheet was completed and given to her supervisor by a younger colleague on the day that she was absent. The writing on the time sheet is not the Claimant's. John Burnett's signature is on the timesheet as the supervisor. Mr. Burnett is not the supervisor.

3. Tatnall's application (4) question regarding experience and contributions as an employee. Claimant has six years of all academic teaching experience. Jourdean has also worked in recreation during the summer months.

4. Pay check and W-2 – Claimant was told on December 7, 2006 that she would not receive severance pay and she would be paid through December 8, 2006. Claimant, Jourdean Lorah's pay check stub (5) is dated through December 15, 2006. The W-2 for 2006 reveals that Tatnall was the only position that Jourdean Lorah had in the year of 2006.

5. The letter (2005) from Hillcrest Associates (6) to Social Services is a statement from my former employer that verifies the amount of money the Claimant made per hour ($17.00). Tatnall paid the Claimant ($15.00) per hour.

6. Past written references (7) of Claimant's job experience is excellent.

7. Duties and responsibilities (8) were completed on time and were consistent with the schedule in Extended Day. All letters, schedules, planning and activities was necessary for the children and parents. My younger colleagues did not participate in the writing of the letters or communication concerning activities after school.

8. The Health Plan (9) was written by the Claimant to ensure a safe way to implement first aid. The Extended Day children are often involved in other activities such as karate and soccer. Games played outside on the field sometimes require first aid.

9. Fire escape route (10)was necessary for the Extended Day room. Claimant, Jourdean Lorah was given permission by the principal to map out the route. There

14.

job offers. The hourly pay is much lower and the communication upon interview is involving Mrs. Cathgard (Tatnall -supervisor) upon interview.

TS00162

14.

TATNALL-D-0161

Mar 21 07 11:57a    David L. Hill                724-294-2086              p.7

# EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name: JOURDEAN LORAH Division: _____ Pay Date: **November 30, 2006**

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Nov. | 06 | 12:00 | 5:20 | 5.30 | |
| | 07 | 10:00 | 6:00 (meeting) | 8.00 | |
| | 08 | 12:00 | 5:00 | 5.00 | 36 |
| | 09 | 7:30 6:04 | 3:00 4:00 | 8.00 | |
| | 10 | 7:30 8:30 | 3:30 6:00 | 8:00 8.5 | |
| | | | | | |
| | 13 | 12:00 | 5:00  5 | 5 | |
| | 14 | 12:00 | 6:00  6 | 6 | |
| | 15 | ✱ 11:30 | 5:00  -4.5 | 6 | 23 |
| | 16 | 12:00 | 5:15  -5.35 | 6 | |
| | 17 | 0 | 0 | 0 | 59 |
| **TOTAL** | | | | | |

  + 1.5 - First Job
  _____
  42.5

Notice: Timesheets are due in the office at the end of the workday,  Friday, November 10th.

| Breakdown | Hours | |
|---|---|---|
| Regular | 34.50 (9/2) | 36.00 |
| Personal Day | | |
| Sick | | |
| Other | | |
| Total | 34.75 (9/2) | 36.00 |

_____              _____
EMPLOYEE SIGNATURE                    SUPERVISOR SIGNATURE

MY TIMESHEET WAS COMPLETED BY SOMEONE ELSE.

TS00163

2.

TATNALL-D-0162

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware 19805

August 14, 2006

Tatnall School
Attention: Michele Jennings
1501 Barley Mill Road
Wilmington, Delaware 19807

**Explain your reasons for applying to work at camp and the contributions that you think you could make.**

Presently, I have six years of all academic teaching experience with upper elementary, junior and senior high school age children. During the summer months I have worked in various camps and in recreation with the Pre-K and Kindergarten age group. Over the years I have experienced many different kinds of experiences that have prepared me for the above various age groups. I have also worked extensively with children who have special needs.

The camp atmosphere during the summer is relaxing and fun! The children love creativity, games and outdoor recreational activity. I am a very creative person and I have a lot of patience. I am also very energetic and I love the outdoors. My work related experience includes various methods and programs which are suitable for children as an individual or as a group. Projects include artistic approaches to communicate using different materials. I am looking forward to working at Tatnall and if you have any further questions regarding my application, please contact me at 302-225-0540.

TS00164

4.

TATNALL-D-0163

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

---

Jourdean S. Lorah                                      Case No. 07020103W
114 Walls Avenue
Wilmington, DE 19805

vs.

TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

---

**PRELIMINARY FINDINGS AND RECOMMENDATIONS**

Pursuant to 19 Del. C. § 712 (c) (2), the parties in the above-captioned matter are hereby Noticed of the Department's Preliminary Findings and Recommendations.

1. The Charge of Discrimination was filed and served upon the Respondent.

2. The Respondent filed an answer. If an answer was filed, a copy was served upon the Charging Party.

3. Based upon the preliminary submissions referenced above, the Department recommends the following action: **Dismissing the Charge unless additional information is received by 4/23/07 and which would warrant further investigation.**

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. In this matter, she alleges she was discriminated against because of her age, her gender, her disability, and that she was retaliated against for opposing the Respondent's discriminatory practices. Because of this disparate treatment, the Respondent discharged her. The Respondent denies these allegations. They contend the Charging Party was discharged due to performance issues and because of disputes she had with coworkers. The parties have each submitted a substantial amount of information supporting their respective positions. However, the evidence currently in the record does not support the Charging Party's allegations of disability discrimination, retaliation, or of a hostile work environment prohibited by the anti-discrimination laws. To rise to the level of actionable harassment, the conduct must be extreme so that it unreasonably interferes with the employee's work performance. Sporadic use of language such as those comments complained of by Charging Party does not amount to discriminatory changes in the terms and conditions of employment. The anti-discrimination laws are not intended to serve as a workplace civility code. As such, this case is recommended for Preliminary Dismissal.*

Thank you for your cooperation throughout this administrative process.

On behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program,

*Julie Cutler*

April 10, 2007                          _____
                                        Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TS00165

17C_DDOL_C-11-D Prelim Determ Dis : 3/06

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

Jourdean S. Lorah
114 Walls Avenue
Wilmington, DE 19805

Case No. 07020103W

vs.

TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred.  The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. In this matter, she alleges she was discriminated against because of her age, her gender, her disability, and that she was retaliated against for opposing the Respondent's discriminatory practices.  Because of this disparate treatment, the Respondent discharged her. The Respondent denies these allegations. They contend the Charging Party was discharged due to performance issues and because of disputes she had with coworkers. The parties have each submitted a substantial amount of information supporting their respective positions. However, the evidence in the record does not support the Charging Party's allegations of disability discrimination, retaliation, or of a hostile work environment prohibited by the anti-discrimination laws. To rise to the level of actionable harassment, the conduct must be extreme so that it unreasonably interferes with the employee's work performance.  Sporadic use of language such as those comments complained of by Charging Party does not amount to discriminatory changes in the terms and conditions of employment.  The anti-discrimination laws are not intended to serve as a workplace civility code.  The Charging Party was afforded the opportunity to submit additional information in support of her allegations. She exercised her right to do so however, the information she submitted was insufficient to meet her evidentiary burden in this matter. Accordingly, this No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_4/20/07_
Date Issued

_For Jul K... ... Solomson_
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TS00166

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)    A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)    The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)    The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1.    If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.    If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.    Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

TS00167

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TATNALL-D-0166

STATE OF DELAWARE

**DEPARTMENT OF LABOR**

**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM**

---

Jourdean S. Lorah
114 Walls Avenue
Wilmington, DE 19805

Case No. 07020103W

vs.

TATNALL SCHOOL
1501 Barley Mill Road,
Wilmington, DE 19807

---

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 <u>Del. C.</u> § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. In this matter, she alleges she was discriminated against because of her age, her gender, her disability, and that she was retaliated against for opposing the Respondent's discriminatory practices. Because of this disparate treatment, the Respondent discharged her. The Respondent denies these allegations. They contend the Charging Party was discharged due to performance issues and because of disputes she had with coworkers. The parties have each submitted a substantial amount of information supporting their respective positions. However, the evidence in the record does not support the Charging Party's allegations of disability discrimination, retaliation, or of a hostile work environment prohibited by the anti-discrimination laws. To rise to the level of actionable harassment, the conduct must be extreme so that it unreasonably interferes with the employee's work performance. Sporadic use of language such as those comments complained of by Charging Party does not amount to discriminatory changes in the terms and conditions of employment. The anti-discrimination laws are not intended to serve as a workplace civility code. The Charging Party was afforded the opportunity to submit additional information in support of her allegations. She exercised her right to do so however, the information she submitted was insufficient to meet her evidentiary burden in this matter. Accordingly, this No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_4/20/07_____          _For J KC   _____   Solensor__
Date Issued                                        Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

TS00168

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

TATNALL-D-0167

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)      A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)      The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)      The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1.      If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.      If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.      Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

TS00169

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_DDOL_C-13 Notice of Rights_DOC : 3/06

TATNALL-D-0168

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS R. HUNT, JR.
302 351 9271
302 425 4676 FAX
thunt@mnat.com

March 26, 2007

State of Delaware Department of Labor
Division of Industrial Affairs
4425 N. Market Street
Wilmington, DE 19802
Attention:    Julie Klein Cutler, Administrator
              Discrimination Program

        Re:    Lorah v. Tatnall School
               Case No. 07020103W/17C-2007-00480

Dear Ms. Cutler:

        I am forwarding some additional documents relating to the decision not to
continue the employment of Jourdean Lorah. If you have any further questions, please feel free
to contact me.

        For your information, I will be out of the office until Monday, April 2, 2007.

                                        Sincerely,

                                        Thomas R. Hunt, Jr.

/ml

Enclosures

765539.1

TS00170

bcc:    Eric Ruoss

        Mark Hurd, Esquire

TATNALL-D-0169



# THE TATNALL SCHOOL

Ms Jourdean Lorah                                          December 7, 2006
114 Walls Ave.
Wilmington, DE 19805

Dear Ms. Lorah,

I am writing this letter to thank you for the service that you have provided the children and families of The Tatnall School, and to say that your help will no longer be needed.

You will not be required to work the last two days of your employment and will be paid through December 8.

I appreciate the efforts that you have made on behalf of the school and wish you well in future endeavors.

Sincerely Yours,

Michele Jennings
Director of Extended Day

TS00171

TATNALL-D-0170

12/7/06

I would like to make a record of the conversation I had with Jourdean Lorah, beginning at 11:45 p.m.

I informed Jourdean that based upon last evening's conversation (that included Kendal and herself), that I had discussed the matter with the Headmaster's office and that a decision had been made to terminate her employment as of Friday. I said further that she need not come to work for the next two days, but that the termination would be as of 12/8/07.

She asked why she was being fired. I said that there were three separate occasions when I believed that her reaction to commonplace situations had been an overreaction.:

1) Reaction to a background check
2) Time sheet estimation
3) Kendal's attire

She tried to press me further and I said that this was no longer a productive work relationship.

She referred to age discrimination (on Kendal's part), and sexual discrimination. She said that she wa an "expert witness" and that she had done nothing wrong. That it was Kendal that was wrong in wearing revealing sweaters and that even a child had noticed it. Then she asked why I would believe my "client" over her. I asked what she meant by client. She referred to Kendal being a student, and therefore my client. I responded that Kendal was my employee, not my client.

She asked if I would provide a recommendation for her. I told her that I would verify her employment and nothing more. She asked for written notice of her termination. I said that I would follow the direction of the Headmaster's Office.


Michele Jennings
Report finished 12:35p.m.


Copy to Sue Stenborg, Paula Hagar and Tom Hunt

TS00172

# MESSAGE CONFIRMATION

03/20/2007  13:50
ID=MORRIS NICHOLS ARSHT AND TUNNELL

| DATE 03/20 | S.R-TIME 04'50" | DISTANT STATION ID 724 294 2086 | MODE TX | PAGES 019 | RESULT OK | S.C. 0000 |

03/20/2007    13:44    MORRIS NICHOLS ARSHT AND TUNNELL → 17242942085         NO.008  P001

## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

### FAX COVER SHEET

DATE: 03/20/2007
TIME:
PAGE: 1 OF

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:    Dave Hill
LOCATION:
PHONE:                                    FAX:   724-294-2085

FROM:    Thomas R . Hunt, Jr.
PHONE:
MESSAGE:

**The documents accompanying this sheet may contain information that is confidential or that is privileged.  If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited.  If you believe that you may have received these documents in error, please call (302) 351-9332.**

If you do not receive all the pages, <u>please call back as soon as possible</u>.
MATTER NO.: 41185

TS00173

TATNALL-D-0172

# ORIENTATION TRAINING
## AND YEARLY REVIEW

EMPLOYEE/VOLUNTEER: *Jourdean Lovah*

POSITION: *Coordinator Lower School*

DATE BEGUN IN CENTER: *8/2006*

| | DATE OF TRAINING | INITIALS OF TRAINEE | NAME OF TRAINER |
|---|---|---|---|
| Tatnall Mission and preschool philosophy | | | MAJ |
| Facilities tour: includes location of medical supplies/ice | | | MAJ |
| Emergency & evacuation procedures | | | |
| Preschool Policies on: <br> ▪ Guidance and classroom management <br> ▪ Health care ; *alergies, asthma, epi-pen* <br> ▪ Interactions with children <br> ▪ Playground rules <br> ▪ Sanitation procedures/Universal <br> ▪ Release of children | | | MAJ |
| *Personnel & administrative policies | | | MAJ |
| Child abuse/neglect law and reporting requirements | | | MAJ |
| Recognition of the symptom of: <br> ▪ Childhood illnesses <br> ▪ Child abuse, sexual abuse & neglect | | | MAJ |
| Confidentiality and Ethics | | | MAJ |
| Responsibilities of their particular function in the facility | | | MAJ |

*Faculty only

orient.training8/2002

TS00174

TATNALL-D-0173

# EXTENDED DAY PHILOSOPHY AND POLICIES

The Tatnall School has a long history of Extended Day with an established reputation for excellence. Our success is due to the enthusiasm of our talented staff, their level of experience and their sensitivity to the needs of each and every child. You make the Tatnall experience unique.

In Extended Day, strive to bring out the best in children by offering programs that are child-centered and delivered in an environment where success is based on attitude not aptitude. Our goals include the following:

1. **To encourage the development of self-esteem** in each child.
2. **To build self-confidence** by providing challenging and enriching activity.
3. **To teach skills:** Both Activity Skills (dribbling a ball) and Life Skills (communication, social interaction, problem solving, organization and responsibility).
4. **To keep our children safe**, both "Outside"(physically) and "Inside"(psychologically).

In summary, our goal is for every child to leave with the feeling that this was a great day! And, it is up to you to make this happen. Welcome to the team!

## Policies Regarding Children:

Our primary goal for children is that they have fun while making new friends, acquiring new skills, and building self-confidence. These are some of the specific skills that you will need:

1.   Greet each child, every day, with a friendly smile and by name. Say goodbye each day. Stoop or kneel so that you are eye to eye when talking with younger children.

2.   Be actively engaged with your children: Sit with them during group activities, participate in art class and share their fun..

3.   Always be enthusiastic about school because **your enthusiasm is contagious!** If you complain about how hot it is, how tired you are or about another staff member, this sets a negative tone that will be picked up by your group.

4.   Learn an attention getting device like a hand clapping rhythm or other signal.

5.   Involve children in establishing group norms by talking with them about how they want to be treated and how to treat others. Allow them to shape the rules, the limits and consequences. Be consistent in applying consequences.

6.   Create an anti-bullying environment that protects children from being picked on for things over which they have no control like: weight, skin color, gender and sexuality.

7.   Teach and model conflict resolution by using "1 to 1" conversations.

8.   Treat every child equally (no favoritism) and with respect and courtesy. Please remember that you serve as a role model and must always be aware of personal language, tone of voice, appearance, and hygiene.

9.   The children are our main priority. If a situation arises where a child needs immediate attention, you should do one of the following:

   a.   If possible, answer the question and solve the problem.
   b.   Take the child to the appropriate person who can solve the problem (nurse, director, senior staff member).
   c.   If a child is hurt, stay with him/her and designate one person, by name, to go get help.

TS00175

TATNALL-D-0174

## Policies Regarding Parents

1.    Staff members are always courteous and treat parents and any other adult with the utmost respect.

2.    Staff members should introduce themselves to any parent or other adult who comes on campus to visit.

3.    If a parent has a question or concern that you cannot answer, **take** him/her to the individual who can answer the question. Please, don't say, "I don't know", or Ask Beth, she'll know, but rather, "Let's go find Beth and I'm sure she'll be able to help you".

4.    If a parent asks where something is located, please, don't point or explain, but personally take them to the location.

5.    Please escort all "strangers" to the Director's office.

## Parent Attitude Towards Staff

Staff members have the right to be treated with the same respect and courtesy that they extend to others.  If a parent uses suggestive or abusive language, or tone of voice, please do not respond with sarcasm or anger.  Ask the individual to accompany you to the Director's Office where this issue can be properly addressed.

## Employee Policies

We do not tolerate discrimination of any kind including sexual, racial or age related.  Therefore:

1.    Always cooperate with other staff members.

2.    Never use abusive language or make derogatory remarks to, or about, other counselors, specialists, aquatics, maintenance or other staff.  Specifically, do not use the expression, "that's so gay", or "homo", "fag", "faggot", "dyke", "queer", "sissy", or "pansy", even in fun.

3.    When competing with other teams, be sure to shake hands with the opposing coach and team at the end of the game.

**Dress and Appearance:**  You should dress for comfort when working with the children because you will be on the playground, sitting on the floor and otherwise keeping up with the children.   Khakis and a comfortable shirt with collar are appropriate.  Jeans may be worn on fieldtrips, if not tattered. Modesty and a professional appearance are the key points to remember.

**Illness:**  Please make every effort to call the night before, if you think that you are ill so that a substitute may be arranged for.  The office number is 892-4347.

**Vacations:**  Vacation time is possible when arranged for ahead of time.  Two weeks notice is appreciated.

**Absence Due to an Educational Opportunity:** The Tatnall School is committed to the professional development of its staff.  Therefore an unpaid absence may be allowed for participation in an educational program. Prior consent of the Director is required.

TS00176

# RISK MANAGEMENT AND EMERGENCY PROCEDURES

Tatnall Extended Day staff and volunteers share responsibility for safeguarding the children in our care. This is our highest priority. Constant vigilance and safety awareness must be a part of planning every activity, every day. However, even with the best staff and under the best circumstances, there will be occasions when emergency procedures are needed. The following are guidelines that will assist you in preventing and responding to an emergency. Please remember to document any incident, behavioral or safety related (except for minor scratches and bruises), with an Incident or Blood and Body Fluid Spill Report immediately. These reports are given to the Director of Extended Day so that he/she may decide if further action is needed.

## Risk Management

Tips to keep your group safe and accident-free:

- **Each and every child must be supervised every minute of every day. NO EXCEPTIONS.** Arrange trips to the bathroom regularly and at times when junior staff is available to assist. If assistance is not available, take the whole group. Be especially aware of naptimes (make sure that the room is never left unattended) and transition times (3:00 pm pick-up).

- **No horseplay.** This invariably leads to unnecessary roughness and accidents.

- Children must always wear safety equipment that is provided for a particular activity, i.e. bike helmets or shin guards.

- Store equipment out of the sight and reach of children.

- Anticipate transition times between activities and have quick activities from your "bag of tricks" ready to fill the gaps. If a "hyper" child begins to get out of control, step in with a cool down time before he/she loses it.

- On a 3H day (hot, hazy and humid) be sure to take water breaks, carry water and cups on field trips and apply sunscreen to children.

- Always be aware of suspicious looking people or vehicles on campus and report these to your Director or Site Coordinator.

## Emergency Procedures

### Facility Related

Direct the children away from the dangerous location immediately. Take a roll call as soon the group is in a safe place. Notify the Director immediately. He/she will alert all Staff and Operations.

### Unauthorized Visitor

If a visitor refuses to register at the office, campus security must be called immediately: 892-4315, or pager 420-5292 (Barry Kintz).

TS00177

## Missing Child

Inform the Director and Site Coordinator immediately. All groups will return to a meeting area where attendance will be double-checked. A senior staff member will be designated to stay with each group while all other staff members start a systematic search under the direction of the Site Coordinator. If the child is still missing, campus security will be called. The Director will call the parents and answer all questions pertaining to the incident. Staff members should **defer all questions to the Director.** Staff members must remain on side until the location of the missing child is determined.

## Medication, Illness and Accident

Tatnall's School Nurse, Mary Garrett, is on duty from 8:30 am to 3:15 pm. All medications will be administered during this time frame unless special arrangements have been made by the nurse with the parents. The Staff is responsible for making medication arrangements the day before a field trip. The nurse should be called upon for all illnesses and accidents that are more serious than a superficial cut or bruise. Do not move a child if a head or back injury is suspected. Keep the child warm, immobile and call for help.

Fred Palfrey, Tatnall's Sports Trainer, is available after 3:00 pm (4365). If he cannot be reached, call Operations at 4315 or 4316 to page him.

Blood and Body Fluid Spill Stations are located in all Extended Day sites. These should be used any time that there is a wound with a large amount of bleeding (more than a regular Band-Aid can handle), vomit, feces, urine or heavy mucus spill to clean-up. Use protective gloves at all times and double bag the clean-up materials. Use the red trash cans for disposal and call Operations (892-4315) to report the spill so that pick-up can be arranged.

**Safety packs should be available close by or worn by Staff at all times.**


## BEHAVIOR MANAGEMENT PROGRAM


## Discipline Policy

Discipline is a positive guidance process where behavioral expectations are linked to specific consequences. As a result of this process, a child learns about self control through an understanding of how his/her behavior effects others in social settings. Positive reinforcement with as few rules as possible and clear consistent consequences for negative behavior should be used to achieve this end. Conflict Resolution in the form of an I to I should be a part of routine guidance. If we take the time to train children to identify, own, and resolve conflict, gradually self esteem and a more positive environment will evolve.

Children should participate in the formulation of "their" rules and the associated consequences. Consequences should not threaten or be punitive in nature but relate to the issue at hand. An understanding of early childhood development is needed so that behavioral expectations and consequences are age appropriate. In all situations requiring discipline, it is important to have a calm talk with the child to assess his/her level of understanding so that an appropriate consequence can be applied. Junior and new staff members are expected to bring disciplinary situations to the attention of senior staff so that a consistent approach will be used.

All Tatnall Extended Day and Summer Programs will adhere to the following Behavioral Expectations and Consequences making this policy uniform and easy for children to adjust to.

TS00178

TATNALL-D-0177

## Behavioral Expectations For Children

1. Respectful language and tone of voice (No cursing)

2. Respectful behavior (No fighting or aggressive behavior)

3. Equipment and property of The Tatnall School will be treated with respect. (No littering and destruction of property)

4. Children will use safety equipment and follow rules designed for activities.

5. Children will have written permission from their parent/guardian in order to leave Camp or Extended Day.

## Discipline Guidelines for Preschool Aged Children

1. Children will be respectfully reminded of expected behavior and redirected using verbal and demonstrative support, as needed. The number of reminders will vary with the age and development of the child. Train children in the use of an I to I. Give them the tools to understand their part in the conflict and begin to address it independently.

2. Continued hurtful or disrespectful behavior will result in the removal of the child from the group. An Incident Report (identifying the behavior, placing it in context) should be written at this time so that parents and Site Coordinator or Camp Director will be informed. The Senior Counselor, Site Coordinator and Director will discuss the behavior and may request that a Behavior Log be kept to identify patterns in the incidence of the behavior.

3. If the behavior reoccurs, an Incident Report will be written and a request for a conference will follow. The goal of the conference is to illicit parental support, develop a better understanding of the problem and develop strategies to assist the child.

4. If the behavior continues, the Director of Summer Programs will be informed and a decision may be made not to include the child in the program.

## Discipline Guidelines for School Aged Children

1. 1st Offense: A **private** conversation reminding the child of the impact of his actions on others. The goal is to remind, not humiliate. Use an I to I to give the child the tools to understand his part in the conflict and to address conflict independently.

2. 2nd Offense: Child will have counseling regarding the behavior and another I to I. A time-out, if age appropriate (6 – 13 yr. olds, one minute for each year) may be used.

3. 3rd Offense: An Incident Report will be completed and sent home to inform parents. Child may be sent to the Director's Office for a serious discussion.

4. 4th Offense: An Incident Report will be completed. Parents will be notified. The child may be asked not to return to Camp or Extended Day the following day or the remainder of the program, at the discretion of the Director.

5. Severe/Flagrant Behavior: The Director may dismiss a child, even on a first offense if the behavior is severe or flagrant. A conference with the parents/ guardians will be called to discuss the matter. An Incident Report is required.

6. Destruction or defacing The Tatnall School property/equipment: Repair or

TS00179

TATNALL-D-0178

replacement costs will be assessed and the child may be dismissed from Camp and Extended Day. An Incident Report is required.

## Staff

1. Staff members are expected to be "ready to work" at the start of their shift.

2. Staff Dress Code: Staff members are expected to dress in a professional yet comfortable manner.

3. Personal use of Cell Phones, during working hours, is not permitted. Telephones are available, on site, for emergency use.

4. Use of earphones, music and/or personal reading during working hours is not permitted.

5. Staff members are expected to remain on campus during working hours unless authorized to leave by the Site Coordinator or Director.

TS00180

TATNALL-D-0179

## WORKING WITH CHILDREN

### Guidelines:

- **Always** use appropriate language when talking to or around children. They are sure to hear you when you think they can't, and may copy what you say. Be careful of your tone of voice. Use a tone that is fun, challenging and exciting. Encourage children to ask questions if they have doubts or concerns.

- **Think** about what you say from a child's perspective. You may feel that you are kidding, but the child may be at a stage where he/she cannot separate teasing from reality, and become very upset.

- **Teach** sportsmanship and teamwork every day. At Tatnall, we teach our children that they have no right to hurt anyone with their bodies or their words. This means that no one should make fun of another person in any way.

- **Teach** children to tell one another if they do not like what the other person is doing. If a child says to stop something, be sure to honor that request.

- **Time out** is appropriate in some situations. Two to three minutes is plenty to time for a child to get the idea. Reread the Consequence Section often so that you can be consistent in handling unacceptable behavior. Do not hesitate to ask your Site Coordinator or Director for suggestions on how to be more effective with discipline.

- **Our purpose** is to help every child feel that he/she is a contributing member of the group. Do not allow children to make fun of anyone. Intervene immediately. Older children will be more discreet about this. Keep your ears open if you suspect it to be happening. Every group has someone who always seems to remain on the outside. Bring him/her into the group.

- **Use positive phrases** like "You need to...", instead of "Stop" or "Don't." Encourage children to empathize with others and ask, "How would you feel if...?" Remind children to use words to get what they want.

- **Be organized** and ready to go. Children are very impatient and won't wait for you to get organized.

- **Speak** to a silent group only. Make sure children know that when you speak, they listen, and when they speak, you will listen. Establish respect. It's a two-way street. Stop speaking if anyone starts talking, whispering or fooling around. Establish a "Quiet Signal" and wait for quiet before you speak.

- **When moving** from one activity to another, make sure the children know where they are going. Speak about the move, describe it and then tell the group to start. When moving, one staff member should take the front and one the rear. If there is only one staff member, give instructions and bring up the rear.

- **We all learn** from our mistakes, but only if we know that we have made one! Be a friend and let a fellow staff member know if there is a better way to handle a situation. Please do not be offended or become defensive if this occurs to you.

TS00181

TATNALL-D-0180

**U.S. Department of Labor**

Occupational Safety and Health Administration
919 Market Street
Suite 900
Wilmington, DE 19801



Reply to the Attention of:
Vincent Soss
Area Director
(302) 573-6518

November 30, 2006

THE TATNALL SCHOOL, INC.
1501 BARLEY MILL ROAD
WILMINGTON, DE 19807

Dear The Tatnall School:

On 11/30/2006, the Occupational Safety and Health Administration (OSHA) received a notice of (safety and/or health) hazards at your worksite at:

1501 BARLEY MILL ROAD
WILMINGTON, DE 19807                                    TS00182

The specific nature of the alleged hazards is as follows:

Chemical odor detected at the entrance where the car line is at the lower school.

We have not determined whether the hazards, as alleged, exist at your workplace; and we do not intend to conduct an inspection at this time. However, since allegations of violations have been made, you are requested to investigate the alleged conditions and make any necessary corrections or modifications. Within 5 calendar days of your receipt of this letter, please advise me in writing of the results of your investigation. Please provide any supporting documentation of your findings, including any applicable measurements or monitoring results, and photographs which you believe would be helpful, as well as a description of any corrective action you have taken or are in the process of taking, including photographs/video of the corrected condition.

The complainant involved has been advised of this preliminary response to the complaint of hazards and has been furnished a copy of this letter. Section 11(c) of the OSH Act provides protection for employees against discrimination because of their involvement in protected safety and health related activity.

This letter is not a citation or a notification of proposed penalty which, according to the OSH Act, may be issued only after an inspection or investigation of the workplace. It is our goal to assure that hazards are promptly identified and eliminated. Please take immediate corrective action where needed. We encourage employee participation in investigating and responding to any alleged hazard. If we do not receive a response from you within 5 calendar days indicating that appropriate action has been taken or that no hazard exists and why, an inspection may be

conducted. An inspection may include a review of the following: injury and illness records, hazard communication, personal protective equipment emergency action or response, bloodborne pathogens, confined space entry, lockout and related safety and health issues.

Please note, however, that OSHA selects for inspection a random sample of cases where we have received letters in which employers have indicated satisfactory corrective action. This policy has been established to ensure that employers have actually taken the action asserted in their letters.

Finally, any action taken by you in this matter will not automatically remove your workplace from the possibility of an unannounced inspection by duly authorized representatives of OSHA in accordance with routine scheduling procedures currently in effect.

In addition to its function of inspecting workplaces, the OSHA Area Office has been expanded to become full service resource center, offering a wide range of safety and health related services in response to the needs of the working public, both employers and employees. These services include training and education, consultation, voluntary compliance programs and assistance in correcting hazards.

The State of Delaware offers OSHA consultation services, without charge, to assist in resolving all occupational safety and health issues. However, the variety of services available or the scheduling of those services may be limited by the consultation project's requirement to give priority to small businesses in high hazard industries and by its backlog. To discuss or request the services, call or write your Delaware consultation project at the following address:

> State of Delaware
> Occupational Safety and Health
> Delaware Department of Labor
> 4425 North Market Street, 3rd Floor
> Wilmington, Delaware  19802
> (302) 761-8200

You are requested to post a copy of this letter where it will be readily accessible for review by all of your employees and return a copy of the signed Certificate of Posting (Attachment A) to this office. In addition, you are requested to provide a copy of this letter and your response to it to a representative of any recognized employee union or safety committee if these are at your facility. Failure to do this may result in an on-site inspection. The complainant has been furnished a copy of this letter and will be advised of your response.

TS00183

TATNALL-D-0182

If you have any questions concerning this matter, please contact the Area Office at the address in the letterhead. Your personal support and interest in the safety and health of your employees is appreciated.

Sincerely,

Vincent Soss
Area Director

3

TS00184

## OSHA NOTIFICATION OF ALLEGED HAZARD(S)

Complaint Nr: 200917458

Date of Posting: _12/5/06_

Date Copy Given to
an Employee Representative: _____

On behalf of the employer, I certify that a copy of the complaint letter received from the Occupational Safety and Health Administration (OSHA) has been posted in a conspicuous place, where all affected employees will have notice, or near such location where the hazard occurred, and such notice has been given to each authorized representative of affective employees, if any. This notice was or will be posted for a minimum of ten (10) working days or until any hazardous conditions found are corrected.

_[signature]_
Signature

_[signature]_ Business Manager
Title

4

TS00185

TATNALL-D-0184



# THE TATNALL SCHOOL

Dear Mr. Soss,                                          12/5/06

I have reviewed the area which pertains to the odor complaint we received, Complaint No. 200917458.

1. Where the car line forms is about 12 to 14 ft. from the entrance to the school. Cars drive up drop the children off, and proceed. No parking allowed. Unless the wind is strong from the South East. I would not think this would be a Problem meaning car exhaust.

2. The art room is in this area. The only odor would be from painting, which is a Student (Child) sate tempera water base paint.

3. We had a contractor installing air ducts for the heat. The sealant which was used for the seams may have given off an odor for a brief period.

4. Heat system is a roof top unit. Once in a while we will get an odor from Mushroom houses in Hockessin. It may have been pulled in the fresh air intake.
   Other than those examples I can not think of any other causes, which may give an order.

Sincerely,


Barry Kintz
Tatnall Schools
Director of Operations
(302)-420-5292

TS00186

TATNALL-D-0185

12 20 '06 PM 02:26 USDOL-OSHA-R

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware   19805

December 19, 2006

U.S. Department of Labor/OSHA
Attention: Mr. Ronald Tate
Suite 740 West
170 S Independence Mall West
Philadelphia, Pennsylvania   19106

OSHA Complaint Number - #82890-Filed (online) on November 11, 2006

Dear Mr. Tate,

   The following letter was requested per complaint filed online with OSHA on November 11, 2006.

Submit in written form why you think you were wrongfully terminated.

On November 27, 2006 at approximately 9:30AM, I detected a chemical odor in the hallway outside of the Extended Day Room (Near the entrance to the Lower school.) There were two other employees standing with me at the time I detected the chemical odor ( John Burnett and Matt Jones). I noticed the odor as I walked to the ladies room to use the bathroom.

On November 28, 2006, at approximately 3:30, one of Tatnall's clients said to me, "If you don't tell, you will get your way."  Several hours later, a chemical was detected near the entrance/exit. (Lower school- Supervisor - Michelle Jennings)

On November 28, 2006, I was walking to the copier room at approximately 5:55PM, when I detected the chemical odor near the entrance door/hallway. Matt Jones was leaving (at the exit) when I detected the odor. (Lower school-Supervisor-Michelle Jennings)

November 30, 2006- Notified and filed complaint online with OSHA

December 4, 2006, one of Tatnall's clients said to me, "You are going to get a lock out." (Lower school-extended day room)

TS00187

TATNALL-D-0186

U.S. Department of Labor/OSHA
Attention: Mr. Tate

Page 2

December 5, 2006, at approximately 11:45AM, a Tatnall teacher (Mrs. Welch's) daughter walked into the kitchen. I was working on the preparation of a project for the kids when Mrs. Welch's daughter said, "It smells." She was at the water cooler getting a drink of water. Mrs. Welch came in to check on her and then they left. I did not detect any odor, but I was approximately fifteen to twenty feet away. (Preschool - Supervisor Mrs. Cathcart) I worked at both the Lower school and Preschool buildings.

December 5, 2006 at approximately 2:45, the secretary Diana Gellman said to me, "She sees that you are doored." (Lower School)

December 6, 2006, a younger employee Shannon Curtis often communicated in a disparaging manner told a boy at the lunchroom table, "You are not getting a lock out." Directly following the comment I was seated at the table with the child eating my lunch. This same employee told me outside approximately two and half months ago, "We are going to replace you."


* I met with Mr. Rowlands at OSHA on Market Street last month  concerning the above complaint. He determined the timing on the wrongful termination with the complaint that was filed one week before my contract ended is a violation of my rights. There is no valid reason for the termination. Presently, there is no unemployment compensation. I have not worked enough in the past year to have any unemployment in my account. Various statements have been documented regarding the communication concerning my rights. The doors to employment are closed and I have the right to sue, but no attorney.  Mr. Rowlands also stated that my former supervisor and previous employer can get into a lot of trouble keeping me unemployed by contacting one another. He has advised me to call as many lawyers as I can to seek representation.


Sincerely,

Jourdean Lorah
Jourdean Lorah
302-225-0540

TS00188

TATNALL-D-0187

U.S. Department of Labor/OSHA
Attention: Ronald Tate


The enclosed letter is from my pervious supervisor, Michelle Jennings. My overall
job performance is excellent. The last meeting I attended, my supervisor Michelle
Jennings) informed me that I was doing an excellent job.

TS00189

TATNALL-D-0188



# THE TATNALL SCHOOL

Ms Jourdean Lorah                                    December 7, 2006
114 Walls Ave.
Wilmington, DE 19805

Dear Ms. Lorah,

I am writing this letter to thank you for the service that you have provided the children and families of The Tatnall School, and to say that your help will no longer be needed.

You will not be required to work the last two days of your employment and will be paid through December 8.

I appreciate the efforts that you have made on behalf of the school and wish you well in future endeavors.

Sincerely Yours,

Michele Jennings
Director of Extended Day

TS00190

TATNALL-D-0189

12/7/06

I would like to make a record of the conversation I had with Jourdean Lorah, beginning at 11:45 p.m.

I informed Jourdean that based upon last evening's conversation (that included Kendal and herself), that I had discussed the matter with the Headmaster's office and that a decision had been made to terminate her employment as of Friday. I said further that she need not come to work for the next two days, but that the termination would be as of 12/8/07.

She asked why she was being fired. I said that there were three separate occasions when I believed that her reaction to commonplace situations had been an overreaction:

1) Reaction to a background check
2) Time sheet estimation
3) Kendal's attire

She tried to press me further and I said that this was no longer a productive work relationship.

She referred to age discrimination (on Kendal's part), and sexual discrimination. She said that she wa an "expert witness" and that she had done nothing wrong. That it was Kendal that was wrong in wearing revealing sweaters and that even a child had noticed it. Then she asked why I would believe my "client" over her. I asked what she meant by client. She referred to Kendal being a student, and therefore my client. I responded that Kendal was my employee, not my client.

She asked if I would provide a recommendation for her. I told her that I would verify her employment and nothing more. She asked for written notice of her termination. I said that I would follow the direction of the Headmaster's Office.

Michele Jennings
Report finished 12:35p.m.

Copy to Sue Stenborg, Paula Hagar and Tom Hunt

TS00191

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS R. HUNT, JR.
302 351 9271
302 425 4676 FAX
thunt@mnat.com

March 20, 2007

DEPT. OF LABOR

MAR 2 2 2007

INDUSTRIAL AFFAIRS
OFFICE OF LABOR
LAW ENFORCEMENT

State of Delaware Department of Labor
Division of Industrial Affairs
4425 N. Market Street
Wilmington, DE 19802
Attention:    Julie Klein Cutler, Administrator
              Discrimination Program

    Re:    Lorah v. Tatnall School
              Case No. 07020103W/17C-2007-00480

Dear Ms. Cutler:

        I am in receipt of your letter dated March 2, 2007 relating to the above-referenced charge. Having made an investigation into the allegations in Ms. Lorah's Charge of Discrimination, I am writing to inform you that none of the allegations made by Ms. Lorah is true. You should also know that Ms. Lorah has filed a charge with the Occupational Safety and Health Administration relating to the alleged "chemical odor" referenced in her Charge of Discrimination.

        If you have any questions, please feel free to contact me. The Tatnall School, Inc. declines the opportunity to mediate this meritless claim.

Sincerely,

Thomas R. Hunt, Jr.

/ml

765539.1

TS00192

**U.S. Department of Labor**          **Occupational Safety and Health Administration**
                                      Division of 11(c)
                                      Suite 740 West, The Curtis Center
                                      170 South Independence Mall West
                                      Philadelphia, Pennsylvania 19106-3309



February 22, 2007

Thomas R. Hunt, Jr., Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market St., P.O. Box 1347
Wilmington, DE 19899-1347

RE:  The Tatnall School, Inc./Lorah/3-0490-07-003

Dear Mr. Hunt:

Thank you for submission of the position statement regarding Jourdean Lorah's discrimination complaint filed pursuant to Section 322(a)(1-3) of the Clean Air Act (42 U.S.C., § 7622). Reference the discrimination complaint filed with this agency by Ms. Lorah, request that The Tatnall School, Inc., provide copies of records to substantiate the employer's position that the decision was made not to continue her part-time employment for reason related to Complainant's performance. Request that these records include the following: (1) examples on the termination of other employees for poor performance, (2) an employee handbook, (3) employee evaluation procedures, (4) employee counseling procedures, (5) employee disciplinary or progressive disciplinary procedures, (6) employee performance improvement procedures, (7) Complainants' employment contract or application, (8) Complainants' employment file, including any and all job descriptions, designation of responsibilities, training records, records on performance evaluations, records on counseling, records on warnings for unsatisfactory performance, records on performance improvement plans, and records on employment termination or other disciplinary action, records on payments and records of workers' compensation or unemployment claims. Please provide any other records deemed appropriate to establish that the employer's action was legal and nondiscriminatory.

If you require any additional information, please telephone me at (412) 395-6377. Your assistance in this matter is greatly appreciated. Records furnished regarding this matter should be mailed to the undersigned at U. S. Department of Labor -OSHA, Division of 11 (c) - Pittsburgh, 260 Buffalo Plaza #142, Sarver, PA 16055.

Sincerely,

David L. Hill
Regional Investigator                                    TS00193

TATNALL-D-0192

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

January 8, 2007

THOMAS R. HUNT, JR.
302 351 9271
302 425 4676 FAX
thunt@mnat.com

Mr. David Hill
U.S. Department of Labor – OSHA
260 Buffalo Plaza, 142
Sarver, PA 16055

      Re:   The Tatnall School/Lorah/3-0490-07-003

Dear Mr. Hill:

      I am counsel to The Tatnall School, Inc. Tatnall received a letter from William D. Sequin dated December 27, 2096 relating to the above-referenced claim. The letter was not received until January 3, 2007. Upon receipt, a representative of Tatnall contacted your offices to explain that we had just received the letter and requested a few days to respond. This is that response.

      Ms. Lorah was a part-time employee of Tatnall from approximately late August, 2006 until December 7, 2006. She worked in the Extended Day Program in the Myers Pre-School building and the Sedgely Lower School building on the Tatnall Campus. A decision was made not to continue part-time employment for reasons related to her performance.

      Ms. Lorah's immediate supervisor was Michele Jennings. While I understand that there was an inquiry by OSHA in November, 2006 regarding an odor at the Tatnall Sedgely Lower School building, no one at Tatnall knew what the impetus of that inquiry was, let alone that Ms. Lorah filed a complaint with your offices. In fact, it was not until receipt of Mr. Sequin's letter dated December 27, 2006, that Tatnall learned that Ms. Lorah had filed a complaint. The decision not to continue her part time employment was totally unrelated to the complaint she filed with OSHA.

      I am enclosing a copy of a letter that Barry Kintz, Director of Operations at Tatnall School sent to your Vincent Soss relating to Complaint No. 200917458. In it he details the investigation he made regarding the odor complaint. Neither Mr. Kintz nor any other Tatnall employee was aware of the identity of the person who filed that Complaint to which Mr Kintz's response relates.

TS00194

TATNALL-D-0193

Mr. David Hill
January 8, 2007
Page 2

If you require any further information, please contact me and I will be glad to
oblige.

Sincerely,

Thomas R. Hunt, Jr.

/ml
Enclosure

cc:    William D. Sequin, Regional Supervisory Investigator
       U.S. Department of Labor – OSHA

       Eric Ruoss, Headmaster
       The Tatnall School, Inc.

550530

TS00195

TATNALL-D-0194



## THE TATNALL SCHOOL

Dear Mr. Soss,                                            12/5/06

I have reviewed the area which pertains to the odor complaint we
received, Complaint No. 200917458.

1. Where the car line forms is about 12 to 14 ft. from the
   entrance to the school. Cars drive up drop the children off,
   and proceed. No parking allowed. Unless the wind is strong
   from the South East. I would not think this would be a
   Problem meaning car exhaust.
2. The art room is in this area. The only odor would be from
   painting, which is a Student (Child) safe tempera water base
   paint.
3. We had a contractor installing air ducts for the heat. The
   sealant which was used for the seams may have given off an
   odor for a brief period.
4. Heat system is a roof top unit. Once in a while we will get an
   odor from Mushroom houses in Hockessin. It may have been
   pulled in the fresh air intake.
   Other than those examples I can not think of any other
   causes, which may give an order.

Sincerely,
Barry Kintz
Tatnall Schools
Director of Operations
(302)-420-5292

1501 BARLEY MILL ROAD • WILMINGTON • DELAWARE 19807 • (302) 998-2292 • FAX (302) 998-7051

TS00196

TATNALL-D-0195

## OSHA NOTIFICATION OF ALLEGED HAZARD(S)

Complaint Nr: 200917458

Date of Posting: ___10/5/06___

Date Copy Given to
an Employee Representative: _____

On behalf of the employer, I certify that a copy of the complaint letter received from the
Occupational Safety and Health Administration (OSHA) has been posted in a conspicuous place,
where all affected employees will have notice, or near such location where the hazard occurred,
and such notice has been given to each authorized representative of affective employees, if any.
This notice was or will be posted for a minimum of ten (10) working days or until any
hazardous conditions found are corrected.

_signature_
Signature

_Business Manager_
Title

4

TS00197

TATNALL-D-0196

bcc:   Michelle Jennings
       Barry Kintz
       Sue Stenborg

TS00198

TATNALL-D-0197

**U.S. Department of Labor**      Occupational Safety & Health Administration
The Curtis Center, Suite 740 West
170 S. Independence Mall West
Philadelphia, PA 19106-3309
(215) 861-4900
Fax: (215) 861-4904

December 27, 2006

The Tatnall School
1501 Barley Mill Road
Wilmington, DE 19807

Re:  The Tatnall School/Lorah/3-0490-07-003

Dear Sir/Madam:

We hereby serve you notice that a complaint has been filed with this office by Jourdean Lorah (Complainant) alleging discriminatory employment practices.    Complainant alleged she was terminated in reprisal for complaining about an unhealthy chemical odor near her work location  in violation of Section 322(a)(1-3) of the Clean Air Act (42 USC  '7622), Section 110(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (42 USC '9610), Section 507(a) of the Federal Water Pollution Control Act (33 USC '1367), Section 1450(i)(1)(A-C) of the Safe Drinking Water Act (42 USC '300j-9(i)), Section 7001(a) of the Solid Waste Disposal Act (42 USC '6971) and/or Section 23(a)(1-3) of the Toxic Substances Control Act (15 USC '2622). A copy of the complaint is enclosed.

We would appreciate receiving from you promptly a written account of the facts and a statement of your position with respect to the allegation that you have discriminated against the Complainant in violation of the Act.  Please note that a full and complete initial response, supported by appropriate documentation, may serve to help achieve early resolution of this matter.  Voluntary adjustment of meritorious complaints can be effected by way of a settlement agreement at any time.

Within five business days of your receipt of this complaint you may submit to this agency a written statement and any affidavits or documents explaining or defending your position.  The Act requires the Secretary of Labor to conduct an investigation into the alleged violations.

This case has been assigned to the Investigator noted below, and you are requested to direct all communications and materials associated with this matter to the Investigator. You will be given every opportunity to present any relevant information or evidence in

TS00199

TATNALL-D-0198

this matter.   Regulations provide that we complete our investigation of this matter within 30 days, and to that end we would appreciate an initial statement regarding your position or answer to the complaint as soon as possible.

Attention is called to your right and the right of any party to be represented by counsel or other representative in this matter.   In the event you choose to have a representative appear on your behalf, please have your representative complete the Designation of Representative form enclosed and forward it promptly.

Your cooperation with this office is invited so that all facts of the case may be considered.

Additional information concerning the Secretary's authority to conduct investigations under this statute and investigative procedures can be found at the following web site: http://www.osha.gov/dep/oia/whistleblower/index.html.

Investigator:   David Hill
U.S. Department of Labor – OSHA
260 Buffalo Plaza, 142
Sarver, PA  16055

Telephone: (412) 395-6377    email: hill.david@dol.gov

Sincerely,

William D. Seguin
Regional Supervisory Investigator

Enclosures:    Copy of Complaint

Designation of Representative

TS00200

12 20 '06 PM 02:26 USDOL-OSHA-R

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware   19805


December 19, 2006


U.S. Department of Labor/OSHA
Attention: Mr. Ronald Tate
Suite 740 West
170 S Independence Mall West
Philadelphia, Pennsylvania   19106


OSHA Complaint Number - #82890-Filed (online) on November 11, 2006


Dear Mr. Tate,

   The following letter was requested per complaint filed online with OSHA on November 11, 2006.


Submit in written form why you think you were wrongfully terminated.

On November 27, 2006 at approximately 9:30AM, I detected a chemical odor in the hallway outside of the Extended Day Room (Near the entrance to the Lower school.) There were two other employees standing with me at the time I detected the chemical odor ( John Burnett and Matt Jones). I noticed the odor as I walked to the ladies room to use the bathroom.

On November 28, 2006, at approximately 3:30, one of Tatnall's clients said to me, "If you don't tell, you will get your way."  Several hours later, a chemical was detected near the entrance/exit. (Lower school- Supervisor - Michelle Jennings)

On November 28, 2006, I was walking to the copier room at approximately 5:55PM, when I detected the chemical odor near the entrance door/hallway. Matt Jones was leaving (at the exit) when I detected the odor. (Lower school-Supervisor-Michelle Jennings)

November 30, 2006- Notified and filed complaint online with OSHA

December 4, 2006, one of Tatnall's clients said to me, "You are going to get a lock out." (Lower school-extended day room)

TS00201

U.S. Departmernt of Labor/OSHA
Attention: Mr. Tate

Page 2

December 5, 2006, at approximately 11:45AM, a Tatnall teacher (Mrs. Welch's) daughter walked into the kitchen. I was working on the preparation of a project for the kids when Mrs. Welch's daughter said, "It smells." She was at the water cooler getting a drink of water. Mrs. Welch came in to check on her and then they left. I did not detect any odor, but I was approximately fifteen to twenty feet away. (Preschool - Supervisor Mrs. Cathcart) I worked at both the Lower school and Preschool buildings.

December 5, 2006 at approximately 2:45, the secretary Diana Gellman said to me, "She sees that you are doored." (Lower School)

December 6, 2006, a younger employee Shannon Curtis often communicated in a disparaging manner told a boy at the lunchroom table, "You are not getting a lock out." Directly following the comment I was seated at the table with the child eating my lunch. This same employee told me outside approximately two and half months ago, "We are going to replace you."


* I met with Mr. Rowlands at OSHA on Market Street last month concerning the above complaint. He determined the timing on the wrongful termination with the complaint that was filed one week before my contract ended is a violation of my rights. There is no valid reason for the termination. Presently, there is no unemployment compensation. I have not worked enough in the past year to have any unemployment in my account. Various statements have been documented regarding the communication concerning my rights. The doors to employment are closed and I have the right to sue, but no attorney. Mr. Rowlands also stated that my former supervisor and previous employer can get into a lot of trouble keeping me unemployed by contacting one another. He has advised me to call as many lawyers as I can to seek representation.


Sincerely,

Jourdean Lorah
302-225-0540

TS00202

U.S. Department of Labor/OSHA
Attention: Ronald Tate


The enclosed letter is from my pervious supervisor, Michelle Jennings. My overall job performance is excellent. The last meeting I attended, my supervisor Michelle Jennings) informed me that I was doing an excellent job.

TS00203

**U.S. Department of Labor**

Occupational Safety and Health Administration
919 Market Street
Suite 900
Wilmington, DE 19801



Reply to the Attention of:
Vincent Soss
Area Director
(302) 573-6518

573
6532

November 30, 2006

THE TATNALL SCHOOL, INC.
1501 BARLEY MILL ROAD
WILMINGTON, DE 19807

Dear The Tatnall School:

On 11/30/2006, the Occupational Safety and Health Administration (OSHA) received a notice of (safety and/or health) hazards at your worksite at:

1501 BARLEY MILL ROAD
WILMINGTON, DE 19807

TS00204

The specific nature of the alleged hazards is as follows:

Chemical odor detected at the entrance where the car line is at the lower school.

We have not determined whether the hazards, as alleged, exist at your workplace; and we do not intend to conduct an inspection at this time. However, since allegations of violations have been made, you are requested to investigate the alleged conditions and make any necessary corrections or modifications. Within 5 calendar days of your receipt of this letter, please advise me in writing of the results of your investigation. Please provide any supporting documentation of your findings, including any applicable measurements or monitoring results, and photographs which you believe would be helpful, as well as a description of any corrective action you have taken or are in the process of taking, including photographs/video of the corrected condition.

The complainant involved has been advised of this preliminary response to the complaint of hazards and has been furnished a copy of this letter. Section 11(c) of the OSH Act provides protection for employees against discrimination because of their involvement in protected safety and health related activity.

This letter is not a citation or a notification of proposed penalty which, according to the OSH Act, may be issued only after an inspection or investigation of the workplace. It is our goal to assure that hazards are promptly identified and eliminated. Please take immediate corrective action where needed. We encourage employee participation in investigating and responding to any alleged hazard. If we do not receive a response from you within 5 calendar days indicating that appropriate action has been taken or that no hazard exists and why, an inspection may be

TATNALL-D-0203

conducted. An inspection may include a review of the following: injury and illness records, hazard communication, personal protective equipment emergency action or response, bloodborne pathogens, confined space entry, lockout and related safety and health issues.

Please note, however, that OSHA selects for inspection a random sample of cases where we have received letters in which employers have indicated satisfactory corrective action. This policy has been established to ensure that employers have actually taken the action asserted in their letters.

Finally, any action taken by you in this matter will not automatically remove your workplace from the possibility of an unannounced inspection by duly authorized representatives of OSHA in accordance with routine scheduling procedures currently in effect.

In addition to its function of inspecting workplaces, the OSHA Area Office has been expanded to become full service resource center, offering a wide range of safety and health related services in response to the needs of the working public, both employers and employees. These services include training and education, consultation, voluntary compliance programs and assistance in correcting hazards.

The State of Delaware offers OSHA consultation services, without charge, to assist in resolving all occupational safety and health issues. However, the variety of services available or the scheduling of those services may be limited by the consultation project's requirement to give priority to small businesses in high hazard industries and by its backlog. To discuss or request the services, call or write your Delaware consultation project at the following address:

> State of Delaware
> Occupational Safety and Health
> Delaware Department of Labor
> 4425 North Market Street, 3rd Floor
> Wilmington, Delaware  19802
> (302) 761-8200

You are requested to post a copy of this letter where it will be readily accessible for review by all of your employees and return a copy of the signed Certificate of Posting (Attachment A) to this office. In addition, you are requested to provide a copy of this letter and your response to it to a representative of any recognized employee union or safety committee if these are at your facility. Failure to do this may result in an on-site inspection.  The complainant has been furnished a copy of this letter and will be advised of your response.

TS00205

If you have any questions concerning this matter, please contact the Area Office at the address in the letterhead. Your personal support and interest in the safety and health of your employees is appreciated.

Sincerely,

Vincent Soss
Area Director

3

TS00206

TATNALL-D-0205

## EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

**Employee Name:** JOURDEAN LORAH     **Division:** _____     **Pay Date:** August 30, 2006

| DATE | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|
| August 07 | | | | |
| 08 | | | | |
| 09 | | | | |
| 10 | 11:00 | 3:30 | 4.5 | 4.5 |
| 11 | | | | |
| Sat. 12 | | | | |
| Sun. 13 | | | | |
| | | | | |
| August 14 | 9:00 | 5:00 | 8.0 | |
| 15 | 9:00 | 5:00 | 8.0 | |
| 16 | 8:30 | 4:30 | 8.0 | 41 |
| 17 | 9:00 | 5:00 | 8.0 | |
| 18 | 9:00 | 6:00 | 9.0 | |
| Sat. 19 | | | | |
| Sun. 20 | | | | |
| TOTAL | | | An.5 | 45.5 |

**Attention Staff:**
**Please have your time sheet completed by the end of the work day on Friday, August 18.**

| Breakdown | Hours |
|---|---|
| Regular | |
| Personal Day | |
| Sick | |
| Other | |
| Total | |

_____     _____
**EMPLOYEE SIGNATURE**                      **SUPERVISOR SIGNATURE**

TS00207

## EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name: Jourdeau Lorah    Division: _____    Pay Date: September 15, 2006

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| August | 21 | 9:00 | 5:00 | 8.0 | |
| | 22 | 9:00 | 5:00 | 8.0 | |
| | 23 | 9:00 | 5:00 | 8.0 | |
| | 24 | 9:00 | 5:00 | 8.0 | |
| | 25 | 10:00 | 6:00 | 8.0 | |
| Sat. | 26 | | | | |
| Sun. | 27 | | | | |
| | | | | | |
| August | 28 | | | | |
| | 29 | | | | |
| | 30 | | | | |
| | 31 | | | | |
| Sept. | 01 | | | | |
| Sat. | 02 | | | | |
| Sun. | 03 | | | | |
| TOTAL | | | | 40 | |

**Attention Staff:**
**Extended Day is CLOSED the week of August 28th. Please complete your timesheet by Friday, August 25th.**

| Breakdown | Hours |
|---|---|
| Regular | 40.00 |
| Personal Day | |
| Sick | |
| Other | |
| Total | 40.00 |

40
+32.75
72.75

_____
EMPLOYEE SIGNATURE

_____
SUPERVISOR SIGNATURE

TS00208

TATNALL-D-0207

# EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name: _Jourdean Lorah_ Division: _____ Pay Date: September 30, 2006

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Sept. | 11 | 12:00 | 5:00 | 5:00 | |
| | 12 | 12:00 | 10:00 | 10:00 | |
| | 13 | 12:00 | 5:00 | 5:00 | 28 |
| | 14 | 12:00 | 6:00 | 6:00 | |
| | 15 | 12:00 | 6:00 | 6:00 | |
| | | | | | |
| | 18 | 12:00 | 5:00 | 5:00 | |
| | 19 | 12:00 | 10:00 | 10:00 | |
| | 20 | 12:00 | 5:00 | 5:00 | 28 |
| | 21 | 12:00 | 6:00 | 6:00 | |
| | 22 | 12:00 | 6:00 | 10:00 | |
| TOTAL | | | | | |

**Attention Staff:**
**Please have your time sheet completed by the end of the work day
on Wednesday, Sept. 20th. Put your hours in for 9/21 and 9/22.**

| Breakdown | Hours |
|---|---|
| Regular | 56.00 |
| Personal Day | |
| Sick | |
| Other | |
| Total | |

_Jourdean Lorah_
**EMPLOYEE SIGNATURE**

_[signature]_
**SUPERVISOR SIGNATURE**

TS00209

TATNALL-D-0208

## EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name: _Jourdean Lorah_  Division: _____  Pay Date: <u>October 15, 2006</u>

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Sept. | 25 | 12:00 – | 5:00 | 5 | |
| | 26 | 12:00 – | 6:00 | 6 | |
| | 27 | 12:00 – | 5:00 | 5 | 28 |
| | 28 | 12:00 – | 6:00 | 6 | |
| | 29 | 12:00 | 6:00 | 6 | |
| | | | | | |
| October | 2 | 12:00 – | 5:00 | 5 | |
| | 3 | 10:00 * | 6:00 | 7.5 | 29 |
| | 4 | 12:00 | 5:00 | 5.0 | |
| | 5 | 12:00 | 6:00 | 6.0 | |
| | 6 | 11:30 | 5:00 | 5.5 | |
| TOTAL | | | | | |

**Attention Staff:**
**Please have your time sheet completed by the end of the work day
on Friday, October 6th.**

| Breakdown | Hours |
|---|---|
| Regular | |
| Personal Day | 1.5 |
| Sick | |
| Other | |
| Total | 51.00 |

MEETING 10/3/06

_Jourdean Lorah_
**EMPLOYEE SIGNATURE**

_[signature]_
**SUPERVISOR SIGNATURE**

TS00210

TATNALL-D-0209

# EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name ~~Lourdean~~ Lorah      Division _____      Pay Date <u>October 31, 2005</u>

| | DATE | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Oct. | 09 | 7:30 | 3:00 | 7.5 | |
| | 10 | 12:00 | 6:00 | 6.0 | |
| | 11 | 12:00 | 5:00 | 5.0 | |
| | 12 | 12:00 | 6:00 | 6.0 | |
| | 13 | 10:30 | 6:00 | 7.5 | |
| | | | | | |
| | 16 | 12:00 | 5:00 | 5.0 | |
| | 17 | 12:00 | 6:00 | 6.0 | |
| | 18 | 12:00 | 5:00 | 5.0 | |
| | 19 | 12:00 | 6:00 | 6.0 | |
| | 20 | 12:00 | 6:00 | 6.0 | |
| | | | | | |
| **TOTAL** | | | | | |

| Breakdown | Hours |
|---|---|
| Regular | 1.0 |
| Personal Day | |
| Sick | |
| Other | 30.5 |
| Total | 31.5 |

28.0
60.5

_____      _____
EMPLOYEE SIGNATURE        SUPERVISOR SIGNATURE

TS00211

TATNALL-D-0210

## *EXTENDED DAY EMPLOYEE TIME SHEET*
## *NON-EXEMPT ONLY*

Employee Name <u>Jourdean Lorah</u> Division _____ Pay Date <u>November 15, 2006</u>

| DATE | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|
| Oct. 23 | 12:00 - 5:00 | 5:00 | 5 | |
| 24 | 12:00 | 6:00 | 6 | |
| 25 | 12:00 | 5:00 | 5 | |
| 26 | 12:00 | 6:00 | 6 | |
| 27 | 12:00 | 6:00 | 6 | |
| | | | | |
| 30 | 7:30 | 3:30 | 8 | |
| 31 | 12:00 | 5:00 | 5 | |
| Nov. 1 | 12:00 | 5:00 | 5 | |
| 2 | 12:00 | 6:00 | 6 | |
| 3 | 12:00 | 6:00 | 6 | |
| | | | | |
| **TOTAL** | | | | |

**Note:**
**Timesheets are due in the office at the end of the workday on Friday, November 3, 2006.**

| Breakdown | Hours |
|---|---|
| Regular | 58 |
| Personal Day | |
| Sick | |
| Other | |
| **Total** | 58 |

_____     _____
**EMPLOYEE SIGNATURE**          **SUPERVISOR SIGNATURE**

TS00212

TATNALL-D-0211

# EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

**Employee Name:** Jourdean Lorah **Division:** _____ **Pay Date:** **November 30, 2006**

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Nov. | 06 | 12:00 | 5:20 | 5.30 | |
| | 07 | 10:00 | 6:00 (Meeting) | 8.00 | |
| | 08 | 12:00 | 5:00 | 5:00 | 36 |
| | 19 | ~~7:30~~ 8:00 | ~~8:30~~ 4:00 | 8:00 | |
| | 10 | ~~7:30~~ 8:30 | ~~3:30~~ 6:00 | ~~8:00~~ 9.5 | |
| | | | | | |
| | 13 | 12:00 | 5:00    5 | 5 | |
| | 14 | 12:00 | 6:00    6 | 6 | |
| | 15 | ✳ 11:30 | 5:00 — 4.5 | 6 | 23 |
| | 16 | 12:00 | 5:15 — 5.25 | 6 | |
| | 17 | Ø | Ø | Ø | 59 |
| **TOTAL** | | | | 20.15 | |

+ 1.5 — Fine Rate
22.5

Notice: Timesheets are due in the office at the end of the workday,  Friday, November 10th.

| Breakdown | Hours | |
|---|---|---|
| Regular | ~~34.50~~ (8/21) 36.00 | |
| Personal Day | | |
| Sick | | |
| Other | | |
| Total | ~~34.30~~ (8/21) 36.00 | |

_____
**EMPLOYEE SIGNATURE**

_____
**SUPERVISOR SIGNATURE**

TS00213

TATNALL-D-0212

## EXTENDED DAY EMPLOYEE TIME SHEET
## NON-EXEMPT ONLY

Employee Name _Lourdean Lorah_ Division _____    Pay Date **December 15, 2006**

| DATE | | TIME IN | TIME OUT | TOTAL HOURS | NOTES |
|---|---|---|---|---|---|
| Nov. | 20 | 12:00 | 5:00 | 5.0 | |
| | 21 | 12:00 | 6:00 | 6.0 | 17 |
| | 22 | 11:00 | 5:00 | 6.0 | |
| Thanksgiving | | | | | |
| Closed | | | | | |
| | | | | | |
| Nov. | 27 | 7:30 | 3:30 | 8.0 | |
| | 28 | 12:00 | 6:00 | 6.0 | |
| | 29 | 12:00 | 5:00 | 5.0 | 28.5 |
| | 30 | 12:00 | 6:00 | 6.0 | |
| Dec. | 01 | 2:30 | 6:00 | 3.5 | |
| **TOTAL** | | | | | |

**Note:**
**Timesheets are due in the office at the end of the workday on Friday, December 1, 2006.**

| Breakdown | Hours |
|---|---|
| Regular | |
| Personal Day | |
| Sick | |
| Other | |
| Total | 45.5 |

$$17$$
$$+ \ 28.5$$
$$45.5$$
$$+ \ 28.5$$
$$74$$

_____    _____
**EMPLOYEE SIGNATURE**    **SUPERVISOR SIGNATURE**

TS00214

TATNALL-D-0213